In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik
    c/o non-domestic
    659 Averill Avenue; near:
    Rochester, New York

**Plaintiff,**

v.

Donald R. Kunego, in his personal and individual capacity,
    46 Kaymar Drive
    Bergen, New York 14416

**Defendant:**

**Notice of Motion
Motion for
Expedited
Hearing**

**CASE NO:11 CV 6205 CJS**

---

**PLEASE TAKE NOTICE**, that upon the Affirmation of Daniel J. Wik, dated March 21, 2011, Plaintiff Daniel J. Wik will move this Court before a Justice of the court, for an Order for a Expedited Hearing for Preliminary Injunction and Restraining Order.

If the opposing party intends to file and serve reply papers, pursuant to Local Rule 7.1(c), the opposing party is therefore required to serve opposition papers at least eight business days prior to the return date.

March 21, 2011

                              In Fact,
                              Daniel J. Wik

                              _[signature]_

                              Plaintiff without representation,
                              in propria persona
                              c/o non-domestic
                              659 Averill Avenue
                              Rochester, New York 14607
                              (585)-957-5902

To:  Donald R. Kunego
     46 Kaymar Drive
     Bergen, New York 14416

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

# district court of the United States
# FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik
    c/o non-domestic
    659 Averill Avenue; near:
    Rochester, New York

                      **Plaintiff,**

v.

Donald R. Kunego, in his personal and individual capacity,
    46 Kaymar Drive
    Bergen, New York 14416

**Motion for Expedited Hearing**

**CASE NO: 11 CV 6205 CJS**

**Defendant:**

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affirmation in support of my Motion for Expedited Hearing for my Motion for a Preliminary Injunction/ Restraining Order. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. I, Daniel J. Wik, (hereinafter "Plaintiff") am the aggrieved party. I am not representing (re-presenting) myself, I am my self, and I bring this Complaint in, and by, my own proper self. I am a sui juris homo liber, a living, breathing man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, not a resident or citizen, or member of any corporate body politic including but not limited the STATE OF NEW YORK, who has not voluntarily knowingly, willingly, or intentionally waived any rights nor appears in any diminished capacity, i.e. voluntary servant, but only appears as a sovereign American National man, a New Yorker, not a corporation, trustee, legal entity, fictitious entity, or as an agent but as a holder of due

power bring forth this in Law Motion for a Expedited Hearing for a order for a Preliminary Injunction / Restraining Order enjoining Kunego from further trespassing and violating the rights of Plaintiff, and to further enjoin Kunego from exercising any alleged authority without affirmatively proving such authority and jurisdiction.

3. I have not waived ANY rights and will not unless if specifically waived in writing with full disclosure by way of my signature.

## Introduction

4. An expedited hearing is required in this instant matter since it involves constitutionally secured right which has a great propensity to result in irreparable harm including but not limited to Plaintiff's prejudicial conviction obtained by a rush to judgment in violation to the First Amendment, Sixth Amendment, and substantive due process resulting in Plaintiff restraint in liberty.

5. I have appeared before this court on other matters previously. I have disagreed with this court's decisions and orders however I have always respected this court and have not been disruptive. I have always attempted to follow the rules set forth by and for this court and have never made threats or attempted to interfere with the courts administration of justice.

6. Kunego however has blatantly shown disregard for this court's process by the intentional intimidation of the process server on official business. Plaintiff requires this court to enforce that it will not accept the actions that Kunego has done in attempting to obstruct process in this case. Kunego has stated words to the Plaintiff that he can do what he wants because he is the judge. The court needs to immediately take action to make Kunego aware that any of his alleged authority is not unlimited and not unlimited by the Constitution, and that Kunego may not violate and trespass on the rights of Plaintiff and others.

## Facts

7. Plaintiff filed a complaint against Donald R. Kunego (hereinafter Kunego) on or about April 18, 2011 for violation and trespass of rights.

