

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel J. Wik<br>　c/o non-domestic<br>　659 Averill Avenue; near:<br>　Rochester, New York<br>　　　　　　　**Plaintiff,**<br>v.<br><br>Donald R. Kunego, in his personal and individual capacity,<br>　46 Kaymar Drive<br>　Bergen, New York 14416<br><br>　　　　　　　**Defendant:** | **Supplement to<br>Motion for<br>Preliminary Injunction/<br>Restraining Order**<br><br><br>**CASE NO: 11 CV 6205 CJS** |

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Supplement to Motion for Preliminary Injunction/ Restraining Order. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. The purpose of the Motion for Preliminary Injunction/ Restraining Order is to provide for delay so as to not prejudice Plaintiff with adverse findings which are likely due to constitutional violations of Plaintiff's rights which have occurred.

### Facts

3. See complaint (Affidavit in Support of Preliminary Injunction/ Restraining Order Exhibit A) as if incorporated as though fully stated herein.

4. See Affidavit in Support of Preliminary Injunction/ Restraining Order as if incorporated as though fully stated herein.

### Violation of Federal First Amendment

5. Plaintiff has a clear and established right to the access of public records including but not limited to records of the BERGEN TOWN COURT. The right of access to court proceedings and records is firmly grounded in the common law, and the existence of the correlating common-law right to inspect and copy judicial records is beyond dispute. Plaintiff has been denied access to public records which are essential to Plaintiffs defense by entities including but not limited to the BERGEN TOWN COURT, TOWN OF BERGEN, COUNTY OF GENESEE, NEW YORK STATE POLICE, EIGHTH JUDICIAL DISTRICT. Denial of access to some of these records and documents is being directly influenced by Kunego, while other may be indirectly being influenced by Kunego. Plaintiff's denial to the right to access these records and documents is in direct violation of Plaintiffs rights secured by the First Amendment and now applicable to the states by the Fourteenth Amendment to the Constitution.

### Point 5

### Violation of Federal Fourth Amendment

6. Plaintiff has a right to be secure in his person, papers and effects against unreasonable search and seizures and no warrant shall issue but on probable cause supported by oath or affirmation. These are rights secured by the Fourth Amendment. Kunego has unreasonably intercepted and seized Plaintiffs papers while Plaintiff was unlawfully restrained in his liberty. These papers had information that was of a private and confidential nature regarding the defense of the pending action in BERGEN TOWN COURT. Kunego not only seized Plaintiff's paper but upon information and belief gave copies of these papers to the Prosecutor thereby aiding the Prosecutor. Additionally Kunego without motion from the Prosecutor modified the charge. Kunego lacks a valid judicial reason for doing so, and created the appearance of gross bias on the part of Kunego by providing exceptional assistance to the prosecution. This resulted in the Plaintiff having to change the defense. As Kunego has failed to show that Kunego is entitled to office, Plaintiff believes Kunego is acting in his personal and individual capacity, and acting under color of law to effect some unknown purpose (vendetta, etc.).

These actions are in direct violation of Plaintiffs rights secured by the Fourth Amendment and now applicable to the state by the Fourteenth Amendment to the Constitution.

### Point 5
### Violation of Federal Fifth Amendment

7. Plaintiff's unalienable right to not be deprived of life liberty, or property without due process of law is secured by the Fifth Amendment. Even if Kunego is titled and entitled to perform the duties of office of Bergen Town Court Justice, there have been egregious violations of due process including incarceration without a misdemeanor complaint, timely probable cause hearings before a neutral magistrate. It has taken approximately seven (7) months and seven (7) days of incarceration on two charges to finally get an alleged probable cause hearing. Plaintiff has been unable from the onset of this process to obtain public records from BERGEN TOWN COURT and other public records sources. Kunego has set trial only approximately forty (40) days after the alleged probable cause hearing, without releasing public records, which creates a rush to trial whereby it is impossible to prepare for an effective defense. Plaintiff's contentions are that Kunego has the intent of swiftly moving criminal prosecution against Plaintiff, to secure a conviction in a rush to judgment which most probably result in a restraint in liberty, taking measures to prevent Plaintiff's due process in direct violation of Plaintiffs right secured by the Fifth Amendment and now applicable to the state by the Fourteenth Amendment to the Constitution.

