## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                                               Plaintiff,

                                                                           DECISION & ORDER

                    -vs-

                                                                           11-CV-6205-CJS

DONALD R. KUNEGO,

                                               Defendant.

**Siragusa, J.** Plaintiff Daniel J. Wik ("Wik"), appearing *pro se*, has commenced this action by filing a complaint on April 18, 2011, against Town Court Justice Donald R. Kunego ("Kunego"), under 42 U.S.C. § 1983 and other federal statutes. Wik alleges that certain criminal charges are pending against him in the Bergen (New York) Town Court, that Kunego purports to be a Bergen Town Court justice, and that Kunego in fact is not qualified to act as a justice of the Bergen Town Court. Wik has filed a motion to expedite hearing (Docket No. 2), a motion for a preliminary injunction or restraining order (Docket No. 3) and a supplement to the motion for injunctive relief (Docket No.4). In his motion to expedite hearing, Wik seeks an Order that Kunego has been properly served in this matter, or, in the alternative, an order directing the United States Marshal to serve him as well as an immediate hearing to determine whether a preliminary injunction should issue. In his motion for a preliminary injunction, Wik seeks an Order:

> A. Enjoining Kunego from exercising any authority or jurisdiction without first affirmatively proving any authority Kunego is allegedly exercising.

> B. Enjoining Kunego from any further trespass and violation against Plaintiff's rights in violation of the Plaintiffs [sic] unalienable rights secured by the Constitution of the United States of America.

> C. Enjoining Kunego from holding any alleged trial regarding BERGEN TOWN COURT Case #10070055 until the matters complained of herein are resolved to insure Plaintiff due process.

(Docket No. 3 at 7.) In his supplement (Docket No. 4), Wik seeks the following relief, which

he states is a clarification of the relief sought in his original application (Docket No. 3):

> A. Immediate injunction barring trial scheduled for April 27, 2011, until this court can review this matter, hear from both parties, and establish a path forward which affords Plaintiff adequate time and opportunity to raise challenges, obtain records, and effectively prepare case.
>
> B. If it is ultimately found that Kunego is titled to the office and entitled to perform the duties, and that Kunego has not violated Plaintiff's constitutionally secured rights, delay will not harm the state in proceeding with a trial on the BERGEN TOWN COURT matter. However, if Kunego has violated Plaintiffs [sic] Constitutionally secured rights, and has harmed Plaintiff, then irreparable, prejudice and loss of liberty of Plaintiff is certain.
>
> C. Any further relief that the court deems just and appropriate.

(Docket No. 4 at 5.)

Wik's application for an Order declaring that service has been effectively made is

denied. Under the Federal Rules and on the basis of the record before it, the Court cannot

simply issue an order declaring that Kunego has been properly served. If Kunego later

seeks to defend against Wik's claims on the ground of improper service, the Court can

address the issue at that time.[1]

Turning to Wik's motion for an Order directing the United States Marshal to serve

the complaint, the Court notes that Federal Rule of Civil Procedure 4(c)(3) provides in

pertinent part as follows: "At the plaintiff's request, the court may order that service be

made by a United States marshal or deputy marshal or by a person specially appointed

---

[1]The Court notes that New York law does provide for means to effectuate service upon a party who attempts to refuse to accept service, *see, e.g., Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983), though the Court express no opinion at this time whether valid service has been effected in this case.

by the court."[2] In *Zarro v. Spitzer*, No. 1:06-CV-1166 (GLS/DRH), 2008 U.S. Dist. LEXIS

72453 (N.D.N.Y. Sep. 23, 2008), the district court wrote concerning the Court's discretion

in ordering service by a United States marshal:

> In guiding courts in the exercise of this discretion, the advisory committee
> notes to Rule 4 indicate that "[i]f a law enforcement presence appears to be
> necessary or advisable to keep the peace, the court should appoint a
> marshal or deputy or other official person to make the service." Fed. R. Civ.
> Pro. 4(c) advisory committee's notes to 1993 amendments. A court
> appointed process server may also be appropriate where the plaintiff is
> unable to resort to private options for the effectuation of service. *See, e.g.,*
> *Rose v. Abraham*, No. 1:08-CV-606, 2008 U.S. Dist. LEXIS 96805, 2008 WL
> 3540542, at *4 (E.D. Cal. Aug. 13, 2008). In the present instance, there is
> no evidence that an official process server is necessary to keep the peace,
> nor that Zarro is unable to effectuate service privately simply because of his
> incarceration. Accordingly, the court's appointment of a process server here
> is unnecessary and improper.

*Id.*, 2008 U.S. Dist. LEXIS 72453 at 7–8. Likewise, it does not appear that Wik has

attempted to use a professional process server, or that such would be impractical.

Accordingly, it is premature for the Court to order service by the United States Marshal and

that request is denied.

Wik's motion to enjoin the state court from proceeding with his criminal case is also

denied. Only in very rare circumstances will a federal court step in to interfere with ongoing

criminal proceedings in a state court. *See Younger v. Harris*, 401 U.S. 37 (1971); *Liberty*

*Mutual Insurance Company v. Hurlbut*, 585 F.3d 639, 646-47 (2d Cir. 2009). Here, Wik has

not shown that he has exhausted his state judicial remedies. Such a failure to exhaust

precludes Wik from obtaining the relief that he now seeks in federal court. *See, e.g., Beam*

---

[2]The Court notes that Wik has paid the filing fee and has not alleged he is a seaman, thus the remaining portion of Fed. R. Civ. P. 4(c)(3) is inapplicable.

*v. Tatum*, 299 Fed. Appx. 243, 246-47 (4th Cir. 2008); *Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000).

While there is an exception to *Younger* abstention where the Wik or petitioner can show bad faith, harassment, or "flagrant unconstitutionality," *see, e.g., American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198-99 (2d Cir. 2002), Wik has failed to meet that burden here. Accordingly, there is no basis to grant him the relief that he seeks. Therefore, it is hereby

ORDERED, that Wik's motion for an expedited hearing (Docket No. 2) is denied as is his application (Docket No. 3) for injunctive relief; and it is further

ORDERED, that the Clerk mail a copy of this Decision and Order addressed to: Hon. Donald Kunego, Town of Bergen Justice Court, P.O. Box 249, Bergen, New York 14416.

IT IS SO ORDERED.

Dated:   April 25, 2011
         Rochester, New York

                    ENTER:

                              *Charles Siragusa*
                              Charles J. Siragusa
                              United States District Judge