In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego,

**SUBPOENA TO
PRODUCE RECORDS/
TESTIFY**

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  Don M. Read
     Genesee County Clerk's Office
     15 Main Street
     Batavia, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

1. All documents and records related to or associated with the qualifications of TOWN OF BERGEN officers, BERGEN TOWN COURT Justices, Lawrence Friedman, Gary Maha, Robert Swapceinski, Donald Kunego, Robert C. Noon including but not limited to oath, bond, official undertaking, insurance, letter of qualification/authority, approval of undertaking/surety, and certificate of election/appointment for the years 2005 to present.
2. Copies of all documents and records related the notification of a vacancy of any TOWN OF BERGEN or BERGEN TOWN COURT office.
3. Copies of all town resolutions, laws, minute meeting, etc. authorizing the blanket bonding of TOWN OF BERGEN Officers including but not limited to TOWN OF BERGEN Justices.
4. Copies of all documents or records associated with the NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, NEW YORK STATE BUREAU OF MOTOR VEHICLES, or TOWN OF

*Wik v. Kunego*                    Page 1 of 4                    *9/6/2011*
*Read Subpoena*

BERGEN including but not limited to contracts, leases, compensation, credits, etc. that the COUNTY OF GENESEE is party to involving THE TOWN OF BERGEN.

5. Copies of all documents or records that show the GENESEE COUNTY CLERKS's association with the NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES or the NEW YORK STATE BUREAU OF MOTOR VEHICLES including but not limited to contracts, compensation, oaths, bonds, etc.

6. Copies of all documents or records that show that THE COUNTY OF GENESEE has contract, agreements, given any compensation to TOWN OF BERGEN COURT justices.

7. Copies of all documents or records associated with the operation of "traffic court" at TOWN OF BERGEN COURT.

8. Copies of all documents or records demonstrating who oversees and who the supervisor of the TOWN OF BERGEN "traffic court" is.

9. Copies of all documents or records demonstrating that "traffic court" is vested with judicial power or is a part of the judicial system of the state.

10. Copies of all documents or records authorizing the TOWN OF BERGEN COURT to conduct "traffic court".

11. Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is used for anything other than criminal and civil judicial proceeding.

12. Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is authorized to be used for anything other than criminal and civil judicial proceeding.

13. Copies of all documents or records that demonstrate the any part of Bergen, Genesee county, New York has been seceded to THE TOWN OF BERGEN, THE COUNTY OF GENESEE, THE STATE OF NEW YORK, or THE UNITED STATES.

14. Copies of all documents or records that demonstrate that the TOWN OF BERGEN COURT acts as an agent for THE COUNTY OF GENESEE with regard to "traffic court" matters.

15. Copies of all documents or records that demonstrate THE COUNTY OF GENESEE is a corporation.

16. Copies of all documents or records that that demonstrate THE COUNTY OF GENESEE doesn't trade in Federal Reserve Notes.

17. Copies of all documents or records that demonstrate contracts that Daniel Wik, Daniel J. Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK has with THE COUNTY OF GENESEE or its affiliates.

18. Copies of all documents or records that demonstrate Daniel Joseph Wik is anything other than a man.

19. Copies of all documents or records that demonstrate Daniel Joseph Wik has waived any rights.

20. Copies of all documents or records that demonstrate that any entity has the authority to regulate Plaintiffs use or abuse of Plaintiffs private property.

21. Copies of all documents or records that demonstrate who or what the principle is for THE COUNTY OF GENESEE.

22. Copies of all documents and records that demonstrate Plaintiff is a member of the body politic THE TOWN OF BERGEN, THE COUNTY OF GENESEE, THE STATE OF NEW YORK, THE UNITED STATES.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                    CLERK OF COURT

                                          ._____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego,

**SUBPOENA TO
PRODUCE RECORDS/
TESTIFY**

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To: NEW YORK STATE POLICE
    4525 West Saile Drive
    Batavia, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J. Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK including but not limited to recording, notes, forms, tickets, informations, accusatory instruments, etc.

All documents and records related to or associated with all officers, agents, and employees that were involved with any arrest, detainment, questioning, or restraint of Daniel Wik, Daniel J. Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                          CLERK OF COURT

                                   ._____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

**SUBPOENA TO**
**PRODUCE RECORDS/**
**TESTIFY**

v.

Donald R. Kunego,

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  James Pitz
     4525 West Saile Drive
     Batavia, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J. Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK including but not limited to recording, notes, forms, tickets, informations, etc.

