In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego,

**NOTICE OF
MOTION TO
COMPEL/SANCTION/
EXTENSION**

**CASE NO: 6:11-cv-06205 CJS**

**Defendant:**

---

**PLEASE TAKE NOTICE**, that upon the Affirmation of Daniel J. Wik, dated September 16, 2011, Plaintiff Daniel J. Wik will move this Court before Judge Charles J. Siragusa, for an Order to Compel defendant to provide Initial Disclosures pursuant to the Fed. R. Civ. P. Rule 26(a)(1) as Ordered by the court, for Sanctions against Defendant, and an extension of all discovery related deadlines ordered by Hon. Jonathan W. Feldman pursuant to the Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a) scheduling order (Document 9).

If the opposing party intends to file and serve reply papers, pursuant to Local Rule 7.1(c), the opposing party is therefore required to serve opposition papers at least eight business days prior to the return date.

September 16, 2011

Daniel J. Wik

*[signature]*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York 14607
(585)-957-5902

To:    Robert H. Flynn
       Lippman O'Connor
       300 Olympic Towers
       300 Pearl Street
       Buffalo, New York 14202

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

                       **Plaintiff,**                     **AFFIRMATION IN**

v.                                               **SUPPORT OF MOTION**
                                                 **TO COMPEL/SANCTION/**

Donald R. Kunego.                            **EXTENSION**

                                                 **CASE NO:6:11–cv-06205-CJS**

                         **Defendant:**

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affirmation in support of my Motion to Compel/Sanction/Extension due to Defendants failure to timely provide the Rule 26 (a) (1) Initial Disclosure as order by the Court. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined as a first person singular pronouns (like: I. me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the man, or his possessory interest.

3. On or about July 13, 2011 Daniel J. Wik and Robert H. Flynn participate in a conference pursuant to Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a) before Hon. Jonathan W. Feldman.

4. On or about July 13, 2011 Hon. Jonathan W. Feldman issued a scheduling order (Document 9). A copy of said Order is attached to and made a part of this Affidavit and Memorandum of Law in Support of Motion to Compel/Sanction/Extension, as if fully set forth herein, under Exhibit "A".

5. In said Order all mandatory disclosure requirements pursuant to Rule 26(a) (1) of the
   Federal rules of Civil Procedure were ordered to be completed on or before August 15,
   2011.

6. Defendant has failed to timely file and serves Daniel J. Wik its Rule 26(a) (1) initial
   disclosure.

7. Defendant's failure to serve Daniel J. Wik its Rule 26(a) (1) initial disclosure biases,
   prejudices, and denies due process to Daniel J. Wik and directly impairs his discovery
   process, and the judicial economy in disposition of this matter.

8. Daniel J. Wik does not have representation in this matter.

9. Daniel J. Wik cannot issue subpoenas in this case, but must wait for the Court Clerk to
   sign the subpoenas requested through the court by Daniel J. Wik.

10. Defendant has representation in this matter.

11. Defendant's attorney, Robert H. Flynn, can issue subpoenas without delay.

12. On or about September 6, 2011 Daniel J. Wik filed a Motion for Subpoenas/Enlargement
    of Depositions requesting the ten (10) completed subpoenas be issued by the Court Clerk
    and that the Motion for the Enlargement for more than ten (10) subpoenas be docket for
    hearing.

13. Ten (10) days have passed and Daniel J. Wik does not have the first ten (10) subpoenas
    signed by the Court Clerk so he may have the subpoenas served, and efficiently proceed
    with discovery.

14. The delay in the issuance of the subpoenas biases, prejudices, and denies Daniel J. Wik
    due process.

15. The delay in the issuance of the subpoenas creates two classes of litigants: those who are
    represented by attorneys, and those without representation.

16. Those with representation by attorneys can issue subpoenas without delay allowing the
    litigant to efficiently and economically maneuver the litigation process.

17. Those without representation cannot issue subpoenas and must wait for the delay and be
    at the pleasure of the court on when the subpoenas will be issued, thereby creating

scheduling issues for service of subpoenas, stenographers, facility usage, thereby creating a situation whereby the litigant is not in control to meet court ordered deadlines.

18. Daniel J. Wik is not an attorney but attempts out of respect for the Court to meet deadlines and obey the rules.

19. Defendant's attorney, Robert H. Flynn, is highly trained in law, is aware of Court ordered deadlines, has been certified by the BAR, is aware of this Courts rules, and has received the Court scheduling order, yet fails to obey the rules and meet the deadlines ordered by the Court.

20. Additionally Robert H. Flynn is given preferential treatment as an attorney by being allowed to file documents anytime before midnight to be considered timely filed whereas Daniel J. Wik must have his papers filed during court office hours to be considered timely.

