UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK,<br><br>Plaintiff,<br><br>-vs-<br><br>DONALD R. KUNEGO, in his personal and individual capacity,<br><br>Defendant. | **AFFIDAVIT IN OPPOSITION**<br><br>Index No.: 11 CV 6205 CJS |

ROBERT H. FLYNN, ESQ., affirms the following under penalty of perjury:

1. I am affiliated with the law firm known as LIPPMAN O'CONNOR, attorneys for the defendant DONALD KUNEGO.

2. This affirmation is submitted in opposition to the pro-se plaintiff's motion to compel/sanction/extension.

3. Plaintiff seeks an Order compelling the defendant to serve Rule 26(a)(1) initial disclosures.

4. Opposition is made on the grounds that the application is moot insofar as defendants have already served Rule 26 disclosures. Defendant's Rule 26 disclosures were served and filed almost contemporaneously with the instant motion.

5. Defendant's Rule 26 disclosures were served and electronically filed on September 19, 2011. A copy of the Court's email "Notice of Electronic Filing" is attached hereto as **Exhibit A**.

6. On September 22, 2011, 3 days after your deponent served and filed Rule 26 Disclosures, your deponent received an email "Notice of Electronic Filing" advising

that plaintiff had filed the motion to compel. A copy of said email is attached hereto as **Exhibit B**.

7. Your deponent acknowledges that service of our Rule 26 disclosures was belatedly made. Unfortunately, my calendar/diary system was inaccurate thereby resulting in a brief delay in providing the disclosures.

8. As the Court is aware, Ronald Kunego is a Town of Bergen Town Justice. The plaintiff in this action has commenced a separate, yet related action against Robert Swapcienski, another Town of Bergen Town Justice (Docket No. 11-CV-6220CJS.)

9. On July 13, 2011, a scheduling conference was conducted in this matter and this Court issued a Scheduling Order on that same date. The Scheduling Order directed the parties to exchange all mandatory disclosures on or before August 15, 2011.

10. Pursuant to the Scheduling Order issued by United States Magistrate Judge Marian W. Payson in the action against Judge Swapcienski, Rule 26 disclosures were to be served on or before September 30, 2011.

11. At the time your deponent served and filed the subject disclosures, I mistakenly believed that the disclosures were due on September 30, 2011. Prior to receiving plaintiff's motion to compel, I had no contact from the plaintiff regarding the outstanding disclosures. Plaintiff made no good faith attempt to contact me and resolve this matter short of judicial intervention.

12. Your deponent had no intentions of purposely thwarting the discovery process. The minimally belated Rule 26 disclosures have been served and they have not been returned, rejected or objected to by the plaintiff.

13. In an effort to avoid this type of confusion, I have asked plaintiff if he would consent

or stipulate to a consolidation of these matters. I have left voicemail messages and sent a letter regarding consolidation but I have had no response from plaintiff.

14. All certified mailings that I have sent to Mr. Wik get returned to my office via "Return to Sender – Unclaimed". As such, I am unable to verify whether he has received or considered my request to consolidate these matters. Therefore, I anticipate filing a motion to consolidate these matters.

15. The plaintiff's motion should be denied in its entirety. Plaintiff's proposed sanctions are both unwarranted and overly punitive. The plaintiff has suffered no prejudice as a result in the brief delay in receiving the subject disclosures.

16. Mr. Wik has complained that because he is appearing in this matter "pro se" that he is somehow prejudiced. Mr. Wik could resolve that perceived prejudice by retaining counsel and enjoying the same perceived privileges and rights as your deponent.

17. Mr. Wik has not demonstrated that the sought after subpoenas is an effort to secure relevant information. There has been no demonstration whatsoever that the issuance of the subpoenas will result in the discovery of any relevant information whatsoever.

18. Mr. Wik has not demonstrated that the sought after subpoenas is an effort to secure relevant information. There has been no demonstration whatsoever that the issuance of the subpoenas will result in the discovery of any relevant information whatsoever.

**WHEREFORE**, it is respectfully submitted that the plaintiff's motion to compel service of Rule 26 disclosures should be denied in its entirety.

Dated:   Buffalo, New York
         October 24, 2011

                        LIPPMAN O'CONNOR

                        By: /s/Robert H. Flynn, Esq.
                        Robert H. Flynn, Esq.
                        Attorney's for Defendant,
                        Donald R. Kunego in his personal and
                        Individual capacity
                        300 Olympic Towers
                        300 Pearl Street
                        Buffalo, New York  14202
                        (716)854-4705
                        robert.flynn@selective.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011 I electronically filed the foregoing Affirmation in Opposition with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following DM/ECF participants on this case and *via United States Mail:*

    *Plaintiff:*

        Daniel J. Wik
        *Pro Se Plaintiff*
        c/o non-domestic
        659 Averill Avenue
        Rochester, NY  14416


        /s/ Robert H. Flynn
         Robert H. Flynn