In the Court as set by Article 3 of the Constitution for the United States of America, which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Daniel J. Wik | | |
| | Plaintiff, | **AFFIRMATION IN SUPPORT OF** |
| v. | | **REPLY TO MOTION FOR** |
| | | **SUBPOENA/** |
| Donald R. Kunego, | | **ENLARGEMENT OF** |
| | | **DEPOSITIONS** |
| | | |
| | | CASE NO: 6:11-cv-06205 CJS |
| | **Defendant:** | |

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affirmation in support of my Reply to Motion for Subpoenas/Enlargement. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. I, Daniel J. Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am myself, I am **not pro se**, and I bring this Affidavit in, and by, my own proper self. I am a sui juris homo liber, a living, breathing human man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, aka federal government, not a resident, or member of the body politic, who has never voluntarily waived any rights nor appears in any diminished capacity, nor volunteered into servitude but only appears as a sovereign American National man, a New Yorker, not a corporation, re-presented, partner, trustee, surety, legal entity, any fictitious entity, or as an agent but as a holder of due power.

3. I reserve all rights and waive none unless expressly done so in writing with full knowledge and disclosure.

4. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined as a first person singular pronouns (like: I, me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the man, or his possessory interest.

5. Defendant's response is misplaced and off point in that it is attempting to utilize its Affirmation in Response to deflect the subject of Plaintiff's motion by obscuring it by off point attack against Plaintiff, and Plaintiff's actions in other cases without any stated first hand knowledge or evidence.

6. As a matter of right Plaintiff is entitled to ten (10) depositions without leave of the Court pursuant to FRCP Rule 30.

7. Plaintiff specifically objects to the reference by the Defendant counsel and any reference by the Court to the Defendant as Town of Bergen Justice.

8. Plaintiff has challenged the Defendant's qualifications, that the Defendant is not titled to posses the de jure office of Bergen Town Court Justice, and Defendant lacks entitlement to perform the official duties of the de jure office of Bergen Town Court Justice.

9. No determination on the merits has been made to determine if the Defendant is qualified, or if the Defendant is titled to posses the de jure office of Bergen Town Court Justice, or if Defendant is entitled to perform the official duties of the de jure office of Bergen Town Court Justice.

10. Plaintiff specifically objects to the reference by the Defendant to Plaintiff being pro se.

11. **Plaintiff is not pro se**; Plaintiff is without representation.

12. The request for subpoenas and the enlargement of the number of depositions is not frivolous and is necessary in order to prove the causes of action stated in the Complaint.

13. The court has not made a determination that any of Plaintiff's motions in any action were frivolous or without merits.

14. Plaintiff is not attempting to delay this action.

15. The issuance of the subpoenas and the enlargement of the number of depositions does not prejudice the Defendant.

16. Plaintiff desires to have this matter expeditiously resolved and in good faith is attempting to meet all scheduled deadlines and even had provisioned for depositions scheduled to be underway at this point in time, to meet those deadlines since Plaintiff has other commitments and obligations besides this case.
17. Defendant has the appearance of attempting to prolong this action by not timely filing the FRCP Rule 26 Initial disclosure.
18. Defendant has the appearance of attempting to prolong this action by refusing to timely respond to the Plaintiffs Request for Production.
19. Defendant has the appearance of attempting to prolong this action by refusing to respond to Plaintiffs request to depose Defendant.
20. Plaintiff has conducted discovery prior to the filing of the Motion for Subpoenas/Enlargement and that discovery caused Plaintiff to determine the need to file the request for an Subpoenas and Enlargement of the number of depositions, so Plaintiff could expeditiously complete all the discovery that would be necessary to prove this instant case.
21. Due to the discovery Plaintiff has already conducted Plaintiff has determined that it will be necessary to amend the Complaint.
22. Plaintiff is expeditiously working on completing discovery so Plaintiff may determine all the facts so Plaintiff may petition the court for leave to amend the complaint and add parties.
23. Based on the evidence Plaintiff has discovered through discovery already conducted Plaintiff believes many of the people that Plaintiff is subpoenaing will be added as Defendants in this action.
24. It is utterly absurd that Defendant has the audacity to request that the motion for "subpoenas/ enlargement of deposition" be denied in its entirety
25. What Defendant is effectively requesting is that Plaintiff be denied the right to conduct discovery through depositions.
26. The issuance of the subpoenas that Plaintiff is requesting is a ministerial act.

27. The delay in the issuance of the subpoenas upon receipt has created two separate classes of litigants: those that have representation by attorneys and those that lack such representation.
28. This creation of two classes of litigant creates bias, prejudice, and denies Plaintiff due process, and equal protection of the law.
29. Those litigants that have representation may issue subpoenas and conduct discovery at their leisure and in accordance to their schedule.
30. Those litigants that do not have representation, such as Plaintiff, rely on the court to issue the subpoenas, in accord with the court's pleasure, discretion and preference for expediency or lack thereof.
31. Furthermore, the court, in this instance, has made a discretionary determination to delay subpoena issuance permitting the opposition to respond to the request for subpoenas, when in fact the issuance of subpoenas is a ministerial act.
32. The denial and delay in the issuance of the subpoenas has the appearance of two separate classes of litigants which are afforded different rights and/or privileges.
33. Plaintiff objects to the delay in the issuance of the first ten (10) subpoenas since it creates bias and prejudice and denies Plaintiff due process, and equal protection of the law.
34. This delay makes clear two classes of litigants: those with representation and those without. These actions and the creation of two classes of litigant have the appearance of denying Plaintiff equal protection of the law.
35. The delay in the issuance of the first ten (10) subpoenas has the appearance that the Judge has a bias and prejudice against Plaintiff and is denying Plaintiff due process and equal protection of the law.
36. Mr. Flynn has misclassified Plaintiff as a "pro se Plaintiff".

### Conclusion

37. Defendant's points are misplaced and off point in its Affidavit in Response to the Motion for Subpoenas and Enlargement and Defendant is attempting to attack the character of Plaintiff.

38. Defendants have failed to show why more than ten (10) depositions would result in injustice to Defendants and why the request should be denied.
39. If Plaintiff's Motion for Subpoenas and Enlargement is denied it will result in a denial of Plaintiffs due process and equal protection of the law, create a bias and prejudice against Plaintiff, create an injustice to Plaintiff, and create two classes of litigants with different rights.
40. Plaintiff's Motion for Subpoenas and Enlargement should be granted to allow Plaintiff due process and the opportunity to obtain facts permitting clear proof of Plaintiff's case.

Respectfully Presented on October 26, 2011

Daniel J. Wik

*/s/ Daniel J. Wik*

Plaintiff without representation, in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York 14607
(585)-957-5902

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the foregoing is true and correct to the best of my knowledge and belief.

Daniel J. Wik

*[signature]*

Affirmed to before me this
26th day of October, 2011.

*[signature]*

CHRISTINE M. PRIAM
Notary Public, State of New York
Monroe County
Commission Expires 01-11-2015

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

**PROOF OF SERVICE**

Donald R. Kunego

**CASE NO:6:11–cv-06205-CJS**

**Defendant:**

## PROOF OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

### Affirmation in support of Reply to Motion for Subpoenas/Enlargement of Depositions

by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 26th of October 2011, with first class postage prepaid and properly addressed to each of the following:

        Lippman O'Connor
        300 Olympic Towers
        300 Pearl Street
        Buffalo, NY 14202
        Att: Robert H. Flynn

Daniel J. Wik,

*[signature: Daniel J Wik]*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York
(585)-957-5902