In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

                            Plaintiff,                    **AFFIRMATION IN**
v.                                                        **SUPPORT OF REPLY TO**
                                                          **MOTION TO COMPEL/**
Donald R. Kunego.                                         **SANCTION/EXTENSION**

                            Defendant:                    **CASE NO:6:11-cv-06205-CJS**

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affirmation in support of my Reply to Motion to Compel/Sanction/Extension due to Defendants failure to timely file and serve its Rule 26 (a) (1) Initial Disclosure as ordered by the Court. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. I, Daniel Joseph Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am myself, I am **not** pro se, and I bring this Affidavit in, and by, my own proper self. I am a sui juris homo liber, a living, breathing human man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, aka federal government. I am not a resident, voter, or member of the body politic, who has never voluntarily waived any rights nor appears in any diminished capacity, nor volunteered into servitude but only appears as a sovereign American National man, a New Yorker, not a corporation, re-presented, partner, trustee, surety, legal entity, any fictitious entity, or as an agent but as a holder of due power.

3. I reserve all rights and waive none unless expressly done so in writing with full knowledge and disclosure.

4. The terms "Plaintiff" and "Plaintiff's", when in specific relation to this action, are defined as a first person singular pronouns (like: I, me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the man, or his possessory interest.

5. Plaintiff specifically objects to the reference by the Defendant to Plaintiff as being pro se: said reference has many implications which bias and prejudice Plaintiff.

6. Plaintiff is not pro se; Plaintiff is without representation.

7. Defendant's failure to timely file and serve its Rule 26(a)(1) Initial Disclosure biases, prejudices, and denies due process to Plaintiff and directly impairs Plaintiffs discovery process, and the judicial economy in disposition of this matter. A copy of Affidavit is attached to and made a part of this Reply, as if fully set forth herein, under Exhibit "1".

8. Plaintiff disagrees with Defendants claim (Response Affidavit ¶4) that the application is moot since an order compelling the Defendant to file and serve Rule 26 (a)(1) Initial Disclosure was not the only relief requested in Plaintiffs moving papers.

9. Plaintiff is entitled to and demands all the relief requested since Defendant failed to comply with the court ordered deadline which has resulted in Plaintiff being biased, prejudiced, and damaged.

10. Defendant's claim that the Rules 26 Initial Disclosure was filed almost contemporaneously (Response Affidavit ¶4) with Plaintiffs moving papers is not the issue; the issue before this court is that the Rule 26 Initial Disclosure was not timely pursuant to an order of the court resulting in bias, prejudice, and damage to Plaintiff.

11. Pursuant to the Scheduling Order of this court dated on or about July 13, 2011 the Rule 26 Initial Disclosure was to be served and filed by August 18, 2011.

12. Plaintiff filed and served Defendant this Motion to Compel/Sanction/Extension on or about September 16, 2011, almost thirty (30) days after the deadline for the Rule 26 Initial Disclosure set in Scheduling Order.

13. Defendant filed the untimely Rule 26 Initial Disclosure on or about September 23, 2011 approximately seven (7) days after Plaintiff filed and served this instant Motion to Compel/ Sanctions/Extension which was approximately thirty six (36) days after the deadline for the Rule 26 Initial Disclosure set in the Scheduling Order.

14. Defendant through counsel admits that the Rule 26 Initial Disclosure was untimely (Response Affidavit Response Affidavit ¶7).
15. Defendant's attorney, Robert H. Flynn, is highly trained in law, is aware of court ordered deadlines, has been certified by the BAR, is aware of this court's rules, and has received the court scheduling order, yet fails to obey the rules and meet the deadlines ordered by the court.
16. Plaintiff cannot be held liable nor expected to accommodate for Defendants counsels inaccurate calendar/diary system (Response Affidavit ¶7).
17. Plaintiff specifically objects to the reference of the Defendant as a Town of Bergen Town Justice (Response Affidavit ¶8) as that is a material fact in dispute in this instant case.
18. Plaintiff has challenged the Defendant's qualifications, that the Defendant is not titled to posses the de jure office of Bergen Town Court Justice, and Defendant's entitlement to perform the official duties of the de jure office of Bergen Town Court Justice.
19. No determination on the merits has been made to determine if the Defendant is qualified, if the Defendant is titled to posses the de jure office of Bergen Town Court Justice, or if Defendant is entitled to perform the official duties if the de jure office of Bergen Town Court Justice.
20. Plaintiff specifically objects to the late filing of the Rule 26 Initial Disclosure and requests the court to strike it from the record for being untimely.
21. Plaintiff believes that if Plaintiff had filed and served Plaintiff's Rule 26 Initial Disclosure late and Defendant moved the similar relief as Plaintiff is requesting that Defendant would be granted all the relief requested.
22. Plaintiff requested the first ten (10) subpoenas be issued so Plaintiff could effectively, expeditiously, and with judicial economy conduct discovery to dispose of this matter in a timely matter.
23. The issuance of the subpoenas is ministerial acts, which should issue forthwith.
24. Plaintiff's discovery has been obstructed by the courts refusal to perform the ministerial act of having the subpoenas issued that Plaintiff has requested.

