### *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| DANIEL J. WIK,<br><br>      Plaintiff,<br><br>-vs-<br><br>DONALD R. KUNEGO, in his personal and individual capacity,<br><br>      Defendant. | **NOTICE OF MOTION**<br><br>Index No.: 11 CV 6205 CJS |
|---|---|

## NOTICE OF MOTION FOR SUMMARY JUDGMENT SEEKING DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendant, DONALD R. KUNEGO, by and through his attorneys, Lippman O'Connor, Robert H. Flynn, Esq., of counsel, hereby moves this Court for summary judgment and a dismissal of plaintiff's Complaint in its entirety, which Motion is to be heard at the U.S. Courthouse, 100 State Street, Rochester, New York 14614, at a time to be established by the Court for the reasons set forth in the Affirmation of Robert H. Flynn, Memorandum of Law and the Affidavit of Michele M. Smith, Bergen Town Clerk and Tax Collector, submitted in support of the instant Motion.

Dated: Buffalo, New York
    April 13, 2012

                 LIPPMAN O'CONNOR

                 By: /s/ Robert H. Flynn, Esq.
                 Robert H. Flynn, Esq.
                 *Attorneys for Defendants*
                 *Donald R. Kunego, in his personal*
                 *and individual capacity*
                 300 Olympic Towers
                 300 Pearl Street
                 Buffalo, NY
                 (716) 854-4705
                 Robert H. Flynn@Selective.com

TO:
    Daniel J. Wik
    *Pro Se Plaintiff*
    c/o non-domestic
    659 Averill Avenue
    Rochester, NY  14416

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| DANIEL J. WIK, | AFFIRMATION OF COUNSEL |
|---|---|
| Plaintiff, | Index No.: 11 CV 6205 CJS |
| -vs- | |
| DONALD R. KUNEGO, in his personal and individual capacity, | |
| Defendant. | |

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ERIE      )

Robert H. Flynn, Esq., being duly sworn deposes and says:

1. I am an attorney duly licensed to practice in the State of New York, including the Western District of New York, and am affiliated with the law firm of Lippman O'Connor, attorneys for defendant, Hon. Donald R. Kunego, in the above-entitled action. As such, I am fully familiar with the facts and circumstances of this matter set forth herein.

2. This Affirmation is submitted in support of the motion filed on behalf of defendant, Hon. Donald R. Kunego, seeking summary judgment and the dismissal of Plaintiff's Complaint in its entirety on the ground that the stated claims are either not actionable or are barred by the doctrine of Absolute Judicial Immunity.

## THE PARTIES

3. Plaintiff is an individual residing at 659 Averill Avenue, "near" Rochester, New York. Plaintiff alleges that he lives "in the New York Republic, and has done so for several years". (See Plaintiff's Complaint at **Exhibit A** at p. 1 and paragraph "15".)

4. The defendant, Hon. Donald R. Kunego, is a duly elected Town Justice in the Town of Bergen, Bergen, New York. An Answer was filed on behalf of Judge Kunego and a copy of same is attached hereto as **Exhibit B**.

5. By way of background, the plaintiff filed a similar if not identical Complaint against another sitting judge in the Town of Bergen. Specifically, the plaintiff commenced a Federal Court action (11-CV-6220-CJS) against the Hon. Robert G. Swapcienski in the Western District of New York. A copy of the Complaint against Judge Swapcienski is attached hereto as **Exhibit C**.

6. Clearly Judge Swapcienski is not a party to this action and it is unknown why the pro-se plaintiff chose to commence separate actions against the Bergen Town Justices insofar as the underlying facts are essentially the same, or at the very least the cases are factually intertwined. Recently, the case against Judge Swapcienski was dismissed via summary judgment by way of (United States District Court) Judge Siragusa's March 1, 2012 Decision and Order, a copy of which is attached hereto as **Exhibit D**. Judge Siragusa held that the alleged actions of Judge Swapcienski were protected by the doctrine of Absolute Judicial Immunity and Mr. Wik's Complaint was summarily dismissed. The instant motion also calls for the dismissal of plaintiff's Complaint pursuant to the doctrine of Absolute Judicial Immunity.

