AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York ☒

| | |
|---|---|
| Daniel J. Wik | )
*Plaintiff* | )
v. | ) Civil Action No. **11-CV 6205** CJS
Donald R. Kunego | )
*Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Donald R. Kunego
46 Keymar Drive
Bergen, New York 14416

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. Wik
c/o 859 Averill Avenue
Rochester, New York [14607]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 1 8 2011

Date: _____

*CLERK OF COURT*

*Michael J. Roemer*

*Signature of Clerk or Deputy Clerk*

ORIGINAL
RECEIVED AND FILED
UNITED STATES DISTRICT COURT CLERK
WESTERN DISTRICT OF NEW YORK

APR 18 2011

BY: _____

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York

                 Plaintiff,

v.

Donald R. Kunego, in his personal and individual capacity,
46 Kaymar Drive
Bergen, New York 14416

                 Defendant:

**CIVIL RIGHTS COMPLAINT**

First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth Fourteenth Amendments,
42 U.S.C §1981, 1983, 1985, 1986, 1988

CASE NO:

**11-CV 6205 CJS**

## Introduction

1. I, Daniel J. Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am my self, and I bring this Complaint in, and by, my own proper self. I am a sui juris homo liber, a living, breathing man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, not a resident or citizen, or member of any corporate body politic including but not limited the STATE OF NEW YORK, who has not voluntarily knowingly, willingly, or intentionally waived any rights nor appears in any diminished capacity, i.e. voluntary servant, but only appears as a sovereign American National man, a New Yorker, not a corporation, trustee, legal entity, fictitious entity, or as an agent but as a holder of due power bring forth this in Law Complaint for a order that Defendant has trespassed on and violated my rights and to compel Defendant to refrain from any further trespass on and violation of rights against Plaintiff.

2. I have not waived ANY rights and will not unless if specifically waived in writing with full disclosure by way of my signature.

3. Plaintiff specifically protests having to tender a fee to have this in Law Petition for Redress of Grievance in the Nature of a Complaint. I do not waive any rights or bring this action out of Law by tendering said fee. I additionally specifically object to the use of Federal Reserve Notes and their tender is under threat, duress, and coercion in that if I did not tender said "fees" and "notes" the clerk would deny me my right to petition for redress of grievance in violation of my right to petition secured by the first amendment to the Constitution of the United States of America.

## Opening Statement

4. This is an action brought by Plaintiff against Defendant who was, at all relevant times, acting under color of office, color of State statutes, policies, and customs, committed fraud through misrepresentations and omissions, falsely restrained Plaintiff in his liberty without a warrant, seized his personal property without a warrant, violated due process of law, and subjected Plaintiff to deprivation of many inherent God given unalienable rights secured and guaranteed at least by the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States of America as set forth herein. Plaintiff is seeking relief and judgment based on the herein stated claims and causes of action.

## Jurisdiction and Venue

5. Plaintiff invokes this court's jurisdiction according to the First Article of Amendment of the Constitution of the United States of America and through Title 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

6. Plaintiff further invokes this court's jurisdiction over the subject matter of this case according to Article III, § 2 of the Constitution of the United States of America, according to Title 28 U.S.C. §§ 1331 and 1342(a) (3) (4) in accord with the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States of America, and the Civil Rights Act of 1870.

7. At all times relevant, the cause of action were committed within the geographical purview of this court.

8. All of the events complained of herein occurred within two years of the date of filing of this complaint.

*"Wik v. Kunego"*          *Page 2 of 16*          *4/18/2011*
*Complaint*

## Definitions

9. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined herein as a first person singular pronoun (like: I, me, my, mine, etc.), which pronouns always herein means: Daniel J. Wik, or his possessory interest.
10. "Daniel J. Wik" is both Plaintiffs name and Plaintiffs complete address.
11. Plaintiff's name was given to Plaintiff by Plaintiff's Father in a solemn religious ceremony and when Plaintiff came of competent age Plaintiff covenanted with God to keep Plaintiff's name sacred and free from perversions. Thus violating Plaintiff's name violates Plaintiff's rights to religious freedom.
12. Plaintiff's name is an English language proper noun.
    A. Therefore, according to the rules of the English language, said name must at all times be spelled with capital and lower case letters (as it is throughout this complaint).
    B. According to the English language rules Proper nouns not properly capitalized are mis-spelled; and, Implications at law indicate spellings in the nature of all capital letters can only indicate dead persons or some fictitious business name or corporate capacity; and, Plaintiff is neither dead nor in corporate capacity;
    C. Misspellings indicate some other person other than Plaintiff.
    D. It is a violation of law to accept or receive mail not addressed to you.
    E. Any misspelling of Plaintiff's name or address will cause the devise using the misspelling to be returned marked, "Refused for Cause", as to accept or receive such would constitute a crime.
13. Plaintiff's exact mailing location is:

