UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK,<br><br>              Plaintiff,<br><br>-vs-<br><br>DONALD R. KUNEGO, in his personal and individual capacity,<br><br>              Defendant. | **VERIFIED ANSWER**<br><br>Index No.: 11 CV 6205 CJS |

    The defendant, DONALD R. KUNEGO, in his personal and individual capacity, by and through his attorneys, LIPPMAN O'CONNOR, hereby answer the Verified Complaint as follows:

    1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1", "2", "3", "5", "6", "7", "8", "9", "16", "17", "21", "24", "25", "29", "30", "36", "37", "39", "46", "51", "55", "56", "57", "58", "60", "61", "64", "65", "66", "68", "69", "70", "72", "73", "76", "77", "78", "79", "80", "81", "83", "85", "86", "89", "93", "95", "100", "101", "104", "105", "108", "109", "110", "111", "113", "117", "128" and "134" of the Verified Complaint.

    2. Denies the allegations contained in paragraphs numbered "4", "10", "11", "12", "13", "14", "15", "18", "19", "20", "23", "26", "27", "28", "31", "32", "33", "34", "35", "38", "40", "41", "42", "43", "44", "45", "47", "48", "49", "50", "52", "53", "54", "59", "62", "63", "67", "71", "74", "75", "82", "84", "87", "88", "90", "91", "92", "94", "96", "97", "98", "99", "102", "103", "106", "107", "112", "114", "115", "116", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "129", "130", "131", "132", "133", "135", "137", "139", "141", "143", "145", "147", "149", "151", "153", "155", "157", "159", "161" and "162" of the Verified Complaint.

    3. The defendant, DONALD R. KUNEGO, in his personal and individual capacity, answering paragraphs numbered "22", "136", "138", "140", "142", "144", "146", "148", "150", "152", "154", "156", "158" and "160" of the Verified Complaint, repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "160" inclusive as if set forth at length herein.

    4. The answering defendant denies each and every other allegation contained in the Complaint which is not specifically admitted or otherwise denied herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom defendants had no control at any time relevant hereto, and in the event the defendants are found liable to plaintiff, which liability is expressly denied, defendants will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Upon information and belief, if the plaintiff sustained any injuries or damages, he assumed the risk inherent in the activity in which he was then engaged.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Upon information and belief, if the plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries and damages were caused in whole or in part or were contributed to by plaintiff's own culpable conduct, contributory negligence and want of care, without any culpable conduct, negligence or want of care on the part of these defendants, and the amount of damages recoverable by plaintiff, if any, should be diminished in whole or in part in proportion to plaintiff's culpable conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. Upon information and belief, the plaintiff fails to state a cause of action against this defendant upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. The Court lacks personal jurisdiction over the answering defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. That the defendant, its agents, servants and employees acted at all times in good faith, without malice and upon reasonable and probable cause.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. That the defendant, its agents, servants and employees acted at all times in a reasonable and justified manner.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. The defendant alleges that the alleged arrest of the plaintiff was legally justified.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. That the plaintiff's own conduct not only precipitated but caused and required whatever occurred at the time and place alleged in the plaintiff's Verified Complaint and that defendant, its agents, servants and/or employees believed and had reasonable legal and just cause for their actions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. Upon information and belief, defendant is immune from this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. Defendant reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE,** the defendant, DONALD R. KUNEGO, in his personal and individual capacity, demand judgment dismissing the Verified Complaint of the plaintiff herein, together with costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper.

Dated:  Buffalo, NY
        May 16, 2011

LIPPMAN O'CONNOR

By: /s/ Robert H. Flynn, Esq.
Robert H. Flynn, Esq.
*Attorneys for Defendants*
*Donald R. Kunego, in his personal*
*and individual capacity*
300 Olympic Towers
300 Pearl Street
Buffalo, NY
(716) 854-4705
Robert H. Flynn@Selective.com

To:
    Daniel J. Wik
    *Pro Se Plaintiff*
    c/o non-domestic
    659 Averill Avenue
    Rochester, NY  14416

## ATTORNEY'S VERIFICATION

Robert H. Flynn, Esq., an attorney duly admitted to practice in the courts of New York State, hereby affirms under penalty of perjury and pursuant to CPLR § 2106 as follows:

Affirmant is associated with the law firm of Lippman O'Connor, the attorneys of record for the defendant, Donald R. Kunego, in the within action and as such is fully familiar with the facts and circumstances heretofore had herein by virtue of the file maintained by this office.

Affirmant has read the foregoing Answer and the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

This verification is made by an attorney because the defendant, Donald R. Kunego, is not in the same County where your affirmant's office is located.

Dated: Buffalo, New York
May 16, 2011

/s/ Robert H. Flynn
Robert H. Flynn

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011 I electronically filed the foregoing Answer to Complaint with Affirmative Defenses with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following DM/ECF participants on this case and *via Certified Mail Return Receipt:*

        *Plaintiff:*

              Daniel J. Wik
              *Pro Se Plaintiff*
              c/o non-domestic
              659 Averill Avenue
              Rochester, NY 14416


        /s/ Robert H. Flynn
          Robert H. Flynn