

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| Daniel J. Wik | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 11-CV 6220 |
| Robert G. Swapceinski | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Robert G. Swapceinski
7567 Dublin Road
Bergen, New York 14416

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. Wik
c/o 659 Averill Avenue
Rochester, New York [14607]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: APR 26 2011

CLERK OF COURT
Michael J. Roemer

*Signature of Clerk or Deputy Clerk*

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel J. Wik<br>c/o non-domestic<br>659 Averill Avenue; near:<br>Rochester, New York<br>**Plaintiff,**<br>v.<br>Robert G. Swapceinski, in his personal and individual capacity,<br>7567 Dublin Road<br>Bergen, New York 14416<br>**Defendant:** | **CIVIL RIGHTS COMPLAINT**<br><br>First, Fifth, Sixth,<br>Ninth, Fourteenth<br>Amendments,<br>42 U.S.C §1981, 1983, 1985, 1986, 1988<br><br>**CASE NO:**<br>**11 CV 6220** |

## Introduction

1. I, Daniel J. Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am my self, and I bring this Complaint in, and by, my own proper self. I am a sui juris homo liber, a living, breathing man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, not a resident or citizen, or member of any corporate body politic including but not limited the STATE OF NEW YORK, who has not voluntarily knowingly, willingly, or intentionally waived any rights nor appears in any diminished capacity, i.e. voluntary servant, but only appears as a sovereign American National man, a New Yorker, not a corporation, trustee, legal entity, fictitious entity, or as an agent but as a holder of due power bring forth this in Law Complaint for a order that Defendant has trespassed on and violated my rights and to compel Defendant to refrain from any further trespass on and violation of rights against Plaintiff.

2. I have not waived ANY rights and will not unless if specifically waived in writing with full disclosure by way of my signature.

## Opening Statement

3. This is an action brought by Plaintiff against Defendant who was, at all relevant times, acting under color of State statutes, policies, and customs, violated due process of law, and subjected Plaintiff to deprivation of many inherent God given unalienable rights secured and guaranteed at least by the First, Fifth, Sixth, Ninth and Fourteenth Amendments of the Constitution of the United States of America as set forth herein. Plaintiff is seeking relief and judgment based on the herein stated claims and causes of action.

## Jurisdiction and Venue

4. Plaintiff invokes this court's jurisdiction according to the First Article of Amendment of the Constitution of the United States of America and through Title 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.

5. Plaintiff further invokes this court's jurisdiction over the subject matter of this case according to Article III, § 2 of the Constitution of the United States of America, according to Title 28 U.S.C. §§ 1331 and 1342(a) (3) (4) in accord with the First, Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution of the United States of America, and the Civil Rights Act of 1870.

6. At all times relevant, the cause of action were committed within the geographical purview of this court.

7. All of the events complained of herein occurred within two years of the date of filing of this complaint.

## Definitions

8. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined herein as a first person singular pronoun (like: I, me, my, mine, etc.), which pronouns always herein means: Daniel J. Wik, or his possessory interest.

9. "Daniel J. Wik" is both Plaintiffs name and Plaintiffs complete address.

10. Plaintiff's name was given to Plaintiff by Plaintiff's Father in a solemn religious ceremony and when Plaintiff came of competent age Plaintiff covenanted with God to keep Plaintiff's name sacred and free from perversions. Thus violating Plaintiff's name violates Plaintiff's rights to religious freedom.

11. Plaintiff's name is an English language proper noun.

    A. Therefore, according to the rules of the English language, said name must at all times be spelled with capital and lower case letters (as it is throughout this complaint).

    B. According to the English language rules Proper nouns not properly capitalized are misspelled; and, Implications at law indicate spellings in the nature of all capital letters can only indicate dead persons or some fictitious business name or corporate capacity; and, Plaintiff is neither dead nor in corporate capacity;

    C. Misspellings indicate some other person other than Plaintiff.

    D. It is a violation of law to accept or receive mail not addressed to you.

    E. Any misspelling of Plaintiff's name or address will cause the devise using the misspelling to be returned marked, "Refused for Cause", as to accept or receive such would constitute a crime.

