UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK,<br><br>                Plaintiff,<br><br>-vs-<br><br>DONALD R. KUNEGO, in his personal and individual capacity,<br><br>                Defendant. | **MEMORANDUM OF LAW**<br><br>Index No.: 11 CV 6205 CJS |

## PRELIMINARY STATEMENT

On April 18, 2011, Plaintiff commenced this action against Bergen Town Court Justice Hon. Donald R. Kunego. The Complaint ostensibly asserts thirteen causes of action which the plaintiff styles as: (1) violation of the Fourth and Fourteenth Amendments (warrantless seizure of his papers); (2) violation of the Fourth and Fourteenth Amendments (being unlawfully restrained in his liberty on July 27, 2010); (3) violation of the Fourth and Fourteenth Amendments (being unlawfully restrained in his liberty on November 16, 2010); (4) violation of Sixth and Fourteenth Amendments (denial of speedy trial); (5) violation of Sixth and Fourteenth Amendments (not being informed of nature and cause of underlying criminal matter); (6) violation of Sixth and Fourteenth Amendments (unlawfully denied right to have compulsory process for obtaining witnesses); (7) violation of Fifth, Ninth, Tenth and Fourteenth Amendments (denied his right to liberty and the pursuit of happiness); (8) violation of the Fifth, Ninth, Tenth and Fourteenth Amendments (unlawfully denied due process to know the constitutional validity of the appointment of Kunego); (9) violation of the Fifth and Fourteenth Amendments (unreasonable search and seizure); (10) violation of the first and Fourth, Fifth, Tenth and Fourtheenth Amendments (unlawfully deprived of liberty and property without due process); (11) violation of the Tenth and Thirteenth

Amendments (being unlawfully placed in slavery or involuntary servitude); (12) violation of the First, Tenth and Fourteenth Amendments (denial of equal protection); (13) violation of the Ninth and Tenth and Eleventh Amendments (unlawfully deprived of unalienable rights retained by the people which are not enumerated in the Constitution of United States of America).

This moving defendant is entitled to summary judgment dismissing the Complaint on the basis that the defendant is entitled to the protections of the well established doctrine of absolute judicial immunity. In addition, the Complaint lacks adequate allegations to support any cause of action that might be gleaned from its contents and, accordingly, is subject to dismissal for failure to state a claim upon which relief may be granted.

## STANDARD FOR SUMMARY JUDGMENT

The Defendant moves for summary judgment pursuant to Federal Rules of Civil Procedure 56(a) and (b). When a party moves for summary judgment, the Court must grant the same when the moving party demonstrates that they are entitled to summary judgment, as there are no genuine issues as to material facts present in the case (see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Rattner v. Netburn, 930 F.2d 204, 209 (2nd. Cir. 1991). The party moving for summary judgment bears the burden of establishing that there does not exist a genuine issue of material facts. In Celotex, supra., 477 U.S. at 322, the Court states

> "Summary judgment will not lie if the dispute about a material issue is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, supra., at 247-248

When confronted with issues upon which the non-moving party bears the burden of proof to establish at the time of trial, the moving party may "simply point out the absence of evidence to support the non-moving party's case" Nora Beverages, Inc. v. Perrier Group of America, Inc., 164 F.3d. 736, 742 (2nd Cir. 1998). Once the moving party has made a proper showing as to the absence of any genuine issue of

material facts, the non-moving party must come forward with evidence that would be sufficient to support a jury verdict in its favor. Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d. 14, 18 (2nd Cir. 1995). In opposition to the motion brought, the non-moving party "may not rest upon mere allegations and denials of the adverse party's pleading, but the adverse party's response, by Affidavits, or as otherwise provided in the Rule, must set forth specific facts showing that there is a genuine issue for trial" (Federal Rules Civil Procedure 56[e]).

In the case at bar, Defendant contends that there does not exist a question of material fact and all the Plaintiff's claims are based upon conjecture and not grounded in fact or reality. Moreover, as will be demonstrated herein, even if the allegations of the plaintiff are true, the defendant is entitled to judicial immunity. All of the actions attributable by the plaintiff to the defendant were performed pursuant to the defendant's official duties as a Bergen Town Court Justice. Finally, Defendant contends that the Complaint does not clearly set forth the claims made and should be dismissed on that basis alone.

## RELEVANT PROCEDURAL HISTORY AND FACTS

Plaintiff commenced this action by filing a Complaint dated April 18, 2011. The moving defendant served an Answer to the Complaint on May 16, 2012 [#7]. For the purposes of this motion only, the arguments set forth herein are made on the assumption that all of the facts set forth in plaintiff's Complaint are true.