8. Statements 9-32 are based on Plaintiffs information and belief based on the Affidavit of Freeman Burks (hereinafter Burks) dated on or about April 21, 2011. (See Exhibit A)
9. On or about April 19, 2011 at approximately 12:04 pm Burks attempted to serve Donald R. Kunego a Summons, Complaint, Notice of Motion for Preliminary Injunction/Restraining Order, and Affidavit in Support of Preliminary Injunction/Restraining Order at 46 Kamar Drive, Bergen, New York 14416.
10. On or about Wednesday April 20, 2011 at approximately 1:30 pm Burks arrived at the office window for the TOWN OF BERGEN TOWN COURT, 10 Hunter Street Bergen, New York 14416.
11. Wednesday office hours for the Bergen Town Court are posted as 1:00 p.m. - 5:00 p.m. where Mr. Donald R. Kunego is known to work.
12. Burks had a Summons, Complaint, Notice of Motion for Preliminary Injunction/Restraining Order, and Affidavit in Support of Preliminary Injunction/Restraining Order for Index # 11 CV 6205 Daniel J. Wik v Donald R. Kunego, which Burks placed into the "money" opening of the "banker's window."
13. Burks informed the woman at the "banker's window" that Burks had papers to serve Mr. Kunego.
14. After completing a phone call, and walking about the office for approximately 10 minutes, the person known to Burks as Mr. Kunego came to the window.
15. Kunego looked at the papers, which were clearly marked with United States District Court.
16. Burks told Kunego words to the effect that Burks was here to serve process on a federal matter.
17. Kunego then told Burks that Kunego was not accepting any papers from Mr. Wik or from Burks.
18. Kunego went on to say more loudly words to the effect that if Burks did not take the papers and leave Kunego's property immediately, Kunego was going to have Burks arrested.
19. Then more loudly Kunego said, "One. Do you understand?"

20. "Two. Do you understand?"
21. "Three. Deputy."
22. At that point a Deputy John Doe, in a Genesee County Sheriff Deputy uniform appeared, and Mr. Kunego told the deputy words to the effect that Burks was to be escorted with the papers from the building.
23. The Deputy, who was armed, came into the anteroom by the "banker's window" and informed Burks that Burks had to immediately leave the building with the papers. Now.
24. Burks believes that Burks liberty and safety and possibly life was at risk, as Kunego was visibly upset, and was able to enlist an armed Deputy John Doe to arrest Burks.
25. Burks believes that Kunego was at a most elevated emotional level, and was willing and able, based upon the armed Deputy John Doe's presence, to effect any sanctions, restraints, loss of liberty, and in Burks mind even bodily harm upon Burks if Burks were to be taken into custody.
26. Deputy John Doe maintained his presence as Burks left the building and to prevent the threatened arrest and loss of liberty, Burks took the papers which Kunego had looked at.
27. Burks believed that if Burks did not remove the papers, Kunego would have had Burk's liberty restrained, and that it was likely that Burks would have been bodily harmed.
28. The TOWN OF BERGEN TOWN COURT is a public facility, and was open during posted business hours at the time Burks was at the "banker's window", in the anteroom which is separate from the secured office space where Kunego was.
29. Burk's business was lawful, and was the service of process in a federal court matter.
30. At all times Burks demeanor was calm, and Burks did not threaten anyone nor have harsh words with anyone.
31. At no time did Kunego or Deputy John Doe inform Burks that Burks was violating any law in any manner, although the threat of arrest was clearly demonstrated by the armed Deputy John Doe, and that the Deputy John Doe was acting strictly under the direction of a visibly upset Kunego.

32. It was apparent that Kunego was utilizing an armed Deputy John Doe, and that the armed Deputy John Doe was under the direction of Kunego, assisting Kunego in an attempt to avoid federal process service.

## Points of Law

### Point 1

### Kunego has been served

33. Since Kunego has been personally served the summons, complaint, Notice of Motion for Preliminary Injunction / Restraining Order and Affidavit in Support of Motion for Preliminary Injunction / Restraining Order service of these documents have been completed. The documents were taken back by Burks because of the threat of restraint in Burk's liberty made by Kunego and the Genesee County Deputy Sheriff John Doe after service was perfected. The fact that Kunego threatened Burks with unlawful arrest if Burks did not take the documents that were served and leave the building did not invalidate the service of process that had already been completed.

### Point 2

### Unlawful abuse of alleged office

34. Kunego is unlawfully utilizing his alleged office for his personal benefit to obstruct judicial process of the district court of the United States. Even if Kunego is titled to posses the office of Bergen Town Court Justice, Kunego cannot use that office to obstruct service of civil process. Furthermore Kunego elevated this matter by utilizing an armed member of the executive branch of the government to effectively stop civil process against Kunego and to intimidate. This has the effect of denying Plaintiff access to the federal court for redress of grievance in violation of the First and Sixth Amendment to the Constitution of the United States of America.

### Point 3

### Denial of due process

35. Kunego has the intent of swiftly moving criminal prosecution against Plaintiff, to secure a conviction in a rush to judgment, taking measures to prevent Plaintiff's due process and deny access to public court records Plaintiff needs to defend alleged criminal charges.