### Point 6
### Violation of Federal Sixth Amendment

8. Kunego has not disclosed the nature and cause of the allegations after being questioned about it numerous times. Kunego has refused to disclosure or affirmative proof his alleged authority. [*Leitner v Koopman 09-MC-6033; Ryder v. United States, 115 S. Ct 2031, 132 L. Ed .2d 136,515 U.S. 177*]

9. Plaintiff has under threat, duress, and coercion requested subpoenas for witnesses to in his favor to defend the action, even though Plaintiff upon information believes Kunego is not

titled to posses the de jure office of Bergen Town Court Justice. If Kunego is properly entitled to hold the office, then Kunego has refused subpoenas in a manner that prevents Plaintiff from effective defense and presentation of the case.

10. Furthermore, a rush to judgment has been effected which denies Plaintiff any reasonable ability to prepare a defense, even if records requests, witnesses and discovery were possible. It is extremely unclear when Plaintiff was charged, arraigned and had probable causes on each charge, and Kunego has avoided directly addressing any of those questions. Finally, Plaintiff is left with no time to effectively challenge the entitlement of Kunego in an in law manner, so that it can be clear that the action is adjudicated by someone entitled to do so.

11. Kunego's actions are in direct violation of Plaintiffs right secured by the Sixth Amendment and now applicable to the state by the Fourteenth Amendment to the Constitution.

### Point 7
### Violation of Federal Fourteenth amendment

12. The Fourteenth Amendment has made the states subject to the limitations of the Constitution. Plaintiff has alleged and demonstrated violations of the First, Fourth, Fifth and Sixth Amendments in the Motion for Preliminary Injunction / Restraining Order and this Supplement. Kunego is subject to the United States Constitution, and has sworn an oath to support it, whether entitled to posses the office or as is believed without being entitled to the office. If not entitled to office, then Kunego is acting under color of law, seeking to lock away Plaintiff so that any effective challenge to Kunego's entitlement gets squelched by Plaintiff's loss of liberty and corresponding access to assets. Kunego is not operating within the limitation of the Constitution in direct violation of Plaintiff's rights secured by the Constitution and now applicable to the state by the Fourteenth Amendment to the Constitution.

### Conclusion

13. The relief that Plaintiff is requesting in the Motion for Preliminary Injunction/ Restraining Order in this instant matter is appropriate. The issuance of a Preliminary

Injunction/ Restraining Order does not harm or prejudice anyone. The relief requested assures that irreparable harm does not occur to Plaintiff including but not limited to prejudicial conviction.

14. Plaintiff has no other remedy than to request the intervention of relief from this court. This court has the authority to preemptively stop these violations. Plaintiff has been denied many constitutionally secured rights and continues to be denied these rights. It is improbable for Plaintiff to defend the action in BERGEN TOWN COURT based on the violations complained of. Plaintiff has the probability of having his liberty restrained due to these violations.

### Relief

15. Plaintiff is clarifying the relief that is requested in ¶ 23(B) and ¶23(C) of the Motion for Preliminary Injunction/Restraining Order and respectfully requests an order from the court for an:

A. Immediate injunction barring trial scheduled for April 27, 2011, until this court can review this matter, hear from both parties, and establish a path forward which affords Plaintiff adequate time and opportunity to raise challenges, obtain records, and effectively prepare case.

B. If it is ultimately found that Kunego is titled to the office and entitled to perform the duties, and that Kunego has not violated Plaintiff's constitutionally secured rights, delay will not harm the state in proceeding with a trial on the BERGEN TOWN COURT matter. However, if Kunego has violated Plaintiffs Constitutionally secured rights, and has harmed Plaintiff, then irreparable, prejudice and loss of liberty of Plaintiff is certain.

C. Any further relief that the court deems just and appropriate.

Respectfully Presented on March 22, 2011          In Fact,

                         Daniel J. Wik

............. *[signature]* .................
                      Plaintiff without representation,
                      in propria persona
                      c/o non-domestic
                      659 Averill Avenue;near:
                      Rochester, New York [14607]
                      (585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

I, Daniel Joseph Wik, Your Affiant, in my own proper natural self do solemnly affirming, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty–one years of age and is competent to testify.
2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Supplemental Affidavit.
3. The contents of this Supplemental Affidavit are true and correct to the best of Your Affiant's ability.

Respectfully Presented on March 22, 2011,      In Fact,
                                               Daniel J. Wik.

                                               ........../s/..........

New York         )
                 )  ss.:
Monroe County    )

On the 22nd day of April in the year 2011, before me, the undersigned, personally appeared Daniel J. Wik personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Christine Marriam_
Notary Public, State of New York/Commissioner of Deeds
Commission Expires: 01-11-2015

CHRISTINE MARRIAM
Notary Public, State of New York
Monroe County
Commission Expires 01-11-2015