All documents and records related to or associated with permission to be on, patrol, and conduct radar surveillance on the private property 21 Buffalo Road, Bergen, Genesee County, New York.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

*Wik v. Kunego*                    *Page 1 of 3*                    *9/6/2011*
*Pitz Subpoena*

Date:_____.                    CLERK OF COURT

_____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

**SUBPOENA TO**
**PRODUCE RECORDS/**
**TESTIFY**

v.

Donald R. Kunego,

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To: Ann Pfau
    25 Beaver Street
    New York, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to any emails, correspondence, recordings, messages, notes, copies, memorandum, TOWN OF BERGEN COURT records and/or documents, accusatory instruments, and habeas corpus's.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski, Donald Kunego, Robert C Noonan, Lawrence Friedman, Robert Balbick , Michael DelPlato including but not limited to any emails, correspondence, recordings, notes, etc.

*Wik v. Kunego*                           *Page 1 of 3*                           *9/6/2011*
*Pfau Subpoena*

All documents and records related to or associated with access to Town Court audio recordings including but not limited to policies, procedures, emails, responses, training documents, etc. Copies of all documents or records demonstrating who oversees and who the supervisor of the TOWN OF BERGEN "traffic court" is.

Copies of all documents or records demonstrating that "traffic court" is vested with judicial power or is a part of the judicial system of the state.

Copies of all documents or records authorizing the TOWN OF BERGEN COURT to conduct "traffic court".

Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is used for anything other than criminal and civil judicial proceeding.

Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is authorized to be used for anything other than criminal and civil judicial proceeding.

Copies of all documents or records that demonstrate that Donald Kunego acts in an official capacity for anything other than a criminal or civil capacity except for notarization of documents and marriages.

Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT "traffic court" is a judicial criminal or civil proceeding.


The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.


Date:_____.                    CLERK OF COURT


                                         ._____.


The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902


*Wik v. Kunego*                  *Page 2 of 3*                  *9/6/2011*
*Pfau Subpoena*

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **SUBPOENA TO** |
| v. | | **PRODUCE RECORDS/** |
| | | **TESTIFY** |
| Donald R. Kunego, | | |
| | | **CASE NO: 6:11-cv-06205 CJS** |

**Defendant:**

### SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  Robert C. Noonan
     1 West Main Street
     Batavia, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to any emails, correspondence, recordings, messages, notes, copies, memorandums, TOWN OF BERGEN COURT records and/or documents, accusatory instruments, and habeas corpus's.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski, Donald Kunego, Robert C Noonan, Lawrence Friedman, Robert Balbick  , Michael DelPlato including but not limited to any emails, correspondence, recordings, notes, memorandums, etc.

*Wik v. Kunego*                          *Page 1 of 3*                          *9/6/2011*
*Noonan Subpoena*

All documents and records related to or associated with Petition for a Habeas Corpus filed for the unlawful restraint within the state of Daniel Joseph Wik.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                         CLERK OF COURT

                                    _____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego,

**SUBPOENA TO
PRODUCE RECORDS/
TESTIFY**

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  Paul McDonnell
25 Beaver Street
New York, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to any emails, correspondence, recordings, messages, notes, copies, TOWN OF BERGEN COURT records and/or documents, accusatory instruments, and habeas corpus's.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski, Donald Kunego, Robert C Noonan, Lawrence Friedman, Robert Balbick  , Michael DelPlato including but not limited to any emails, correspondence, recordings, notes, memorandums, etc.

*Wik v. Kunego*                           *Page 1 of 3*                           *9/6/2011*
*McDonnell Subpoena*

All documents and records related to or associated with access to Town Court audio recordings including but not limited to policies, procedures, emails, responses, training documents, etc.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                              CLERK OF COURT

                                        _____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

AO 88  (Rev. 06/09)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.

(e) **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego,

**SUBPOENA TO
PRODUCE RECORDS/
TESTIFY**

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To: Douglas Marky
25 Delaware Avenue
Buffalo, New York 14202

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to any emails, correspondence, recordings, messages, notes, copies, TOWN OF BERGEN COURT records and/or documents, accusatory instruments, and habeas corpus's.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski, Donald Kunego, Robert C Noonan, Lawrence Friedman, Robert Balbick , Michael DelPlato including but not limited to any emails, correspondence, recordings, notes, memorandums, etc.