21. Defendant's failure to obey the Courts orders biases and prejudices Daniel J. Wik.
Relief

22. Daniel J. Wik requests that the Court impose sanctions that are authorized pursuant to Fed. R. Civ. P. Rule 37(b)(2) and Local Rule 11 against Donald Kunego by issuing an order that the:

   a. matters embraced in the complaint be taken as established for the purpose of this action.

   b. Defendant be barred from supporting or opposing the designated claims or defenses or from introducing designated matters in evidence.

   c. Defendant be barred from presenting any evidence regarding that information at trial.

   d. Defendant reimbursing Daniel J. Wik for lost time including but not limited to having to file, serve, research, respond, and prosecuting this point.

   e. Defendant be compelled to provide the Rule 26(a) (1) initial disclosure.

   f. Court extend the time for all further discovery deadlines, including but not limited to the deadline to amend the complaint and add parties, to sixty (60) days after the

subpoenas are issued by the Court Clerk and the Defendant has provided Daniel J.
Wik the Rule 26 (a)(1) initial disclosure.

g. Court Clerk to issue the first ten (10) subpoenas.

h. Court enter a default judgment against Defendant.

i. And any other further relief the court finds just and proper.

Dated September 16, 2011
Rochester, New York
United States of America

Daniel J. Wik

Plaintiff without representation,
in propria persona
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York
(585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirming,

according to law that the contents herein are true, correct and complete, and I affirm and verify

that:

1. Your Affiant is over twenty–one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the

   facts as noted in said Affirmation in Support of Motion to

   Compel/Sanction/Extension.

3. The contents of this Affirmation in Support of Motion to Compel/Sanction/Extension

   are true and correct to the best of Your Affiant's ability.

Respectfully Presented on September 16, 2011

                                        Daniel J. Wik

Affirmed to before me this
16th day of September, 2011.

CHRISTINE MARRIAM
Notary Public, State of New York
Monroe County
Commission Expires 01 – 11 – 2015

*Wik v. CITY*                    *Page 5 of 5*                    *9/16/2011*

# Exhibit A

# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DANIEL J. WIK,

          Plaintiff(s),          SCHEDULING ORDER
         v.                       11-CV-6205CJS

DONALD R. KUNEGO, in his personal
and individual capacity,

          Defendant(s).

_____

    Pursuant to the order of the Hon. Charles J. Siragusa
referring the above case to the undersigned for pretrial procedures
and the entry of a scheduling order as provided in Fed. R. Civ. P.
Rule 16(b) and Local Rule 16.1(a), and a conference having been
held on **July 13, 2011** with counsel relative to the matter, it is
ORDERED that:

    1.    All mandatory disclosure requirements found in Rule
26(a)(1) of the Federal Rules of Civil Procedure, as well as any
objections to the mandatory disclosure requirements, shall be
completed on or before **August 15, 2011**.

    2.    All motions to join other parties and to amend the
pleadings shall be filed on or before **September 16, 2011**.   Any
third party action shall be commenced on or before **September 16,
2011**.

    3.    All factual discovery in this case, including
depositions, shall be completed on or before **February 28, 2012**.
All motions to compel discovery shall be filed at least thirty (30)
days prior to the factual discovery cutoff.

4.    Dispositive motions, if any, shall be filed no later than **April 13, 2012**.  Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Siragusa.  **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

5.    A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(j) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

(1)    Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2)    Motion Practice: Are any motions, dispositive or non-

2

dispositive, pending?    If so, briefly describe the motion.    Explain if additional motion practice is necessary before the matter is ready to be tried.

(3)  Settlement:   Describe   the   status   of   settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4)  Trial: State whether the case is ready for trial.    If not, explain why.  Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made prior to the cutoff date, showing good cause for the extension.  Application for extensions should be made to the Magistrate Judge.  Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

SO ORDERED.

> /s/ Jonathan W. Feldman
> JONATHAN W. FELDMAN
> United States Magistrate Judge

Dated: July 13, 2011
Rochester, New York

3

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.                                                                  **PROOF OF SERVICE**

Donald R. Kunego

**CASE NO:6:11–cv-06205-CJS**

**Defendant:**

## PROOF OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

**Notice of Motion**

**Affirmation in Support of Motion to Compel/ Sanction/Extension**

by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 16th of September 2011, with first class postage prepaid and properly addressed to each of the following:

> Lippman O'Connor
> 300 Olympic Towers
> 300 Pearl Street

*Wik v Kunego*                           *Page 1 of 2*                           *9/16/2011*

Buffalo, NY 14202

Att: Robert H. Flynn

Daniel J. Wik,

*[signature]*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York
(585)-957-5902