25. The refusal and delay in issuing the subpoenas has denied Plaintiff access to the court, biases and prejudices Plaintiff, denies Plaintiff due process and equal protection of the law, and harms Plaintiff since Plaintiff has previously made scheduling arrangements to include depositions in a timely matter.
26. This delay will, is, and continues to damage Plaintiff by causing Plaintiff excessive time, money, delays, and schedule conflicts.
27. Plaintiff objects to the court delaying the ministerial act of issuing the first ten (10) subpoenas that Plaintiff has requested.
28. Plaintiff objects to Defendants counsel assertion that if Plaintiff wants to enjoy the same perceived privileges and rights as counsel that Plaintiff should retain counsel.
29. Plaintiff should not have to retain counsel in order to have timely access to discovery in the same manner as Defendant is allowed, otherwise Plaintiff is being denied equal protection of the Law.
30. The issuance of the subpoenas that Plaintiff requested is a ministerial act.
31. The delay in the issuance of the subpoenas upon receipt has created two separate classes of litigants: those that have representation by attorneys and those that lack such representation.
32. The creation of two classes of litigant creates bias, prejudice, and denies Plaintiff due process, access to the courts, and equal protection of the law; Plaintiff objects to the two classes of litigants.
33. Those litigants that have representation may issue subpoenas and conduct discovery at their leisure and in accordance to their schedule.
34. Those litigants that do not have representation, such as Plaintiff, rely on the court to issue the subpoenas, in accord with the court's pleasure, discretion and preference for expediency or lack thereof.
35. The court, in this instance, has made a discretionary determination to delay subpoena issuance permitting the opposition to respond to the request for subpoenas, when in fact the issuance of subpoenas is a ministerial act.

36. The denial and delay in the issuance of the subpoenas has the appearance of two separate classes of litigants which are afforded different rights and/or privileges.
37. Plaintiff objects to the delay in the issuance of the first ten (10) subpoenas since it provides bias and prejudice and denies Plaintiff due process.
38. This delay in the issuance of subpoenas makes clear two classes of litigants: those with representation and those without.
39. These actions and the creation of two classes of litigant have the appearance to deny Plaintiff equal protection of the law.
40. Defendant's actions have the appearance of attempting to prolong this action by refusing to timely file and serve documents, obey court ordered deadlines, respond to the Plaintiff, and respond to Plaintiffs Request for Production of documents.
41. Defendant's actions have the appearance that Defendant is attempting to disrupt Plaintiffs discovery attempting to prolong this action by not timely filing the FRCP Rule 26 Initial Disclosure and refusing to provide documents timely when requested.
42. Plaintiff desires to have this matter expeditiously resolved and in good faith is attempting to meet all scheduled deadlines and even had depositions scheduled to be underway at this point in time to meet those deadlines since Plaintiff has other commitments and obligations besides this case.
43. Plaintiff believes that Plaintiff could have had depositions completed by now if Plaintiff had been issued the subpoenas that Plaintiff requested.
44. Defendants points raised in the Response Affidavit are misguided and off point. The Affidavit evades the main issue that the Rule 26 Initial Disclosure was not filed and served on time pursuant to the scheduling order of the court.
45. Defendant agrees with Plaintiff that it did not timely file and serve the Rule 26 Initial Disclosure resulting in bias, prejudice, and damaging Plaintiff in that Plaintiff has and will lose time and money by have to modify Plaintiffs schedule with other matters.
46. Plaintiff is entitled to and demand that the court to strike the self admitted late Rule 26 Initial Disclosure from the records and to issuing an order that the matters embraced in the complaint be taken as established for the purpose of this action, Defendant be barred

from supporting or opposing the designated claims or defenses or from introducing designated matters in evidence, Defendant be barred from presenting any evidence regarding that information at trial, Defendant reimbursing Daniel J. Wik for lost time including but not limited to having to file, serve, research, respond, and prosecuting this point, extending the time for all further discovery deadlines, Court Clerk to issue the first ten (10) subpoenas, Court enter a default judgment against Defendant, and any other further relief the court finds just and proper.

Dated November 8, 2011
Rochester, New York
United States of America

Daniel J. Wik

*[signature]*

Plaintiff without representation,
in propria persona
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York
(585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirming, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty–one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Affirmation in Support of Reply to Motion to Compel/Sanction/Extension.

3. The contents of this Affirmation in Support of Reply to Motion to Compel/Sanction/Extension are true and correct to the best of Your Affiant's ability.

Respectfully Presented on November 8, 2011

Daniel J. Wik

Affirmed to before me this
___8___ day of November, 2011.