## PLAINTIFF'S COMPLAINT

7. The rambling Complaint herein purports to set forth thirteen causes of action (mostly duplicitous) which plaintiff styles as: (1) violation of the Fourth and Fourteenth Amendments (warrantless seizure of his papers); (2) violation of the Fourth and Fourteenth Amendments (being unlawfully restrained in his liberty on July 27, 2010); (3) violation of the Fourth and Fourteenth Amendments (being unlawfully restrained in his liberty on November 16,

2010); (4) violation of Sixth and Fourteenth Amendments (denial of speedy trial); (5) violation of Sixth and Fourteenth Amendments (not being informed of nature and cause of underlying criminal matter); (6) violation of Sixth and Fourteenth Amendments (unlawfully denied right to have compulsory process for obtaining witnesses); (7) violation of Fifth, Ninth, Tenth and Fourteenth Amendments (denied his right to liberty and the pursuit of happiness); (8) violation of the Fifth, Ninth, Tenth and Fourteenth amendments (unlawfully denied due process to know the constitutional validity of the appointment of Kunego); (9) violation of the Fifth and Fourteenth amendments (unreasonable search and seizure); (10) violation of the first and Fourth Fifth and Tenth and Fourteenth amendments (unlawfully deprived of liberty and property without due process); (11) violation of the Tenth and Thirteenth amendments (being unlawfully placed in slavery or involuntary servitude); (12) violation of the First, Tenth and Fourteenth amendments (denial of equal protection); (13) violation of the Ninth, Tenth and Fourteenth amendments (unlawfully deprived of unalienable rights retained by the people which are not enumerated in the Constitution of United States of America). (See Complaint at Exhibit A at p. "12-14".)

       8.     As will be shown, each of the plaintiff's purported causes of action arise out of a motor vehicle stop in the Town of Bergen which resulted in criminal and vehicle and traffic charges being placed against him. The plaintiff makes a number of nonsensical claims in his Complaint which, quite frankly, makes it difficult if not impossible to summarize for the Court. For example, the plaintiff alleges that he had inherent "unalienable" rights endowed by God. He also states that he has "not consented to be governed by THE UNITED STATES, THE STATE OF NEW YORK, THE COUNTY OF GENESEE or THE TOWN OF BERGEN. (See Complaint at Exhibit A at p. 5, paragraph "23-24 and 32".)

9. It is ironic, to say the least, that the pro-se plaintiff claims that he has not consented to be governed by anyone yet he would now like the opportunity to avail himself to the protections of the Constitution.

10. The plaintiff also alleges that Judge Kunego made certain false representations that he was a judge; that Judge Kunego is not a judicial officer and was not titled to possess the office or perform the duties of Bergen Town Court Justice; that Judge Kunego lacks a bond or undertaking; that the Town of Bergen has never authorized the use of a "blanket bond"; and that the Bergen Town Court is not a Court of record. (See Complaint at Exhibit A p. "5-7".)

11. The plaintiff has challenged the standing of both Judge Swapcienski and Judge Kunego to serve and act as Bergen Town Court Justices. Similarly, in his case against Judge Swapcienski the pro-se plaintiff filed a motion challenging the Constitutional Standing of United States District Court Judge, the Honorable Charles J. Siragusa. By way of Decision and Order dated February 16, 2012, District Court Judge Charles J. Siragusa rebuked and admonished the plaintiff for engaging in frivolous and vexatious conduct. (A copy of the Decision and Order is attached hereto as **Exhibit E**.)

12. By way of further summary, the pro-se plaintiff's Complaint alleges a number of errors and omissions on the part of Judge Kunego after the plaintiff was charged in the Town of Bergen with various vehicle and traffic offenses including Aggravated Unlicensed Operation of a Motor Vehicle (N.Y. Vehicle and Traffic Law §511-1), a misdemeanor. As an example of plaintiff's claims, the pro-se plaintiff alleges that he was not given a timely probable cause hearing. (See Complaint at Exhibit A at p. 10.)

13. At some point after his initial arrest, the plaintiff alleges that he (personally) filed criminal charges (accusatory instruments) against Judge Kunego. The pro-se plaintiff took it

upon himself to "file" criminal charges against Judge Kunego by delivering documents to the Bergen Town Court Clerk. See Complaint at Exhibit A at p. 10.) Plaintiff also alleges that subsequent to filing his own Accusatory Instruments the pro-se plaintiff requested copies of same and his request was denied.

## ARGUEMENT

14. It is respectfully submitted that the Complaint is subject to dismissal based upon the doctrine of Absolute Judicial Immunity. All of the actions allegedly performed by Judge Kunego, as stated in the Complaint, were undertaken during the prosecution of the pro-se plaintiff's vehicle and traffic charges.