    "c/o non-domestic, 659 Averill Avenue; near: Rochester. New York".
14. Said mailing location is a *de jure* New York Republic location, and as such is not part of the corporation known as: "THE STATE OF NEW YORK", and is not part of the corporation known as" "The UNITED STATES GOVERNMENT", and therefore said location cannot be represented by corporate state or federal zone locators like, zip codes, and/or corporate trademarks like "NY". Mail addressed with federal such zone locators will not be delivered to Plaintiff and if such are by mistake or any other means delivered, as a matter of law, such

mail cannot be accepted or received without committing a crime and will therefore be refused.

## Parties

### Daniel J. Wik

15. I, Daniel J. Wik, am the aggrieved party. I am a sui juris homo liber, a man. I am not representing (re-presenting) myself, I am my self, and I bring this case in, and by, my own proper self and not in any corporate, re-presented, legal, or fictitious capacity.
    A. Plaintiff can be contacted only in person, or through Plaintiff's mailing location.
    B. Plaintiff is required by the Law of Gospel, as recorded in the Bible, to stand as himself at law and defend his stewardship, which Law is the Law of the Land as declared in Public Law at 97-280, and which law Plaintiff has covenanted to obey and therefore this serves as lawful Notice of Foreign Law upon all who enter into this action.

16. Plaintiff at all times relevant to this Complaint is living in the New York Republic, and has done so for several years.

### Donald R. Kunego

17. Donald R. Kunego (hereinafter "Kunego"), is the Defendant, and was at all times relevant, a person present within the geographical area of the District of Western New York.

18. Kunego is a person who without bond while not titled to posses the office or perform the duties of the office authorized the seizure of Plaintiff under color of law and color of office unreasonably depriving Plaintiff of liberty and happiness and depriving Plaintiff's God given inherent constitutionally secured rights, deprived Plaintiff of liberty without due process of law, and so directly caused, and conspired with others to cause the suffering and damages to Plaintiff and Plaintiff's family have undergone in this matter.

19. Kunego knew or should have known that his actions were under color of law and color of office were in violation of law and his alleged oath of office, and deprived Plaintiff of constitutionally secured rights and unalienable rights.

20. Kunego is the direct or proximate cause of great suffering and damage to Plaintiff and Plaintiff's family.

21. Kunego is being sued in his individual and in his personal capacity.

## Material facts

22. Paragraphs 1 through 20 are incorporated as though fully stated herein.
23. Plaintiff has inherent unalienable rights endowed by God which include but are not limited to the right to life, liberty, and the pursuit of happiness.
24. Unalienable rights are not the same as inalienable rights.
25. Plaintiff has not knowingly, willing, or intentional waived any inalienable rights.
26. Plaintiff has an inherent unalienable right to exercise his liberty of movement within New York when not involved in commerce.
27. Plaintiff has an inherent unalienable right to not be seized in his liberty when exercising his right to liberty of movement within New York when not engaged in commerce.
28. The Constitution of the United States of America and the Constitution of New York are to secure rights and provide limitations from trespass on the rights upon private affairs of private men like Plaintiff.
29. Pursuant to the Declaration of Independence all men are created equal, that they are endowed by their Creator with certain unalienable rights, that among these are life, liberty and the pursuit of happiness.
30. To secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed.
31. Plaintiff has not consented to any corporate form of government.
32. Plaintiff has not consented to be governed by THE UNITED STATES, THE STATE OF NEW YORK, THE COUNTY OF GENESEE, or THE TOWN OF BERGEN.
33. Governments are not instituted to grant or create rights.
34. Plaintiff did not consent to any of the actions that Plaintiff is complaining of in this Complaint.
35. On or about July 27, 2010 Plaintiff was unlawfully restrained in his liberty at Bergen Town, Genesee county, New York under force of arms.
36. Plaintiff was taken to BERGEN TOWN COURT before Kunego.
37. Plaintiff informed Kunego that Plaintiff was "Daniel J. Wik" and did not spell his name "DANIEL J WIK".