12. Plaintiff's exact mailing location is:

    "c/o non-domestic, 659 Averill Avenue; near: Rochester, New York".

13. Said mailing location is a *de jure* New York Republic location, and as such is not part of the corporation known as: "THE STATE OF NEW YORK", and is not part of the corporation known as" "The UNITED STATES GOVERNMENT", and therefore said location cannot be represented by corporate state or federal zone locators like, zip codes, and/or corporate trademarks like "NY". Mail addressed with federal such zone locators will not be delivered to Plaintiff and if such are by mistake or any other means delivered, as a matter of law, such mail cannot be accepted or received without committing a crime and will therefore be refused.

## Parties

**Daniel J. Wik**

14. I, Daniel J. Wik, am the aggrieved party. I am a sui juris homo liber, a man. I am not representing (re-presenting) myself, I am my self, and I bring this case in, and by, my own proper self and not in any corporate, re-presented, legal, or fictitious capacity.

    A. Plaintiff can be contacted only in person, or through Plaintiff's mailing location.

    B. Plaintiff is required by the Law of Gospel, as recorded in the Bible, to stand as himself at law and defend his stewardship, which Law is the Law of the Land as declared in Public

Law at 97-280, and which law Plaintiff has covenanted to obey and therefore this serves as lawful Notice of Foreign Law upon all who enter into this action.

15. Plaintiff at all times relevant to this Complaint is living in the New York Republic, and has done so for several years.

**Robert G. Swapceinski**

16. Robert G. Swapceinski (hereinafter "Swapceinski"), is the Defendant, and was at all times relevant, a person present within the geographical area of the District of Western New York.

17. Swapceinski is a person who under color of law committed acts which resulted in unreasonably deprived Plaintiff of liberty and happiness and depriving Plaintiff's God given inherent constitutionally secured rights, deprived Plaintiff of due process of law, and so directly caused, and conspired with others to cause the suffering and damages to Plaintiff and Plaintiff's family have undergone in this matter.

18. Swapceinski knew or should have known that his actions were under color of law were in violation of law and his alleged oath of office, and deprived Plaintiff of constitutionally secured rights and unalienable rights.

19. Swapceinski is the direct or proximate cause of great suffering and damage to Plaintiff and Plaintiff's family.

20. Swapceinski is being sued in his individual and in his personal capacity.

## Material facts

21. Paragraphs 1 through 20 are incorporated as though fully stated herein.

22. Swapceinski holds himself out to be a New York public officer namely a Bergen Town Court Justice.

23. Upon information and belief on or about October 28, 2008 Swapceinski notified the New York State Depart of Motor Vehicles that DANIEL J WIK had failed to answer a summons at the BERGEN TOWN COURT.

24. On or about October 19, 2010 Plaintiff made a request to Swapceinski pursuant to New York Judiciary Law §255 and Uniform Justice Court Act §2019-a for certified copies of the summons issued by the court, proof of service that was filed with the court, and a copy of the alleged order of suspension.

25. On or about October 20, 2010 two (2) criminal accusatory instruments were filed against Swapceinski at the BERGEN TOWN COURT.
26. On or about December 15, 2011 Plaintiff asked Swapcinski the status of said records request.
27. Swapceinski stated words to the effect that:
    A. Swapceinski was not going to respond at all, and
    B. Swapceinski did not have to comply with Judiciary Law §255 and UCJA §2019-a since the records did not exist.
    C. Swapceinski didn't want anything to do with the issues between Plaintiff and Kuengo (Donald R. Kuengo).
28. The documents requested or the certification that they do not exist are necessary for evidence and to defend a related action pending in BERGEN TOWN COURT.
29. Swapceinski knows that these documents are needed for evidence to defend a related action pending in BERGEN TOWN COURT.
30. Searching and certifying the records of the court is a ministerial duty.
31. Judiciary Law §255 and UJCA§2019-a creates a statutory requirement and duty to search and certify the results.
32. Plaintiff has a clear and established right to the access of public records.
33. The right of access to court proceedings and records is firmly grounded in the common law, and the existence of the correlating common-law right to inspect and copy judicial records is beyond dispute.
34. Swapceinski's inaction is the direct or proximate cause of Plaintiff being denied due process by denial of records to defend a related pending action in BERGEN TOWN COURT.
35. Plaintiff did not consent to any of the actions that Plaintiff is complaining of in this Complaint.
36. Swapceinski has no immunity for ministerial acts.
37. Upon information and belief the TOWN OF BERGEN and the BERGEN TOWN COURT receive federal funds.