## ARGUMENT

### DEFENDANT, DONALD R. KUNEGO IS ENTITLED TO DISMISSAL OF PLAINTIFF'S COMPLAINT BASED ON THE DOCTRINE OF JUDICIAL IMMUNITY

The defendant, Honorable Donald R. Kunego, a Bergen Town Court Justice, is entitled to summary judgment and a dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 56(a). "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial

actions." *Bliven v. Hunt*, 2009 WL 2700173 at *4 (2nd Cir. 2009). Absolute immunity will also bar claims for injunctive relief. *Hubbard v. JC Penney Department Store*, 2005 WL 1490304 (W.D.N.Y.). This immunity applies even to allegations of bad faith or malice. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct.1213 (1967). Finally, courts have generally concluded that "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 2009 WL 2700173 at *4 (2nd Cir. 2009).

Here, accepting the facts as alleged in plaintiff's Complaint, it is clear that defendant, Hon. Donald R. Kunego was acting in his judicial capacities and is, therefore, entitled to absolute judicial immunity. According to Plaintiff's Complaint, the plaintiff was brought to Bergen Town Court on July 27, 2010 facing several vehicle and traffic offenses, including one misdemeanor. The Certificate of Disposition reveals that the underlying criminal court action resolved on April 27, 2011 by way of plaintiff's guilty plea to the misdemeanor charge. It is clear that all of the allegations as against Judge Kunego took place between the date of his arrest (July 27, 2010) and the date of his guilty plea (April 27, 2011). Any interactions between the plaintiff and Judge Kunego amounted to nothing more than than routine court proceedings. The plaintiff was, however, dissatisfied with the outcome of many, if not all, of those routine court proceedings.

One of plaintiff's complaints is that he requested copies of the accusatory instruments he authored in an attempt to commence criminal proceedings against Judge Kunego. Plaintiff states that his request for copies was denied. In a remarkably similar case involving another pro-se plaintiff who sought damages after claiming that a court clerk refused to respond to his correspondence, it was held that the conduct of court personnel in not communicating with the plaintiff was governed by judicial immunity. *Humphrey v. Court Clerk NDNY*, 2005 WL 2490155 (N.D.N.Y.). In that case, the plaintiff alleged that certain court clerks refused to respond to his correspondence. The *Humphrey* court pointed out that the court clerks

were also entitled to judicial immunity. However, and more importantly, the action of not responding to the plaintiff's correspondence was deemed to be protected by absolute immunity. *Id. at \*3*. Mr. Wik also complains that he requested certain documents (accusatory instruments) from Judge Kunego and that he was not provided those documents. Based on the holding in *Humphrey*, even if the requested documents were possessed by the Court and even if the plaintiff was actually entitled to obtain the requested documents directly from Judge Kunego, the decision not to oblige the plaintiff's request is protected by the doctrine of absolute judicial immunity.

Absolute immunity was also afforded to the judicial defendants in *Argentieri v. Kmiotek, 420 F.Supp.2d 162 (W.D.N.Y. 2006)*. In that case, the pro-se plaintiff alleged that the defendants failed to respond to motions he filed in the Town Court and that the defendants failed to respond to his inquires about documents filed in the Town Court. The *Argentieri* court held that "assuming plaintiff's allegations are true, I find as a matter of law that plaintiff's claims are barred by absolute immunity and therefore must be dismissed". *Id*. at. 164. In the case at bar, the plaintiff alleges that he made a request for documents from Judge Kunego and that his request was denied and/or ignored. Pursuant to the cases cited above, and assuming plaintiff's allegations are true, Judge Kunego is entitled to absolute immunity.

Courts have consistently held that judges will not be deprived of immunity because actions he/she took were in error, were done maliciously, or were in excess of his or her authority. Even allegations of bad faith or malice cannot overcome judicial immunity. *Parent v. State of New York, et al., 786 F.Supp.2d 516 (N.D.N.Y., 2011.)*. It is well settled that even in cases where a judge fails to comply with statutory procedures, allegations of that nature are insufficient to strip the judge of immunity. *Gross v. Rell, et al., 585 F.3d 72 (2nd Cir. 2009)*.

In the case at bar, the plaintiff makes a litany of complaints regarding the manner in which his case was handled by Judge Kunego in Bergen Town Court. For example, the plaintiff complains that the bail

was set on two occasions. Clearly, the issuance of bail is something that may occur during routine court proceedings. Plaintiff also complains that his request for a speedy probable cause hearing was denied. It goes without saying that an improper delay in conducting a probable cause hearing is something that would be the basis of a criminal court appeal and not the nexus to a civil rights lawsuit.