Kunego has accelerated the rush to trial in an effort to nullify causes of action against Kunego, by virtue of the conviction of Plaintiff. In this instance, Kunego has a blatant conflict of interest and bias, and may be seeking to avoid service of process to create the illusion that Kunego has no conflict of interest in hearing the criminal matter.

## Conclusion

36. This court must not stand by and allow Kunego to blatantly make a mockery of the court system by allowing him to utilize the court for Kunego's personal agendas. It is unconscionable to permit Kunego to utilize a public office, whether he legitimately holds title to that office or not, to allow Kunego to operate in a manner which grossly violates the rights of others. The First and Sixth Amendment of the Constitution for the United States of America secures Plaintiffs right to a fair trial and access to public documents, which the TOWN OF BERGEN TOWN COURT has blatantly and systematically denied. Kunego has now enjoined the Genesee County Sheriff's Office in an effort to block lawful civil process in a move that is so unreasonable as to shock the public conscience.

## Ex parte

37. Plaintiff is not attempting to force an ex parte hearing and appreciates the courts reservations on any hearing, decisions, or orders that are not without notice and opportunity to participate to all parties involved to afford due process. However since the time frame in this instance is very small and Kunego has attempted to evade service of process by threat of arrest by an armed executive officer, Plaintiff requests the court to consider that the violation of the Plaintiff's unalienable rights, as well as his liberty at immediate risk.

38. Kunego's home phone number is believed to be 585 494 1624. Kunego's work phone is 585 494 1121.

## Relief

39. For the foregoing reasons I respectfully request an order from the court that:
40. Kunego has been properly served in this matter.

*Wik v. Kunego*                              *Page 6 of 8*                              *4/21/2011*
*Affidavit in support of Expedited Hearing*

Or in the alternative, an order that the United States Marshals immediately serve Donald R. Kunego.

41. And an immediate hearing to determine whether a preliminary injunction/restraining order should be issued, permitting this court to hear and rule on the alleged violations of Plaintiff's unalienable rights and substantiative due process rights, before the sham criminal proceeding moves any further, in a trial set for April 27, 2011 at 9am, in the TOWN OF BERGEN TOWN COURT.

Respectfully Presented on March 21, 2011         In Fact,

                                                 Daniel J. Wik

                                                 .......*[signature]*..........................
                                                 Plaintiff without representation,
                                                 in propria persona
                                                 c/o non-domestic
                                                 659 Averill Avenue
                                                 Rochester, New York 14607
                                                 (585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

I, Daniel Joseph Wik, Your Affiant, in my own proper natural self do solemnly affirming, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty–one years of age and is competent to testify.
2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Affidavit in support of Motion for Expedited Hearing
3. The contents of this Affidavit in support of Motion for Expedited Hearing
4. The contents of this Affidavit are true and correct to the best of Your Affiant's ability.

Respectfully Presented on March 21, 2011,     In Fact,
                                              Daniel J. Wik.

                                              *[signature]*

New York       )
               )   ss.:
Monroe County  )

                                              DIVANI LOPES LITTLE
                                              Notary Public - State of New York
                                              NO. 01LO6236356
                                              Qualified in Monroe County
                                              My Commission Expires 2/28/2015

On the _21_ day of _April_ in the year _2011_, before me, the undersigned, personally appeared _Daniel J. Wik._ personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Notary Public, State of New York/Commissioner of Deeds

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik
    c/o non-domestic
    659 Averill Avenue; near:
    Rochester, New York
                        **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　**Decision and Order**

Donald R. Kunego, in his personal and individual capacity,
    46 Kaymar Drive
    Bergen, New York 14416

                                         **CASE NO: 11 CV 6205 CJS**

**Defendant:**

A motion for Expedited Hearing for a Motion for a Preliminary Hearing/Restraining Order has been filed on March 21, 2011 by the plaintiff in the above-captioned case, it is hereby

    ORDERED, that any response papers submitted in connection with this motion be filed and served on or before _____; and it is further

    ORDERED, that since the moving party has stated, pursuant to Western District of New York Local Rules of Civil Procedure, Rule 7.1(c), in the notice that the moving party intends to file and serve reply papers, such papers must be filed and served on or before _____; and it is further

    ORDERED, that unless a different date is specified in this Order, the time for service and the content of papers must be in accordance with Local Rules of Civil Procedure, Rules 7.1 and 5.2 (papers not in compliance will not be considered); and it is further

    ORDERED, that oral arguments will be heard before the undersigned on_____; at _____; at 1360 United States Courtroom, 100 State Street, Rochester, New York; and it is further