*Wik v. Kunego*                    Page 1 of 3                    *9/6/2011*
*Marky Subpoena*

All documents and records related to or associated with access to Town Court audio recordings including but not limited to policies, procedures, emails, responses, training documents, memorandums, etc.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                          CLERK OF COURT


                                         ._____.


The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

                    **Plaintiff,**               **SUBPOENA TO**

v.                                     **PRODUCE RECORDS/**
                                           **TESTIFY**

Donald R. Kunego,

                                      **CASE NO: 6:11-cv-06205 CJS**

                    **Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  Paula L. Feroleto
      25 Delaware Avenue
      Buffalo, New York 14202

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to any emails, correspondence, recordings, messages, notes, copies, TOWN OF BERGEN COURT records and/or documents, accusatory instruments, and habeas corpus's.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski, Donald Kunego, Robert C Noonan, Lawrence Friedman, Robert Balbick , Michael DelPlato including but not limited to any emails, correspondence, recordings, notes, memorandums, etc.

*Wik v. Kunego*                      *Page 1 of 3*               *9/6/2011*
*Feroleto Subpoena*

All documents and records related to or associated with access to Town Court audio recordings including but not limited to policies, procedures, emails, responses, training documents, etc. Copies of all documents or records demonstrating who oversees and who the supervisor of the TOWN OF BERGEN "traffic court" is.

Copies of all documents or records demonstrating that "traffic court" is vested with judicial power or is a part of the judicial system of the state.

Copies of all documents or records authorizing the TOWN OF BERGEN COURT to conduct "traffic court".

Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is used for anything other than criminal and civil judicial proceeding.

Copies of all documents or records that demonstrate the TOWN OF BERGEN COURT facility is authorized to be used for anything other than criminal and civil judicial proceeding.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____ .                                CLERK OF COURT

                                                     ._____ .

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

**SUBPOENA TO**
**PRODUCE RECORDS/**
**TESTIFY**

v.

Donald R. Kunego,

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To:  David Boyce as representative for
TOMPKINS INSURANCE AGENCIES INC.
90 Main Street
Batavia, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date
set forth below to produce records and give testimony in this civil action. When you arrive, you must
remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or
objects:

All documents and records related to or associated with bonding and insurance for THE TOWN OF
BERGEN, it's officers and agents, and TOWN OF BERGEN COURT Justices for the years 2005 to
present.

All documents and records related to or associated to all claims, incidents, and interaction involving
Plaintiff including but not limited to emails, mail, notes, meeting notes, recordings, memorandums, etc.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and
Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential
consequences of not doing so, are attached.

*Wik v. Kunego*                              Page 1 of 3                              *9/6/2011*
*Boyce Subpoena*

Date:_____.                    CLERK OF COURT

                                           _____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

                  **Plaintiff,**              **SUBPOENA TO**

v.                                     **PRODUCE RECORDS/**
                                              **TESTIFY**

Donald R. Kunego,

                                     **CASE NO: 6:11-cv-06205 CJS**

                      **Defendant:**

## SUBPOENA TO GIVE TESTIMONY/PRODUCE RECORDS

To: David Bookstaver
    25 Beaver Street
    New York, New York 14020

**YOU ARE COMMANDED** to appear at the time, date, and place and any recessed or adjourned date set forth below to produce records and give testimony in this civil action. When you arrive, you must remain at the court until all testimony is received and you are allowed to leave.

Place:
Date and Time:

You must also bring with you the following records, documents, electronically stored information, or objects:

All documents and records related to or associated with Daniel Wik, Daniel J.Wik, Daniel Joseph Wik, DANIEL WIK, DANIEL J. WIK, DANIEL J WIK, and DANIEL JOSEPH WIK, including but not limited to correspondence, recording, notes, memorandum, etc.

All documents and records related to or associated with accusatory instruments tendered for filing against Robert G. Swapceinski and Donald Kunego.

All documents and records related to or associated with access to Town Court audio recordings including but not limited to policies, procedures, emails, responses, training documents, etc. Copies of all documents or records demonstrating who oversees and who the supervisor of the TOWN OF BERGEN "traffic court" is.

*Wik v. Kunego*                *Page 1 of 3*                  *9/6/2011*
*Bookstaver Subpoena*

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:_____.                            CLERK OF COURT

                                    ._____.

The party requesting the subpoena is:
Daniel Joseph Wik, c/o 659 Averill Avenue, Rochester, New York [14607]
danielwik@aol.com
585-957-5902

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).