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048548
MY COMM. EXP. SEPT. 25, 2014

# Exhibit 1

Exhibit 1

| | | |
|---|---|---|
| New York state | ) | |
| | ) | ss: |
| Monroe county | ) | |

Daniel J. Wik, affirms, deposes and says:

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.
2. I, Daniel Joseph Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am myself, I am **not** pro se, and I bring this Affidavit in, and by, my own proper self. I am a sui juris homo liber, a living, breathing human man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, aka federal government. I am not a resident, voter, or member of the body politic, who has never voluntarily waived any rights nor appears in any diminished capacity, nor volunteered into servitude but only appears as a sovereign American National man, a New Yorker, not a corporation, re-presented, partner, trustee, surety, legal entity, any fictitious entity, or as an agent but as a holder of due power.
3. I reserve all rights and waive none unless expressly done so in writing with full knowledge and disclosure.
4. Plaintiff is not pro se; Plaintiff is without representation.
5. Defendant's failure to timely file and serve its Rule 26(a) (1) Initial Disclosure biases, prejudices, and denies due process to Plaintiff and directly impairs Plaintiffs discovery process, and the judicial economy in disposition of this matter.
6. Defendant filed the untimely Rule 26 Initial Disclosure on or about September 23, 2011 approximately seven (7) days after Plaintiff filed and served this instant Motion to Compel/ Sanctions/Extension which was approximately thirty six (36) days after the deadline for the Rule 26 Initial Disclosure set in the Scheduling Order.

7. Defendant through counsel admits that the Rule 26 Initial Disclosure was untimely.
8. Plaintiff specifically objects to the reference of the Defendant as a Town of Bergen Town Justice as that is a material fact in dispute in this instant case.
9. Plaintiff has challenged the Defendant's qualifications, that the Defendant is not titled to posses the de jure office of Bergen Town Court Justice, and Defendant's entitlement to perform the official duties of the de jure office of Bergen Town Court Justice.
10. No determination on the merits has been made to determine if the Defendant is qualified, if the Defendant is titled to posses the de jure office of Bergen Town Court Justice, or if Defendant is entitled to perform the official duties if the de jure office of Bergen Town Court Justice.
11. Plaintiff specifically objects to the late filing of the Rule 26 Initial Disclosure and requests the court to strike it from the record for being untimely.
12. Plaintiff's discovery has been obstructed by the courts refusal to perform the ministerial act of having the subpoenas issued that Plaintiff has requested.
13. The refusal and delay in issuing the subpoenas has denied Plaintiff access to the court, biases and prejudices Plaintiff, denies Plaintiff due process and equal protection of the law, and harms Plaintiff since Plaintiff has previously made scheduling arrangements to include depositions in a timely matter.
14. This delay will, is, and continues to damage Plaintiff by causing Plaintiff excessive time, money, delays, and schedule conflicts.
15. Plaintiff should not have to retain counsel in order to have timely access to discovery in the same manner as Defendant is allowed, otherwise Plaintiff is being denied equal protection of the Law.
16. The delay in the issuance of the subpoenas upon receipt has created two separate classes of litigants: those that have representation by attorneys and those that lack such representation.
17. The creation of two classes of litigant creates bias, prejudice, and denies Plaintiff due process, access to the courts, and equal protection of the law; Plaintiff objects to the two classes of litigants.

18. Those litigants that have representation may issue subpoenas and conduct discovery at their leisure and in accordance to their schedule.

19. Those litigants that do not have representation, such as Plaintiff, rely on the court to issue the subpoenas, in accord with the court's pleasure, discretion and preference for expediency or lack thereof.

20. The denial and delay in the issuance of the subpoenas has the appearance of two separate classes of litigants which are afforded different rights and/or privileges.

21. Plaintiff objects to the delay in the issuance of the first ten (10) subpoenas since it provides bias and prejudice and denies Plaintiff due process.

22. This delay in the issuance of subpoenas makes clear two classes of litigants: those with representation and those without.

23. These actions and the creation of two classes of litigant have the appearance to deny Plaintiff equal protection of the law.

24. Plaintiff desires to have this matter expeditiously resolved and in good faith is attempting to meet all scheduled deadlines and even had depositions scheduled to be underway at this point in time to meet those deadlines since Plaintiff has other commitments and obligations besides this case.

25. Plaintiff believes that Plaintiff could have had depositions completed by now if Plaintiff had been issued the subpoenas that Plaintiff requested.

Daniel J. Wik

*/s/ Daniel J. Wik*

Affirmed to before me this

8 day of November, 2011.

*/s/ Janice L. Vanhouter*

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048548
MY COMM. EXP. SEPT. 25, 2014

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

**PROOF OF SERVICE**

Donald R. Kunego

**CASE NO:6:11-cv-06205-CJS**

**Defendant:**

## PROOF OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

**Affirmation in Support of Reply to Motion to Compel/ Sanction/Extension**

by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 8th of November 2011, with first class postage prepaid and properly addressed to each of the following:

>Lippman O'Connor
>300 Olympic Towers
>300 Pearl Street
>Buffalo, NY 14202

Att: Robert H. Flynn

            Daniel J. Wik,

            *[signature]*

            Plaintiff without representation
            in propria persona
            c/o non-domestic
            659 Averill Avenue
            Rochester, New York
            (585)-957-5902