15. The subject criminal court case involving the plaintiff arose after the plaintiff was stopped by a New York State Trooper while operating a motor vehicle on July 27, 2010. In addition to the misdemeanor level offense referenced above, the plaintiff was also issued citations for speeding, an uninspected motor vehicle and failure to notify the Department of Motor Vehicles of an address change. Copies of the traffic citations and misdemeanor charge are attached hereto as **Exhibit F**. It is interesting to note that the plaintiff never acknowledges or makes reference in his Complaint to the fact that he was stopped for speeding in the Town of Bergen and that it was the speeding ticket coupled with the lack of a New York State driver's license that brought him to Bergen Town Court in the first place.

16. The criminal court case against Mr. Wik was presided over by Justice Donald R. Kunego. The plaintiff eventually was convicted (by plea) of the misdemeanor level offense on April 27, 2011. A copy of the Certificate of Conviction is attached hereto as **Exhibit G**.

17. Upon information and belief, the plaintiff was charged with Aggravated Unlicensed Operation because his license to drive in the State of New York had been suspended

and/or revoked, or in the alternative, he never had a driver's license. The plaintiff has given testimony in the form of a 50-h Hearing conducted on January 19, 2011. He was evasive and calculating during the examination. Excerpts of plaintiff's 50-h Hearing transcript are attached hereto as **Exhibit H**. At the time of plaintiff's 50-h Hearing pursuant to the General Municipal Law, plaintiff was asked the following questions and he provided the following answers:

> Q. Do you still live at 659 Averill Avenue?
> A. Since there's pending litigation, I'm going to choose not to be compelled to be a witness against myself by answering that. I will receive all correspondence there.
> Q. Where do you reside?
> A. Please define the word "reside"
> Q. Where do you live?
> A. Please define the word "live".
> Q. Where do you go to bed at night?
> A. Various locations.
> Q. Such as?
> A. Erie County, Monroe County, Genesee County.
>
> (See **Exhibit H** at p. 4-5.)
>
> Q. Do you file New York State or Federal tax returns?
> A. I choose not to answer that question, and the fact – I choose not to testify against myself.
> Q. Did you file tax returns for the calendar year 2009?
> A. I choose not to give testimony against myself.
> Q. Did you file tax returns in 2008?
> A. I choose not to testify against myself.
> Q. I see. Do you have a valid New York State driver's license?
> A. I don't believe so.
> Q. Have you ever applied for one from the New York State Department of Motor Vehicles?
> A. I don't believe so.
>
> (See **Exhibit H**. at p. 17-18.)

18. Pursuant to plaintiff's driving record, he has a history of receiving tickets and failing to appear to address the charges. As of July 29, 2010, the plaintiff's driving privileges were suspended and/or revoked due to multiple suspensions/SCOFFS. Attached hereto as **Exhibit I** is plaintiff's Driver History Report obtained by the Bergen Town Court on July 29,

2010, 2 days after his arrest in Bergen, New York on July 27, 2010. Pursuant to the information contained in **Exhibit I** plaintiff had three suspensions as of July 27, 2010. The first one listed on the report ("FAILURE TO PAY FINE") was dated July 22, 2009. The second one ("FLD ANSWER SUMMONS") was dated February 23, 2009 and the third ("FLD ANSWER SUMMONS") was dated December 3, 2008

19. Plaintiff's Complaint details a time line of events which form the basis of his allegations against Judge Kunego. The time line begins on July 27, 2010 when the plaintiff is stopped for speeding and Aggravated Unlicensed Operation of a motor vehicle. At that time he is brought directly to Bergen Town Court by New York State Trooper Pitz. His criminal court case concludes on April 27, 2012. All of the allegations in plaintiff's Complaint occurred between these two dates while his criminal court case is pending.

20. It is respectfully submitted to the Court that even if all of the allegations in the Complaint were true with respect to the conduct and actions of Judge Kunego, those actions are strictly protected under the doctrine of Judicial Immunity.

## ABSOLUTE JUDICIAL IMMUNITY

21. The plaintiff's Complaint must be dismissed in its entirety against defendant Hon. Donald R. Kunego on the ground that Plaintiff's causes of action are barred by the doctrine of Absolute Judicial Immunity.

22. Each and every allegation in the Complaint as to Judge Kunego is confined to actions allegedly taken by Judge Kunego pursuant to his official judicial responsibilities.