38. Daniel J. Wik and DANIEL J WIK are not the same.
39. Kunego holds himself out to be a New York public officer namely a Bergen Town Court Justice.
40. Kunego is not titled to posses the office of Bergen Town Court Justice.
41. Kunego is not entitled to perform the duties of Bergen Town Court Justice.
42. Kunego does not have a certificate from the Genesee County Clerk that Kunego is duly qualified and entitled to assume the duties of the office of Bergen Town Court Justice.
43. Kuengo does not have a bond or undertaking that Kunego will faithfully discharge the duties of Bergen Town Court Justice.
44. The TOWN OF BERGEN has never authorized the use of a blanket bond.
45. Kunego is not a judicial officer.
46. Upon request Kunego has refused to present his pocket commission.
47. Kunego has no immunity.
48. Kunego made the false representation that Kunego was a Bergen Town Court Justice with the intent that Plaintiff would rely on this and submit to Kunego's pretended authority.
49. This misrepresentation is material since Kunego used this misrepresentation to restrain Plaintiff in Plaintiff's liberty in violation of Plaintiff's constitutionally secured rights.
50. Kunego knew that Kunego was not titled to posses the office and not entitled to perform the duties of the office of Bergen Town Court Justice.
51. Plaintiff did not know Kunego's representation was false until correspondence from the Genesee County Clerk documented Kunego lacks a bond, undertaking, and certificate that Kunego is duly qualified and entitles to perform the duties of the office of Bergen Town Court Justice.
52. Plaintiff relied on this misrepresentation and had the right to rely on it as the Bergen Town Board supports and participates in this misrepresentation.
53. Plaintiff relied on this misrepresentation and had the right to rely on it since New York State Trooper James Pitz (hereinafter "Pitz")who restrained Plaintiff in his liberty under force of arms stated words to the effect that Plaintiff was being taken before a Bergen Town Court Justice.

54. This misrepresentation was a direct or proximate cause of Plaintiff's injures and damages including but not limited to Plaintiff's restraint in liberty.
55. Upon information and belief the TOWN OF BERGEN and the BERGEN TOWN COURT receive federal funds.
56. The TOWN OF BERGEN and BERGEN TOWN COURT use private corporate commercial paper and securities in transactions.
57. Upon information and belief "The People of the State of New York" is not the holder-in-due-course of a contract or other commercial agreement between it and Plaintiff.
58. Pitz stated words to the effect to Plaintiff that Kunego wanted Plaintiff arrested and brought to the BERGEN TOWN COURT.
59. Kunego was not a neutral and detached magistrate to the arrest.
60. Plaintiff has a right to a judicial determination of probable cause by a neutral magistrate as a prerequisite to an extended restraint in liberty following arrest.
61. Plaintiff stated words to the effect to Kunego that Plaintiff demanded a probable cause hearing.
62. Plaintiff stated words to the effect to Kunego that Plaintiff did not understand the nature and cause of the accusation.
63. Plaintiff stated words to the effect to Kunego that Plaintiff did not understand the alleged charges since there were no factual allegations.
64. Plaintiff demanded a court of record.
65. Plaintiff made a timely challenge to the constitutional validity of the appointment of Kunego who was allegedly adjudicating the case.
66. No findings of facts or conclusions of law have been rendered regarding Kunego's alleged authority to posses the office of Bergen Town Court Justice.
67. Kunego has not disclosed the nature and cause of the allegations.
68. Kunego stated words to the effect that Plaintiff was charged with a crime.
69. The accusatory instrument is entitled "The People of the State of New York v DANIEL J WIK".

70. New York CPL § 1.20(1) requires all criminal accusatory instruments to be entitled "the people of the state of New York" against a designated person.

71. Kunego has not disclosed who or what the alleged Plaintiff on the accusatory instrument is.

72. Kunego has not disclosed the nexus of the parties in the accusatory instrument to the Plaintiff.

73. Kunego stated words to the effect to Pitz that Kunego was adding a charge of "failed to notify DMV of change in address", Kunego had filled out the accusatory instrument and Pitz could get a copy on Pitz's computer.