38. The TOWN OF BERGEN and BERGEN TOWN COURT use private corporate commercial paper and securities in transactions.
39. Plaintiff has been denied due process and continues to be denied due process.
40. Plaintiff has been denied access to public records and continues to be denied access.
41. Swapceinski's acts were not discretionary.
42. Swapcainski conspired with others including but not limited to Donald R. Kunego to deprive Plaintiff of access to public records, due process, and equal protection of the law.
43. Swapceinski's acts are not reasonable and shock the conscience of a reasonable man.
44. Swapceinski's conduct violated clearly established inherent and constitutionally secured rights of which a reasonable person would have known.
45. Swapceinski knew or should have known his acts violated Plaintiff's rights.
46. Swapceinski has obstructed the issuance public court records.
47. Others in similiar situation have the right and have had court records searched and/or certified.
48. Swapceinski has conspired with others to deny Plaintiff equal protection of the law.
49. Swapceinski may not be titled to possess the office and perform the duties of Bergen Town Court Justice, if that is the case Swapceinski is impersonating a public officer.

## Federal Causes of Action

### *As and for the first cause of Action*

50. Paragraphs 1 through 49 are incorporated as though fully stated herein.
51. Plaintiff has been unlawfully denied due process by denial to obtain court records or the certification of non existence of court records to be used as compulsory evidence to defend an criminal action that Plaintiff was being held to answer for in direct violation to the First, Fifth, Sixth and the Fourteenth Amendments.

### *As and for the second cause of Action*

52. Paragraphs 1 through 51 are incorporated as though fully stated herein.
53. Plaintiff has been unlawfully denied equal protection of the law in direct violation of the Fourteenth Amendment.

### *As and for the third cause of Action*

54. Paragraphs 1 through 53 are incorporated as though fully stated herein.
55. Plaintiff has been unlawfully denied access to public records in violation of the First, Sixth and Fourteenth Amendments.

## Prayer for Relief

56. Plaintiff requests injunctive relief barring any continuing and future trespass on and violation of rights against Plaintiff and a declaratory judgment and order that Plaintiff's rights were trespassed on and violated by defendant in that:

A. Plaintiff has been denied due process.

B. Plaintiff has been unlawfully denied the right access to public records.

C. Plaintiff has been unlawfully denied equal protection of the law.

D. The right to amend this complaint as needed;

E. Trial by jury on each of these herein stated causes of action; and

F. An order to reimburse Plaintiff for injures and damages caused by Defendant's actions.

G. An order to make Plaintiff whole again.

H. An order punitive and compensatory damages as are determined by a jury.

I. Such other and further relief that this Court may deem just and proper.

Respectfully Presented on March 25, 2011

In Fact,

Daniel J. Wik

*(signature)*

Plaintiff without representation, in
propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York 14607
(585)-957-5902

*"Wik v. Swapceinski"*
*Complaint*                     Page 7 of 8                     4/25/2011

## Verification

New York State   )
                 ) solemnly affirming and subscribing
Monroe County    )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirm, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty-one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Complaint.

3. The contents of this Complaint are true and correct to the best of Your Affiant's ability.

Respectfully Presented on March 25, 2011.                    In Fact,
                                                             Daniel J. Wik

                                                             ......................

New York       )
               )   ss.:
Monroe County  )

On the 25th day of April in the year 2011, before me, the undersigned, personally appeared DANIEL JOSEPH WIK personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public, State of New York/~~Commissioner of Deeds~~
Commission Expires: Nov. 3. 2014

DANIEL O.A. AJEGBA
Notary Public, State of New York
Monroe County
Commission Expires Nov. 3, 20 14

"Wik v. Swapceinski"            Page 8 of 8                    4/25/2011
Complaint