Judicial Immunity is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir.)* It is well settled that the principle of judicial immunity recognizes that a judge may err, but "it is better for a judge when exercising the discretion inherent in his judicial power to risk some error and possible injury from such error than not to decide or act at all." *Id.*, quoting *Scheur v. Rhodes, 416 U.S. 232, 242 (1974).* The doctrine of judicial immunity is specifically applicable to actions for damages brought pursuant to 42 U.S.C. §1983. *Id.* at 933, citing *Pierson v. Ray, 386 U.S. at 547.*

There are only two circumstances that can overcome the doctrine of Judicial Immunity. The first exception stands for the proposition that a judge is not immune for an action that is taken outside the judge's judicial capacity, as when the judge performs administrative, legislative, or other executive acts. *Mireles v. Waco, 502 U.S. 11-12; Stump v. Sparkman, 435 U.S. 349, 360 (1978).* Secondly, a judge is not immune for actions, though judicial in nature, taken in the "clear absence of all jurisdiction." *Mireles, supra.* It is clear that neither exception applies here.

In determining whether an action is "judicial in nature," the courts consider whether the act is a "function normally performed by a judge." See *Mireles v. Waco, 502 U.S. at 12.* An act clearly judicial in nature does not become a "non-judicial act" merely because it may have been performed improperly or erroneously. *Id.* Nor does a judicial act "become less judicial by virtue of an allegation of malice or corruption of motive." *Id.* at 12-13.

It is well settled that the assessment of bail (and subsequent incarceration) is clearly a judicial act to which judicial immunity attaches. The U.S. Court of Appeals Second Circuit recently recognized as much in <u>Root v. Liston</u>, 444 F.3d 127 (2nd Cir. 2006), where it held that the assessment of bail, even when performed by a prosecutor, is clearly judicial in nature and a function commonly performed by a judge. As such, plaintiff's complaint that bail was set and that he was subsequently incarcerated (which plaintiff refers to as "involuntary servitude") is not actionable pursuant to judicial immunity.

Federal District Court Judge Charles J. Siragusa recently dismissed plaintiff's §1983 claim against Bergen Town Court Justice, Hon. Robert G. Swapcienski. The following excerpt is from Judge Siragusa's Decision and Order:

> *"It is well settled that judges generally have absolute immunity from being sued for actions arising out of their judicial activities:*
>
> *[J]udges generally have absolute immunity from suits for money damages for their judicial actions. Such judicial immunity is conferred in order to insure that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Thus, even allegations of bad faith or malice cannot overcome judicial immunity. In addition, as amended in 1996, §1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983.*
>
> *Judges are not, however, absolutely immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. In determining whether an act by a judge is 'judicial', thereby warranting absolute immunity, we are to take a functional approach, for such immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches. The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.*
>
> *In employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature. Bliven v. Hunt, 579 F.3d 204, 209-210 (2d Cir.2009) (citations and internal quotation marks omitted)."* (See Affidavit of Robert H. Flynn at **Exhibit D.**)

Insofar as the cases against Judge Swapcienski and Judge Kunego are essentially interrelated, it is clear that a similar result should occur in the case at bar. Even a cursory review of plaintiff's Complaint reveals that all of his complaints and allegations of wrong doing arise out of or are connected to the motor vehicle stop and ensuing court appearance that took place on July 27, 2010. All of the allegations against Judge Kunego involve his handling of the case before him. Based on all of the foregoing, it is respectfully requested that this Court grant defendant's motion for summary judgment.

## CONCLUSION

The defendant Hon. Donald R. Kunego has established that Plaintiff's Complaint must be dismissed as a matter of law as the defendant is respectfully protected by absolute judicial immunity from any claims which might be found in the Complaint. Otherwise, the important workings of our local governments could, with alarming regularity, be brought to a standstill by baseless, nonsensical claims such as are asserted here.

Dated:  Buffalo, New York
        April 13, 2012

                                    LIPPMAN O'CONNOR

                                    By: /s/ Robert H. Flynn, Esq.
                                    Robert H. Flynn, Esq.
                                    *Attorneys for Defendant,*
                                    *Donald R. Kunego in his personal and individual*
                                    *capacity*
                                    300 Olympic Towers
                                    300 Pearl Street
                                    Buffalo, New York
                                    (716) 854-4705
                                    Robert.Flynn@Selective.com

TO:
    Daniel J. Wik
    *Pro Se Plaintiff*
    659 Averill Avenue
    Rochester, NY  14416