*Page 1 of 2*

**ORDERED, THAT ONE COURTESY COPY OF EACH FILING BE PROVIDED TO THE COURT.**

Dated: March 21, 2011
    Rochester, New York

ENTER: _____

                         Charles J. Siragusa
                         District Judge of the United States

# Exhibit A

Exhibit A

# Affidavit of Freeman Burks

New York State        )
                      )    ss:
Monroe County         )

Freeman Burks, being duly sworn, deposes and says:

On or about April 19, 2011 at approximately 12:04 pm I attempted to serve Donald R. Kunego a Summons, Complaint, Notice of Motion for Preliminary Injunction/Restraining Order, and Affidavit in Support of Preliminary Injunction/Restraining Order at 46 Kamar Drive, Bergen, New York 14416.

On or about Wednesday April 20, 2011 at approximately 1:30 pm I arrived at the office window for the TOWN OF BERGEN TOWN COURT, 10 Hunter Street Bergen, New York 14416. Wednesday office hours for the Bergen Town Court are posted as 1:00 p.m. - 5:00 p.m. where Mr. Donald R. Kunego is known to work. I had a **Summons, Complaint, Notice of Motion for Preliminary Injunction/Restraining Order, and Affidavit in Support of Preliminary Injunction/Restraining Order for Index # 11 CV 6205 Daniel J. Wik v Donald R. Kunego**, which I placed into the "money" opening of the "banker's window."

I informed the woman at the "banker's window" that I had papers to serve Mr. Kunego. After completing a phone call, and walking about the office for approximately 10 minutes, the person known to me as Mr. Kunego came to the window. He looked down at the papers, which were clearly marked with United States District Court. I told him words to the effect that I was here to serve process on a federal matter. He then told me that he was not accepting any papers from Mr. Wik or from me. He went on to say more loudly words to the effect that if I did not take the papers and leave his building immediately, he was going to have me arrested. Then more loudly he said, "Do you understand that?" even more loudly, "I will have you arrested."

"One. Do you understand that?"

"Two. Do you understand that?"

"Three. DEPUTY!

At that point a Deputy John Doe, in a Genesee County Sheriff Deputy uniform appeared, and Mr. Kunego told the deputy words to the effect that I was to be escorted with the papers from the building. The Deputy, who was armed, came into the anteroom by the "banker's window" and informed me that I had to immediately leave the building with the papers. Now.

It was clear to me at this point that my liberty and my safety and possibly my life was at risk, as Mr. Kunego was visibly upset, and was able to enlist an armed Deputy John Doe to arrest me. I have served process to people in the past, including public officials, and it was clear that Mr. Kunego was at a most elevated emotional level, and was willing, and able, based upon the armed Deputy John Doe's presence, to effect any sanctions, restraints, loss of liberty, and in my mind even bodily harm upon me if I were to be taken into custody.

The Deputy John Doe maintained his presence as I left the building and to prevent the threatened arrest and loss of liberty, I took the papers which Mr. Kunego had looked at. I believed that if I did not remove the papers, I would have had my liberty restrained, and that it was likely that I would have been bodily harmed.

The TOWN OF BERGEN TOWN COURT is a public facility, and was open during posted business hours at the time I was at the "banker's window." My business was lawful, and was the service of process in a federal court matter. At all times my demeanor was calm, and I did not threaten anyone nor have harsh words with anyone. At no time did Mr. Kunego or Deputy John Doe inform me that I was violating any law in any manner, although the threat of arrest was clearly demonstrated by the armed Deputy John Doe, and that the Deputy John Doe was acting strictly under the direction of a visibly upset Mr. Kunego. It was apparent that Mr. Kunego was utilizing an armed Deputy John Doe, and that the armed Deputy John Doe was under the direction of Mr. Kunego, assisting Mr. Kunego in an attempt to avoid federal process service.

I certify that on April 20, 2011 I served Mr. Donald R. Kunego a Summons, Complaint, Notice of Motion for Preliminary Injunction/Restraining Order, and Affidavit in Support of Preliminary Injunction/Restraining Order, in the manner described above.

Sworn to before me this

    day of April , 2011.                                                 Freeman Burks

```
DIVANI LOPES LITTLE
Notary Public - State of New York
NO. 01LO6236356
Qualified in Monroe County
My Commission Expires 2/28/2011
```

New York State            )
                          )   ss:
Monroe County             )

      On the _21_ day of _April_ in the year _2011_, before me, the undersigned, personally appeared _Freeman Burks_ personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ Commission Expires:_____

Notary Public, State of New York/Commissioner of Deeds