23. As indicated, the plaintiff was stopped for speeding in the Town of Bergen and subsequently issued a number of traffic citations by a New York State Trooper. The plaintiff

vehemently resisted prosecution of those charges and has gone so far as to make a Federal case out of it.

24. Regardless, it is clear from a reading of the Complaint that all of the actions that the plaintiff alleges were committed by Judge Kunego occurred while Judge Kunego was presiding over the plaintiff's local criminal court case. Specifically, at paragraph 162(A) – 162(N) of plaintiff's Complaint the plaintiff alleges the following conduct on the part of Judge Kunego:

- Plaintiffs' papers were seized without a warrant, without due process;
- Plaintiff was unlawfully restrained in his liberty without a warrant without due process on or about July 27, 2010;
- plaintiff was unlawfully restrained in his liberty without a warrant and without due process on or about November 16, 2010 plaintiff has been denied the right to a speedy trial in direct violation of the Fifth Amendment;
- Plaintiff has been denied the right to a speedy trial;
- Plaintiff has been denied the right to be informed of the nature and cause of the accusation;
- Plaintiff was denied the right to have compulsory process for obtaining witnesses in his favor;
- Plaintiff has been denied the right in liberty and the pursuit of happiness
- Plaintiff has been denied due process to know the constitutional validity of the appointment of Kunego was allegedly adjudicating the case;
- Plaintiff has been denied the right to be secure in his person papers against unreasonable search and seizures;
- Plaintiff has been deprived of liberty and property without due process;
- Plaintiff has been placed in slavery or involuntary servitude without being duly convicted of a crime;
- Plaintiff has been denied equal protection of the law;
- Plaintiff has been deprived of unalienable rights retained by the people which are not enumerated in the Constitution of United States of America;
- Plaintiff has been denied due process by not having to writs of habeas corpus heard and decided on the law on the merits.

25. At the outset, plaintiff alleges that Judge Kunego did not possess title to the office of Bergen Town Court Justice. As evidenced by the Affidavit of the Bergen Town Clerk, Judge Kunego has been elected and served as Town Justice since he was first elected in 1985.

Attached as **Exhibit J** is Judge Kunego's most recent Oath of Office Card. Furthermore, regarding plaintiff's claims that there has been no bond posted on behalf of the defendant, Judge Kunego is covered by the Town of Bergen's blanket bond. (See Affidavit of Michele M. Smith, Town Clerk/Tax Collector.)

26.  Since the time of his arrest on July 27, 2010, the plaintiff has engaged in a pattern of harassing conduct and delay tactics. Since the date of his arrest, he has issued fifteen (15) separate FOIL requests to the Town of Bergen. As this Court is aware, he has also file a motion [#13] to expand the number of permissible depositions. Plaintiff sought subpoenas from this Court in order to obtain testimony and records from: the New York State Police, the Genesee County Clerk, Genesee County Supreme Court Justice Robert C. Noonan, Erie County Supreme Court Judge Paula L. Feroleto, and New York State Trooper James Pitz, just to name a few. Clearly, his conduct borders on a harassment.

27.  All of the allegations complained of by the plaintiff against Judge Kunego relate to Judge Kunego's involvement in overseeing the criminal charge and vehicle and traffic infractions charged against the plaintiff. Ultimately, based purely on the allegations contained in plaintiff's Complaint, it is clear that Judge Kunego is protected from civil suit by way of the well-recognized doctrine of Judicial Immunity.

28.  As is fully set forth in the Memorandum of Law submitted herewith, the alleged actions were judicial in nature and are protected by the doctrine of absolute judicial immunity.

29.  In light of the immunity protection afforded to the defendant, Judge Donald R. Kunego, plaintiff's causes of action against him should be dismissed.

**WHEREFORE**, it is respectfully requested that this Court issue an Order dismissing the Compliant of the plaintiff DANIEL J. WIK, as against the defendant, the HON. DONALD R.

KUNEGO, in its entirety pursuant to Federal Rule of Civil Procedure 56, along with such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
      April 13, 2012

                                              /s/ Robert H. Flynn
                                              Robert H. Flynn

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2012 I electronically filed the foregoing Notice of Motion, Memorandum of Law and Affidavit of Michele M. Smith, Town Clerk under Federal Rule of Civil Procedure 26(a) with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following DM/ECF participants on this case and *via United States Mail:*

*Plaintiff:*

Daniel J. Wik
*Pro Se Plaintiff*
c/o non-domestic
659 Averill Avenue
Rochester, NY  14416


/s/ Robert H. Flynn
Robert H. Flynn