74. No probable cause supported by oath or affirmation was provided for Plaintiff's extended restraint in liberty on or about July 27, 2010.

75. Kunego had Plaintiff restrained in his liberty to the Genesee County Jail under force of arms.

76. No probable cause hearing was held within 48 hours.

77. There was no excuse for the unreasonable delay in the probable cause hearing.

78. On or about October 20, 2010 three (3) criminal accusatory instruments against Kunego were given to the BERGEN TOWN COURT for filing.

79. Plaintiff and others have unsuccessfully attempted to obtain copies of the accusatory instruments from the BERGEN TOWN COURT.

80. Kunego has stated words to the effect to Plaintiff that the accusatory instruments are not at the BERGEN TOWN COURT anymore.

81. Kunego has stated words to the effect to Plaintiff that the accusatory instruments have been removed and sent to Eighth Judicial District Administrative Judge, Paula L. Feroleto.

82. Kunego has concealed or disposed of the criminal accusatory instruments against Kunego that were records of the BERGEN TOWN COURT.

83. On or about July 28, 2010 a Writ of Habeas Corpus for Plaintiff was filed with the Genesee County Clerks office.

84. Plaintiff has been denied the issuance of a Writ of Habeas Corpus in Genesee County to review the probable cause in Plaintiffs extended restraint in liberty.

85. On or about July 29, 2010 a Writ of Habeas Corpus for Plaintiff was filed with the Monroe County Clerk's office.
86. Plaintiff was not brought to Monroe county for a hearing on the Writ of Habeas Corpus to review the probable cause in Plaintiff's extended restraint in liberty.
87. On or about November 16, 2010 Plaintiff was unlawfully restrained in his liberty at Bergen Town, Genesee county, New York under force of arms by order of Kunego.
88. At the time of Plaintiff's restraint in liberty on or about November 16, 2010 the only accusatory instruments filed with the BERGEN TOWN COURT were simplified traffic informations.
89. Plaintiff again demanded a probable cause hearing.
90. Plaintiff again asserted that Plaintiff did not understand the nature and cause of the accusation.
91. Plaintiff again asserted that Plaintiff did not understand the alleged charges since there were no factual allegations.
92. Plaintiff again made a timely challenge to the constitutional validity of the appointment of Kunego who was allegedly adjudicating the case.
93. Plaintiff demanded a copy of any warrant based on probable cause supported by oath or affirmation.
94. Plaintiff asserted that Plaintiff did not know who or what the "Plaintiff" in the action in BERGEN TOWN COURT action was or what it had to do with Plaintiff.
95. Plaintiff was told by unknown State Trooper that the warrant was verbal, that he did not have it, and it didn't need to be in writing or supported by oath or affirmation.
96. Plaintiff was not given a warrant based on probable cause support by oath or affirmation.
97. No testimony under oath or affirmation was provided to demonstrate probable cause for the restraint in liberty on November 16, 2010.
98. One who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred.

99. Kunego had Plaintiff restrained in his liberty to the Genesee County Jail, under force of arms.
100. No probable cause hearing was held within 48 hours.
101. There is no excuse for the unreasonable delay in the probable cause hearing.
102. Plaintiff has a right to be free and to not be restrained in his liberty.
103. On or about November 17, 2011 while Plaintiff was under force of arms and in chains Kunego took Plaintiff's private papers which contained notes, research, citations, case law, and relevant documents and records regarding the case without a warrant supported by oath or affirmation.
104. Kunego read Plaintiff's private papers.
105. Upon information and belief Kunego photocopied Plaintiff's private papers and provided a copy to Kevin T. Finnell whom was acting as alleged prosecutor of the alleged case.
106. After seizing Plaintiff's papers which had notes and case cites on the facts that the alleged charges could not have been committed Kunego modified the charges without motion from the Prosecutor.
107. Plaintiff has a right to not be seized of his private papers without a warrant establishing probable cause supported by oath or affirmation.
108. On or about December 15, 2010 Plaintiff requested copies from Kunego and offered to pay the associated fees, of all the audio files for proceedings of BERGEN TOWN COURT Case # 10070055 which are public court records.
109. Plaintiff was denied copies of the audio files which are not closed records by Kunego.
110. On or about December 15, 2010 Plaintiff requested certified copies from Kunego and offered to pay the associated fees, of all the accusatory instruments filed on or about October 20, 2010 against Donald R Kunego which are public court records.
111. Plaintiff was denied copies of the accusatory instruments which are not closed records by Kunego.
112. Plaintiff has been denied access to Bergen Court public records to defend the action.
113. On or about March 16, 2011 Kunego held a probable cause hearing.
114. The probable cause hearing was approximately eight (8) months after it was requested.

"Wik v. Kunego"　　　　　　　Page 10 of 16　　　　　　　　　4/18/2011
Complaint

115. An eight (8) month delay is an unreasonable delay for a probable cause hearing.
116. Plaintiff has been denied due process and continues to be denied due process.
117. Plaintiff has been denied the right to petition for redress of grievance in the form of two Writs of Habeas Corpus.
118. Kunego's acts were not discretionary.
119. Kunego's acts are not reasonable and shock the conscience of a reasonable man.
120. Kunegos conduct violated clearly established inherent and constitutionally secured rights of which a reasonable person would have known.
121. Kunego knew or should have known his acts violated Plaintiff's rights.
122. Plaintiff was not only denied a timely probable cause hearing but was denied review by two higher courts of probable cause on Writ's of Habeas Corpus.
123. The record reflects that there was not probable cause for the restraint in liberty since no factual allegations were made under oath or affirmation.
124. Kunego conspired with others to oppress and intimidate Plaintiff in the free exercise and enjoyment of right including but not limited to liberty, due process, and happiness which is secured by the Constitution of the United States of America.
125. Kunego is unlawfully converting Plaintiffs unalienable rights into licensed privileges.
126. Kunego actions were done with no jurisdiction.
127. Plaintiff has never been duly convicted of a crime.
128. Plaintiff has not ever knowingly, willingly, or intentionally volunteered into slavery or involuntary servitude.
129. Kunego is unlawfully putting Plaintiff in a position of slavery and involuntary servitude.
130. Kunego has conspired with others to deny Plaintiff the right to a speedy trial.
131. Plaintiff under threat, duress and coercion has requested subpoena for witnesses in his defense.
132. Kunego has obstructed the issuance of the subpoenas.
133. Kunego has conspired with others to deny Plaintiff to have compulsory process to obtain witnesses in his favor.

134. Others in similar situation as Plaintiff have the right to have subpoenas issued to compel testimony on their behalf.

135. Kunego has conspired with others to deny Plaintiff equal protection of the law.

## Federal Causes of Action

### As and for the first cause of Action

136. Paragraphs 1 through 135 are incorporated as though fully stated herein.

137. Plaintiff's papers were seized without a warrant and without due process in direct violation of the Fourth and the Fourteenth Amendments.

### As and for the second cause of Action

138. Paragraphs 1 through 137 are incorporated as though fully stated herein.

139. Plaintiff was unlawfully restrained in his liberty without a warrant and without due process on or about July 27, 2010 in direct violation of the Fourth and the Fourteenth Amendment.

### As and for the third cause of Action

140. Paragraphs 1 through 139 are incorporated as though fully stated herein.

141. Plaintiff was unlawfully restrained in his liberty without a warrant and without due process on or about November 16, 2010 in direct violation of the Fourth and the Fourteenth Amendment.

### As and for the fourth cause of Action

142. Paragraphs 1 through 140 are incorporated as though fully stated herein.

143. Plaintiff has been unlawfully denied the right to a speedy trial in direct violation to the Sixth and the Fourteenth Amendment

### As and for the fifth cause of Action

144. Paragraphs 1 through 144 are incorporated as though fully stated herein.

145. Plaintiff has been unlawfully denied to be informed of the nature and cause of the accusation in direct violation of the Sixth and the Fourteenth Amendment.

### As and for the sixth cause of Action

146. Paragraphs 1 through 145 are incorporated as though fully stated herein.

147. Plaintiff has unlawfully been denied the right to have compulsory process for obtaining witnesses in his favor in direct violation of the Sixth and the Fourteenth Amendment.

### As and for the seventh cause of Action

148. Paragraphs 1 through 147 are incorporated as though fully stated herein.
149. Plaintiff has been unlawfully denied his right in liberty and the pursuit of happiness which is a retained right in direct violation of the Fifth, Ninth, Tenth and the Fourteenth Amendment.

### As and for the eighth cause of Action

150. Paragraphs 1 through 149 are incorporated as though fully stated herein.
151. Plaintiff has been unlawfully denied due process to know the constitutional validity of the appointment of Kunego who was allegedly adjudicating the case in direct violation to the First, Fifth, Tenth and the Fourteenth Amendment

### As and for the ninth cause of Action

152. Paragraphs 1 through 151 are incorporated as though fully stated herein.
153. Plaintiff's right to be secure in his person and papers against unreasonable search and seizure in direct violation to the Fifth and the Fourteenth Amendment

### As and for the tenth cause of Action

154. Paragraphs 1 through 153 are incorporated as though fully stated herein.
155. Plaintiff has unlawfully been deprived of liberty and property without due process in direct violation to the First, Fourth, Fifth, Tenth and the Fourteenth Amendment

### As and for the eleventh cause of Action

156. Paragraphs 1 through 155 are incorporated as though fully stated herein.
157. Plaintiff has been unlawfully placed in slavery or involuntary servitude without being duly convicted of a crime in direct violation of the Tenth and Thirteenth Amendment.

### As and for the twelfth cause of Action

158. Paragraphs 1 through 156 are incorporated as though fully stated herein.
159. Plaintiff has been unlawfully denied equal protection of the law in direct violation of the First, Tenth and Fourteenth Amendment.

### As and for the thirteenth cause of Action

160. Paragraphs 1 through 159 are incorporated as though fully stated herein.

161. Plaintiff has been unlawfully deprived of unalienable rights retained by the people which are not enumerated in the Constitution of the United States of America in direct violation to the Ninth, Tenth and the Fourteenth Amendment

## Prayer for Relief

162. Plaintiff requests injunctive relief barring any continuing and future trespass on and violation of rights against Plaintiff and a declaratory judgment and order that Plaintiff's rights were trespassed on and violated by defendant in that:

   A. Plaintiff's papers were seized without a warrant, without due process.
   B. Plaintiff was unlawfully restrained in his liberty without a warrant and without due process on or about July 27, 2010.
   C. Plaintiff was unlawfully restrained in his liberty without a warrant and without due process on or about November 16, 2010 Plaintiff has been denied the right to a speedy trial in direct violation to the Fifth Amendment
   D. Plaintiff has been denied the right to a speedy trial.
   E. Plaintiff has been denied the right to be informed of the nature and cause of the accusation.
   F. Plaintiff has been denied the right to have compulsory process for obtaining witnesses in his favor.
   G. Plaintiff has been denied his right in liberty and the pursuit of happiness.
   H. Plaintiff has been denied due process to know the constitutional validity of the appointment of Kunego who was allegedly adjudicating the case.
   I. Plaintiff has been denied the right to be secure in his person and papers against unreasonable search and seizures.
   J. Plaintiff has been deprived of liberty and property without due process.
   K. Plaintiff has been placed in slavery or involuntary servitude without being duly convicted of a crime.
   L. Plaintiff has been denied equal protection of the law.
   M. Plaintiff has been deprived of unalienable rights retained by the people which are not enumerated in the Constitution of the United States of America.

N. Plaintiff has been denied due process by not having two Writ's of Habeas Corpus heard and decided on in Law on the merit.

O. The right to amend this complaint as needed;

P. Trial by jury on each of these herein stated causes of action; and

Q. An order to reimburse Plaintiff for injures and damages caused by Defendant's actions.

R. An order to make Plaintiff whole again.

S. An order punitive and compensatory damages as are determined by a jury.

T. Such other and further relief that this Court may deem just and proper.

Respectfully Presented on March 18, 2011

In Fact,

Daniel J. Wik

.................................

Plaintiff without representation, in propria persona
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York
(585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirm, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty-one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Complaint.

3. The contents of this Complaint are true and correct to the best of Your Affiant's ability.

Respectfully Presented on March 18, 2011.

In Fact,
Daniel J. Wik

.......Daniel J. Wik..................

New York       )
               )   ss.:
Monroe County  )

On the __18__ day of __April__ in the year __2011__, before me, the undersigned, personally appeared __Daniel J. Wik__ personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public, State of New York/Commissioner of Deeds

ROBERT W. COLWELL
Notary Public, State of New York
No. 01CO6121092
Monroe County, New York
Commission Expires January 10, 20_13_

"Wik v. Kunego"              Page 16 of 16                          4/18/2011
Complaint