In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego.

**MEMORANDUM/ REPLY TO MOTION FOR SUMMARY JUDGMENT**

**CASE NO:6:11–cv-06205-CJS**

**Defendant:**

Daniel J. Wik respectfully presents and affirms the following Affirmation/Memorandum/Reply in opposition of Defendant's Motion for Summary Judgment. The information set forth in this Reply/Affirmation is based upon my personal knowledge and review of the proceedings in this action, and are true and correct to the best of my knowledge.

1. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined as a first person singular pronouns (like: I, me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the man, or his possessory interest.

## Points of Law

See Exhibit 5 Affidavit of Daniel Joseph Wik as if fully incorporated in each Point.

### Point 1 Defendant acted in the complete absence of all jurisdiction.

2. The portion of the ticket packet that was given to the Plaintiff on or about July 27, 2010 was an appearance ticket. The Plaintiff was entitled "The People of the State of New York". As such it is not an accusatory instrument at all (CPL §1.20 (1) and (26)).

> *New York CPL §1.20(1). "Accusatory instrument" means an indictment, an indictment ordered reduced pursuant to subdivision one-a of section 210.20 of this chapter, an information, a simplified information, a prosecutor's information, a superior court information, a misdemeanor complaint or a felony complaint. Every accusatory instrument, regardless of the person designated*

*therein as accuser, constitutes an accusation on behalf of the state as plaintiff and must be entitled **"the people of the state of New York"** against a designated person, known as the defendant.*

*New York 1.20§ (26). "Appearance ticket" means a written notice issued by a public servant, more fully defined in section 150.10, requiring a person to appear before a local criminal court in connection with an accusatory instrument **to be** filed against him therein.*

3. The Plaintiff, in the original action, "The People of the State of New York" has no nexus with Plaintiff. Absent a showing of some contract which must be entered into the court as evidence there is no nexus to Plaintiff (Wik) and it lacks standing to invokes the court's jurisdiction in the first instance and any subsequent order is void for lack of jurisdiction.

4. The provisions of CPL §1.20(5), §100.10(2)(a) and §100.25 decree that a simplified traffic information . . . serves as a basis for commencement of a criminal action, alternative to the charging thereof by a regular Information, and under circumstances prescribed in CPL §100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges."

*New York CPL §1.20 (5). "Simplified traffic information" means a written accusation, more fully defined and described in article one hundred, by a police officer or other public servant authorized by law to issue same, filed with a local criminal court, which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, charges a person with one or more traffic infractions or misdemeanors relating to traffic, and which may serve both to commence a criminal action for such offense and as a basis for prosecution thereof.*

*New York CPL §100.10(2)(a). A "simplified traffic information" is a written accusation by a police officer, or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges.*

5.    Pursuant to Vehicle & Traffic §155 <u>all</u> provisions of law relating to misdemeanors shall apply to traffic infraction.

> *New York Vehicle &Traffic §155.* "...*violations shall be deemed misdemeanors and <u>all provisions of law relating to misdemeanors</u> except as provided in section eighteen hundred five of this chapter and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions.*"

6.    The use of the appearance ticket and simplified traffic information was not intended by the legislature as the sole means of commencing, charging, and prosecuting a traffic infraction. CPL §150.50 states that "<u>Nothing herein contained shall authorize the use of a simplified information when not authorized by law.</u>"

> *New York CPL§ 150.50 Appearance ticket; filing a local criminal court accusatory instrument; dismissal of insufficient instrument.*
> *A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein. <u>Nothing herein contained shall authorize the use of simplified information when not authorized by law.</u> If such accusatory instrument is not sufficient on its face, as prescribed in section 100.40, and if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face, it must dismiss such accusatory instrument.*

7.    The authorization referenced in Vehicle & Traffic Law §155 and basis in whole or in part for prosecution by simplified information referenced in CPL §1.20(5) and CPL §100.10(2)(a), is dependant of the waiver provided by the would be Defendant in CPL§170.65  A close reading of CPL §1.20(5) , CPL §100.10(2)(a) and V&T §155, proves that the simplified traffic information was never intended to be *the exclusive* means of charging a traffic infraction and taking into consideration Vehicle & Traffic Law §155 that all laws applicable to a misdemeanor apply which would include but not be limited to replacement with an information which is jurisdictionally sufficient containing  non-hearsay allegations of the factual part of the information and/or of any

supporting depositions establish, if true, **every element** of the offense charged and the would be defendant's commission thereof as require by CPL §140(1)(c).

8.  In drafting CPL §100.10, particularly the last clause, the legislature clearly chose to use the permissive "*may* serve" as opposed to the mandatory *shall* serve. Likewise the last portion of the same clause compels a similar conclusion since the legislature used the term "as *a* basis" and not "as *the* basis." This provision decrees as a legislative enactment, this provision must be "construed according to its natural and most obvious sense, without resorting to an artificial or forced construction" (97 NYJur2d '108, *see also, People v Shafer*, (1968, 4th Dept) 30 AD2d 213, 291 NYS2d 221).

9.  Statutory provisions, if possible, must be interpreted in a way that bespeaks of constitutionality (*People v Dietze*, (1989) 75 NY2d 47, 550 NYS2d 595; *People v Barber* 289 NY 378, 46 NE2d 329). Any interpretation of the foregoing which says that the legislature intended the simplified traffic information and supporting deposition to be the exclusive means of prosecuting traffic raises serious Equal Protection problems as it would serve to deny those charged by a particular instrument (simplified information) the right to non-hearsay allegations *if true, every **element** of the offense charged and the would be defendant's commission thereof* without any rational basis for such classification as opposed to those charged by another instrument (regular information) entitling those to higher standard of pleading to be jurisdictionally sufficient.

10. The accusatory instrument which is given to a would be Defendant is an appearance ticket; the portion that is filed with the court is a simplified information in every sense of the word. The instrument that is filed with the Court is verified or affirmed in the manner described by 15 NYCRR '91.7(b). While the CPL does not require that a simplified traffic information contain both a factual and accusatory part, such is required by the Commissioner's regulations that are incorporated in the statutory definition by virtue of CPL '100.10(2) (a). 15 NYCRR 91.7 requires inclusion of the section charged, the location, date and description of the offense and a statement as to whether the offenses charged is a misdemeanor or traffic violation. Since, when reasonably construed, and consider Vehicle &Traffic §155 that all "traffic infractions shall be

deemed misdemeanors and all provisions of law relating to misdemeanors except as provided in section eighteen hundred five of this chapter and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions" the instrument forms a misdemeanor complaint, and CPL §170.65 is triggered and absent a valid waiver, the would be Defendant is entitled to the filing of an information that contains non-hearsay allegations *if true, every **element** of the offense charged and the defendant's commission thereof*

11. When a waiver pursuant to CPL §170.65 is not provided and a would be Defendant demands replacement with a regular information containing allegations of every essential element of the alleged crime and the Defendants commission thereof supported by oath or affirmation, as Plaintiff did in this particular case, the jurisdictional sufficiency of the accusatory instrument cannot be evaluated until the regular information and supporting foundational documents have been filed with the court.

12. In order to be compliant with the Fourth Amendment to the Constitution of the United States of America every essential element of the alleged crimes and the Defendants commission of it must be supported by oath or affirmation. Until this critical point is reached the court's jurisdiction cannot be invoked and the court is in complete absence of all jurisdiction. In this particular instance Plaintiff was not arraigned, Plaintiff did not waive any rights, Plaintiff did not enter a plea until the day of trial on or about June 30, 2011 at all times Plaintiff maintained his innocence and challenged the jurisdiction. In fact Plaintiff demanded all of his rights. The acts alleged in the complaint occurred prior to the Alford plea and therefore were in the complete absence of all jurisdiction. Plaintiff had maintained his innocence from the inception of this matter and continues to.

13. Had Plaintiff entered a plea or waived replacement by a information the court may have acquired jurisdiction, and judicial immunity may have applied but absent the waiver pursuant to CPL §170.65 the courts jurisdiction could not be invoked until replacement by an information which alleged every essential elements of the alleged crimes and the would be Defendants (Plaintiff in this action) commission of it must be supported by oath

or affirmation, otherwise it would not comply with the Fourth Amendment to the
Constitution of the United States of America.

14. In *People v Alejandro* (1987) 70 NY2d 133, 517 NYS2d 927the Court of Appeals
expressed an unquestioned preference for the use of information containing non-hearsay
allegations, in criminal proceedings. In *Alejandro* is the following observation:

> *"The reason for requiring the additional showing of a prima facie case for
> information lies in the unique function that information serves under the statutory
> scheme established by the Criminal Procedure Law. Information is often the
> instrument upon which the defendant is prosecuted for a misdemeanor <u>or a petty
> offense.</u>"*

15. The Court's reference in *Alejandro*, on two occasions, to "petty offenses" is extremely
compelling that a motorist who is charged with a traffic infraction is entitled to
information. CPL '1.20(39) defines a "petty offense" as "a violation or a traffic
infraction."

16. Plaintiff demanded the information to have notice and opportunity to defend the action.
Plaintiff never waived prosecution by information pursuant to CPL§170.65, as a matter
of right and law Plaintiff was entitled to an  information and no information alleging
every essential element of the alleged crime and Plaintiff's commission thereof has ever
been provided. Absent a waiver for prosecution by information the simplified information
was jurisdictionally defective and could not invoke the court's jurisdiction. Absent a
waiver any allegation which failed to allege every essential element of the alleged crime
and the Plaintiff's commission thereof supported by oath or affirmation is jurisdictionally
defective therefore the court was in complete absence of all jurisdiction.

17. The equal protection clauses of both the United States and New York State Constitutions
(US Const, 14th Amend, '1; NY Const, Art I, '11) require that any would be defendant
charged with a traffic infraction under the laws of the state of New York is, in the
absence of a waiver thereof, is entitled to have the factual allegations of the accusatory
instrument which is the basis for the prosecution of the criminal action and/or those of
any supporting depositions, both provide reasonable cause to believe the defendant
committed the offense charged and establish a prima facie case against the defendant.
The factual allegations of the supporting deposition or depositions must provide

reasonable cause to believe the defendant committed the offense or offenses

charged *and* the supporting deposition or depositions must contain non-hearsay

allegations of fact which establish, if true, a prima facie case against the defendant or the

simplified information must be dismissed as jurisdictionally defective.

> *New York CPL §100.40 Local criminal court accusatory instruments; sufficiency on face.*
> 1.   *An information, or a count thereof, is sufficient on its face when:*
>    a.  *It substantially conforms to the requirements prescribed in section 100.15; and*
>    b.   *The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and*
>    c.   *Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every **element** of the offense charged and the defendant's commission thereof.*
>
> *New York CPL §100.15(3).  The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.  Where more than one offense is charged, the factual part should consist of a single factual account applicable to all the counts of the accusatory part.  The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief.  Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, **every element** of the offense charged and the defendant's commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.*

18. An information which fails to contain nonhearsay allegations establishing if true, every

element of the offense charged, and the defendant's commission thereof constitutes a fatal

jurisdictional defect which cannot be waived by defendant. This conclusion is compelled

by the natural and obvious meaning of N.Y. Crim. Proc. Law § 100.40(1) (c) and N.Y.

Crim. Proc. Law § 100.15(3) which establish a specific requirement applicable to

informations beyond what is required for the sufficiency of other accusatory instruments

and by the evident legislative purpose behind such special requirement, as revealed in an

analysis of the pertinent statutes and the relevant legislative history.

19. An information is often the instrument upon which the defendant is prosecuted for a misdemeanor or a petty offense. It was this distinguishing characteristic of information, its use as the sole instrument upon which the defendant is prosecuted which prompted the Legislature to require that information must contain nonhearsay factual allegations sufficient to establish a prima facie case. In this insistence on a prima facie case for information, there clearly appears a vital legislative concern that a defendant who, under the Criminal Procedure Law, can be prosecuted on the basis of information alone must have, at least, an assurance that the information contains allegations establishing a legally sufficient case.

20. The court in People v Alejandro, 70 N.Y.2d 133 addressed this very issue and stated in its opinion

> "Our conclusion that the showing of a prima facie case for informations was intended to be of jurisdictional import is supported also by the mandatory nature of the language in CPL 100.15 (3) which underscores in unequivocal terms that nothing contained in the section "limits or affects the requirement [in CPL 100.40 (1) (c) that for facial sufficiency of an information] every element of the offense charged and the defendant's commission thereof must be supported by non-hearsay allegations" ( CPL 100.15 [3] [emphasis added]; see, McKinney's Cons Laws of NY, Book 1, Statutes § 94 [statutory language is generally construed according to its natural and most obvious sense]; § 171 [mandatory provisions of a statute are generally treated as essential and given jurisdictional effect]). In this insistence on a prima facie case for informations, there clearly appears a vital legislative concern that a defendant who, under the Criminal Procedure Law, can be prosecuted on the basis of an information alone and must have, at least, an assurance that the information contains allegations establishing a legally sufficient case (see, Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.15, at 25; CPL 100.40, at 67)."

21. Based on the law alone, the Uniform Traffic Tickets provide to Plaintiff were jurisdictionally defective inasmuch as they failed to contain any non-hearsay evidentiary allegation establishing if true every element that defendant had committed supported by oath or affirmation and the jurisdictional sufficiency of the accusatory instruments could not be available until the filing of the regular information which did not occur until after the acts Plaintiff is complaining of. Defendant's acts therefore were in the complete

absence of all jurisdiction since the court's jurisdiction could not be invoked, and any subsequent orders are void not voidable for want of jurisdiction.

22. The declaration of independence states that:

> *"We hold these truths to be self-evident, that all men are created equal that they are endowed by their Creator with certain unalienable Rights that among these are Life, Liberty and the pursuit of Happiness. That to secure these rights, Government are instituted among Men, deriving their just powers from the consent of the governed ..."*

23. Plaintiff is a man not a person; Plaintiff's rights are unalienable and come from his creator. The powers that a government exercises are delegated powers from those who willfully consent to be governed and delegate those power they inherently possess. The important point is that governments are instituted to protect these rights not to grant them. Plaintiff was not involved in any commercial activity that was regulated or operating a motor vehicle within this state. Plaintiff was merely exercising his liberty of movement within the state. Plaintiff was going about his private affairs. Plaintiff has a right to be left alone and to exercise his private affiants without corporate interference; Plaintiff did not enter in any contract or agreement with the corporation's the Town of Bergen, the County of Genesee, or the State of New York knowingly, willingly, or intentionally.

> *While sovereign powers are delegated to..the government, sovereignty itself remains with the people ..."* Yick Wo v. Hopkins, 118 U.S. 356

> *"There is no such thing as a power of inherent sovereignty in the government of the United States... In this county sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it: All else is withheld."* Julliard v. Greenman 110U.S. 421

> *"In common usage, the term 'person' does not include the sovereign, and the statutes employing the word are ordinarily construed to exclude it."* Wilson v. Omaha Indian Tribe, 442 U.S.653

> *"Since in common usage the term `person' does not include the sovereign, statutes employing that term are ordinarily construed to exclude it."* U.S. v. Cooper, 312 US 600,604, 61 SCt 742

*"In common usage, the term `person' does not include the sovereign and statutes employing it will ordinarily not be construed to do so."* U.S. v. United Mine Workers of America, 330 U.S. 258, 67 SCt 677 (1947):

*"Since in common usage, the term `person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it."* US v. Fox 94 US 315

24. Defendant has not provided any contract that would involve Plaintiff. Pursuant to the Clearfield Doctrine Plaintiff demand that Defendant provide a contract that would demonstrate Plaintiff has a nexus with these corporations, and absent this Defendant acts were in complete absence of all jurisdiction. The Town of Bergen is a corporation which in this case descended to the level a mere corporation and to interfere with Plaintiffs rights it must provide the contract that it alleges it has with Plaintiff. Plaintiff is not a resident, or registered voter, member of the body politic of the corporation the Town of Bergen, the County of Genesee, or the State of New York, and most importantly Plaintiff, the man has never knowingly, willingly, or intentionally entered into a contract with these corporate allowing a nexus to Plaintiffs private affairs.

25. Plaintiff has a constitutionally secured unlimited right to contract. This right is also Plaintiffs rights to not contract if he so chooses. Plaintiff has no contract with these corporations and as such without a contract there is no nexus for Defendants trespass on Plaintiffs rights. Without a contact there exists no jurisdiction and Defendants action were in the clear absence of all jurisdiction.

> *"The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way [unregulated by the government]. His power to contract is unlimited. He owes no duty to the State or to his neighbor to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing there from, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure*

> *except under a warrant of the law. He owes nothing to the public so long as he*
> *does not trespass upon their rights." Hale v. Henkle, 201 U.S. 43, 74*

26. If a corporation can interfere in a man's (Plaintiff) private affairs absent ant contract, agreement, or nexus and then its agents claim absolute immunity for violating Plaintiffs rights to be left alone, leaving Plaintiff with no timely, adequate remedy for these violations, trespasses, and restraints in liberty, then Plaintiff has merely been placed in involuntary servitude or slavery against his will, and this Plaintiff does not believe there is a adequate remedy.

### Point 2
### Judicial Immunity does not apply to Constitutional Tort Causes of Action.

27. Plaintiff's Complaint not only alleges causes of action under 42 USC§1983 but additionally claims Constitutional Tort causes of action. While absolute judicial immunity may apply for money damages pursuant to a §1983 claim no judicial immunity may be applied when the causes of action is pursuant to Constitutional Torts.

28. Plaintiff's intentions were to allege Constitutional Torts in additional to civil rights and Plaintiff believes all the essential elements necessary to state claims as Constitutional Torts have been alleged in the Compliant. However if this Court determines that Plaintiff has failed to state a cause of action upon which relief may be granted for the causes of action related to Constitutional Torts Plaintiff requests leave of this Court to amend the Complaint since Plaintiff is not trained in the Law and based on the facts stated in the Complaint there exists a clear violation of Plaintiffs Constitutionally secured rights.

29. If this Court determines that the action is filed in the wrong court Plaintiff requests this Court to transfer the case to the correct court since Plaintiff is not trained in the Law and based on the facts stated in the Complaint there exists a clear violation of Plaintiffs Constitutionally secured rights.

30. Plaintiff has an inherent right to left alone from corporate interference and to go about Plaintiffs private affairs uninterrupted. Plaintiff disputes Defendants allegation that this matter steams from a traffic matter as Plaintiff was not involved in commerce, traffic or any business at the time related to the causes of action stated in the Complaint; Plaintiff

was merely exercising his liberty of movement within the state; and not within this state on July 27, 2010. Plaintiff did not have any contract with the corporation's the Town of Bergen, the County of Genesee, or the State of New York that was knowingly, willingly, or intentionally entered into.

> " The individual may stand upon his constitutional rights as a citizen. He is
> entitled to carry on his private business in his own way. His power to contract is
> unlimited. He owes no duty to the state, or to his neighbors to divulge his
> business, or to open his doors to an investigation, so far as it may tend to
> incriminate him. He owes no such duty to the state, since he receives nothing
> therefrom, beyond the protection of his life and property. His rights are such as
> existed by the law of the land long antecedent to the organization of the state, and
> can only be taken from him by due process of law, and in accordance with the
> Constitution. Among his rights are a refusal to incriminate himself, and the
> immunity of himself and his property from arrest or seizure except under a
> warrant of the law. He owes nothing to the public so long as he does not trespass
> upon their rights... An individual may lawfully refuse to answer incriminating
> questions unless protected by an immunity statute. "

31. In accordance to the Clearfield Doctrine (Clearfield Trust Co. v. United States 318 U.S. 363) the corporation's the Town of Bergen, the County of Genesee, and the State of New York since they trade in private corporate commercial papers and securities descend to the level of mere private corporations regard suits and looses all sovereignty and must provide a contract or agreement they seeks to enforce with Plaintiff in order to have standing to invoke the Court jurisdiction. Without a contract there exists no standing to state a valid cause of action upon which relief can be granted.

32. Defendant has failed to produce a contract showing any nexus to Plaintiff, the private man, with the corporation's the Town of Bergen, the County of Genesee, and the State of New York which would overcome Plaintiff's claim that Defendant acted in the complete absence of all jurisdiction.

33. Plaintiff complaint requests the following relief:

> "Plaintiff requests injunctive relief barring any continuing and future trespass on
> and violation of rights against Plaintiff and a declaratory judgment and order
> that Plaintiff's rights were trespassed on and violated by defendant in that:... "

34. Judicial immunity may apply to 1983 actions for monetary damages. However in this case Plaintiff has additionally requested injunctive and declaratory relief and no judicial immunity applies for such requested relief.

## Point 3
### Smith lacks authority to certify any facts except as to documents she is in custody of or facts she has first hand knowledge of.

35. On or about April 13, 2012 Michele M. Smith (hereinafter "Smith") affirmed under penalty of perjury various statements that the Defendant is relying upon as the only alleged "affirmation" in support of his Motion for Summary Judgment.

36. Smith is not the official custodian of records authorized to attest to the records on file except possibly as to those of the Bergen Town Clerks Office.

37. Smith is not qualified or authorized to make a lawful determination "That the Honorable Donald R. Kunego is a duly elected Town Court Justice for the Town of Bergen, New York." (See Exhibit 1 ¶2)

38. Smith is not the official custodian of records; to certify what documents are filed with "...The Genesee County Clerk's Office and the New York State office of Court Administration." (See Exhibit 1 ¶3)

39. Smith is not qualified or authorized to make a lawful determination that "Judge Kunego has been a Town Justice for the Bergen Town Court since he was first elected in 1985." (See Exhibit 1 ¶4)

40. Smith is not qualified or authorized to make a lawful determination that " ...Judge Kunego does not have to file a bond or undertaking Individually. See Public Officers Law §11(2)." (See Exhibit 1 ¶5)

41. Pursuant to UCJA §104 Defendants is required to file with the county clerk a copy of his bond. The Genesee County Clerk's Office has certified that no bond is on file for Defendant. (See Exhibit 2)

> *UJCA § 104. Bond and oath of justice. Upon assuming office, each justice shall file with the county clerk his oath of office and a bond in an amount fixed by the municipal board and conditioned for the faithful performance of his duties.*

> *Additional copies of the oath shall be filed with the administrative board and with the clerk of the municipality.*

42. The Genesee County Clerk's Office has certified that Defendants name is not filed with the executive department of the state pursuant to County Law §400(5) as one who is duly qualified. (See Exhibit 3)

43. Smith's document is contrary on its face and places material facts in dispute upon which liability exists. Smith states "That the Honorable Donald R. Kunego is a duly elected Town Court Justice for the Town of Bergen, New. York" (See Exhibit 1 ¶2) Smith's document further states that "Judge Kunego has been a Town Justice for the Bergen Town Court since he was first elected in 1985." (See Exhibit 1 ¶4) Upon information and belief the "Bergen Town Court" and "Town of Bergen Court" are not the same entities and have different jurisdictions and qualification requirements.

44. Smith is not qualified or authorized to make a lawful determination that "Judge Kunego is covered by the Town of Bergen's public officials blanket bond. Based on the fact the Town of Bergen maintains a blanket undertaking covering officers, clerks, and employees, including Town Justices, Judge Kunego does not have to file a bond or undertaking individually. See Public Officers Law §11(2)."

45. Public Officers Law§ 11 specifically requires that the approval of a bond by the governing body may be by resolution and a certified copy of said approval shall be attached to the bond. Smith herself has stated that the Bergen Town Board has never approved a blanket bond or issued any resolution regarding the bonding of justices; therefore the use of a blanket bond is not authorized until such approval is made by resolution or similar means. (See Exhibit 4)

46. Plaintiff has had a conversation with a representative from Tompkins Insurance whom Smith alleges issued the "blanket bond" and Plaintiff has been told words to the effect that the policy that the Town of Bergen has is an insurance policy and not a bond; it merely limits the losses of the town in the event of certain situations. (See Wik Affidavit Exhibit 3)

47. The document that Smith is referring to as the bond fails to be to the effect that the
    officers shall "faithfully discharge the duties of his office.." pursuant to Public Officers
    Law§11.

48. Smith is not qualified or authorized to make a lawful determination that "Judge Kunego
    was a Bergen Town Court justice at all times references to plaintiffs Complaint." (See
    Exhibit1 ¶3)

49. Pursuant to County Law 400(5) the county clerk is required to issue a certificate that a
    public officer within the county is duly qualified and entitled to perform the duties so the
    office. The county clerk is further required once a year to file in the office of the
    executive department of the state a certificate of the name of each person so elected or
    appointed who has duly qualified within the county. Defendants name is not on a list filed
    with the office of the executive department of state certifying that Defendant is duly
    qualified and entitled to perform the official duties of the office of Bergen Town Court
    Justice within Genesee County, New York.

    > *County Law 400(5)* "...Upon filing in the office of the county clerk a
    > certificate of election or appointment of any officer, together with the oath of
    > office and official undertaking prescribed by law, the county clerk shall
    > execute and deliver to such officer a certificate stating that he or she has duly
    > qualified and is entitled to assume the duties of his or her office..."
    > ..." On or before the fifteenth day of January in each year and thereafter
    > within five days after any person is elected or appointed to any office within the
    > county, the county clerk shall file in the office of the executive department of the
    > state a certificate showing the name of each person so elected or appointed who
    > has duly qualified "

50. Smith has no firsthand knowledge "That Judge Kunego presided over a criminal court
    matter involving the plaintiff and arising out of certain traffic citations issued to plaintiff
    on July 27, 2010." (See Exhibit 1 ¶4)

51. Pursuant to Smith's document she has affirmed under penalty of perjury she is employed
    as the "Bergen Town Clerk and Tax Collector in Bergen, New York" however Smith
    makes no statement that she is the duly qualified and entitled to posses the office of the
    Bergen Town Clerk. (See Exhibit 1 ¶1)

52. Since Smiths document is not strictly a statement of facts which she possess firsthand knowledge of but contains opinions and Smiths personal unauthorized determinations and analysis of facts by definition it cannot even be considered an Affidavit.

53. Smith's document is nothing more than hearsay, unqualified, unauthorized conclusionary opinions that have no relevance to the Defendants Motion for Summary Judgment. Furthermore Smith's affirmed testimony is contradictory to her own Reply's to public records requests and also Reply's from the Genesee County Clerk's Office. Plaintiff believe Smith has perjured herself and request that Plaintiff be allowed to exam Smith under oath prior to any determination on this Motion for Summary Judgment on the document she has provided to the Court for filing into the public record. Plaintiff believes Smith may be conspiring with others to commit fraud against the Court and Plaintiff. As a matter of Law Smith's document should be stricken from the record due to the inconsistencies with her own previous public records responses and also those of the Genesee County Clerk's Office. Plaintiff additionally seeks clarification as to Smith's statements that she is employed as the Bergen Town Clerk and Tax Collector rather than stating that she possesses the office of Bergen Town Clerk and Tax Collector. The requests for clarification of Smiths status has a very important bearing on if Smith is the official keeper of the records for the Town of Bergen.

54. In order for Judicial Immunity to apply one must be first titled to the office of Justice to invoke any said immunity and it is clear in this matter that Defendants title to the office is a material fact in dispute upon which liability exists, and must be determined prior to a inquiry into the application of any form of potential immunity. Plaintiff is not a third party and has an interest in Defendants titlement to the office and beliefs all of Defendants actions are under color of law and void as against Plaintiff, the man.

## Point 4

### Defendant not titled to the original jurisdiction office of Bergen Town Justice for Bergen, New York.

55. The statutory requirements for New York Public Officers to obtain and file an oath, bond, and undertaking are found in Public Officers Law §10 and §11. These statutes require

public officers to obtain and file oath, bonds, and undertaking before they shall be entitled to enter upon the discharge of any official duties.

> **Public Officer Law § 10.** *Official oaths. Every officer shall **take and file** the oath of office required by law, and every judicial officer of the unified court system, in addition, shall file a copy of said oath in the office of court administration, **before** he shall be entitled to enter upon the discharge of any of his official duties…*
> **Public Officer Law § 11.** *Official undertakings. 1. Every official undertaking, when required by or in pursuance of law to be hereafter executed or filed by any officer, shall be to the effect that he will **faithfully discharge the duties** of his office and promptly account for and pay over all moneys or property received by him as such officer, in accordance with law, or in default thereof, that the parties executing such undertaking will pay all damages, costs and expenses resulting from such default, not exceeding a sum, if any, specified in such undertaking.*

56. The purpose of the undertaking is to secure that the public officer shall faithfully discharge the duties of the office or in default that the parties executing such undertaking will pay all damages and expenses resulting from the default. This undertaking protects the general public and private men in the event of a default in the discharge of the duty of a public officer. These statutes do not impair the right to additionally obtain insurance to limit liability of the officer, the corporation, municipality, or agency to protect it from losses in the event of a default in the discharge of the duty of a public officer.

57. The difference between a surety and insurance is a surety is a three party relationship contrary to an insurance which is a two party relationship.



Surety 3 Party Relationship

Insurance 2 Party Relationship

58. Insurance is most comparable to a contingency plan. The insurance is between the insurance company and the principal (policy holder) and is based on a foreseeable loss. Insurance is to protect the principal (policy holder). A Surety is a guarantee that the Principal (person getting the bond) will do something: follow a rule/regulation/law; perform a contract; pay certain taxes; supply a certain item; etc. and unlike Insurance, the surety does not expect there to be a loss. The bond is a guarantee from the Surety to the Obligee that the Principal will meet their obligation set forth in the bond. A surety bond protects the Obligee and not the principal. The bond in respect to a New York Public Officer is to protect the general public and private men from trespassing on their secured rights.

59. Pursuant to Public Officers Law § 11 the official undertaking if not otherwise provided by law shall be approved by the chief executive officer or by the governing body of the municipality. This approval may be by resolution but the resolution is required to be attached to the undertaking.

> **Public Officer Law 11.** ...*The undertaking of a municipal officer shall, if not otherwise provided by law, be approved as to its form and the sufficiency of the sureties by the chief executive officer or by the governing body of the municipality and be filed with the clerk thereof. The approval by such governing body may be a resolution, **a certified copy of which shall be attached to the undertaking**...*

60. Pursuant to Public Officer Law §12 when an official undertaking is required the officer shall not receive any money as such officer before he shall have filed such undertaking.

> **Public Officer Law § 12.** *Force and effect of official undertaking. An officer of whom an official undertaking is required, shall not receive any money or property as such officer, or do any act affecting the disposition of any money or property which such officer is entitled to receive or have the custody of, before he shall have filed such undertaking;*

61. The statutory requirements of a town justice to obtain a oath, bond, and undertaking are found in Town Law §25 and UJCA §104 which requires these documents to be filed in the office of the clerk of the town and the county clerk before the town justice is titled to posses the office and enter upon the duties of the office of Justice.

> **Town Law §25.** *Each supervisor, town clerk, ..., **before entering upon the duties of his or her office, and within thirty days after commencement** of the*

*term for which he or she is chosen, shall execute and file in the office of the clerk of the town, an official undertaking, conditioned for the faithful performance of his or her duties, in such form, in such sum and with such sureties as the town board shall direct and approve and such approval shall be indicated upon such undertaking. Unless the town board of his or her town has procured a blanket undertaking pursuant to subdivision two of section eleven of the public officers law that covers him or her, each town justice shall also file such undertaking as provided by section one hundred four of the uniform justice court act with the county clerk.*

*UJCA § 104. Bond and oath of justice. Upon assuming office, each justice shall file with the county clerk his oath of office and a bond in an amount fixed by the municipal board and conditioned for the faithful performance of his duties. Additional copies of the oath shall be filed with the administrative board and with the clerk of the municipality.*

62. Pursuant to Public Officers Law §11 the undertaking of a town officer shall if not otherwise provided by law be approved as to its form and sufficiency of the sureties by the clerk of the county and filed in his office. This undertaking is required to be acknowledged by at least two sureties, each of whom shall add thereto his affidavit that he is a freeholder or householder within the state, stating his occupation and residence and the street number of his residence and place of business if in a city, and a sum which he is worth over and above his just debts and liabilities and property exempt from execution.

63. Taking these statues in consideration it is clear that one elected to the office of a New York Town Justice must file a oath and bond **before entering upon the duties of his or her office, _and within thirty days after commencement_ of the term for which he or she is chosen** and the officer is not entitled to perform any of the official duties of the office until the oath and bond have been filed in the office of the county clerk.

64. In this particular instance based on the affidavit of Michele Smith provided by Defendant the Defendant's alleged term began on January 1, 2010, therefore based on Town Law §25 the Defendant was required to take and file his oath and bond between January 1, 2010; the commencement of the term; and January 31, 2010; 30 days after the commencement of the term. The oath of office provided by Defendant and Smith is dated

December 15, 2009 and at the time Defendants alleged term had not commenced and it is not within 30 days as is required by the statues. (See Exhibit 1)

65. Furthermore Defendant did not file a bond with the Genesee County Clerk with an attached certified copy of the resolution approving the undertaking. Plaintiff believes that the alleged "Blanket Bond" that Smith refers to in her affidavit is not a bond but an insurance policy. Pursuant to Public Officer Law §11 a blanket bond is only authorized when approved by the governing body and a certified copy of the approval must be attach to the blanket bond. Smith has certified in a response to a public records request that the Bergen Town Board has not approved the use of a blanket bond. (see Exhibit 2)

66. Plaintiff on or about January 3, 2011 made a requested for all the bonds for Bergen Town Justice from 2005 to present. Smith provides bonds for the years 2005, 2006, 2007, and 2008. Smith did provide any bonds for 2009, 2010, and 2011 which is the time frame for the alleged actions of Defendant. (see Exhibit 1)

67. Pursuant to County Law §400(5) upon filing in the office of the county clerk a certificate of election of any officer, together with the oath of office, and official undertaking prescribed by law, the county clerk shall execute and deliver to such officer a certificate stating that he has duly qualified and is entitled to assume the duties of his or her office.

68. This statute grants the authority to the County Clerk to make a determination of what officers within the county are "duly qualified and is entitled to assume the duties of his or her office". The county clerk is required to file in his office the certificate of election of any officer, together with the oath of office, and official undertaking. The importance here is that just because one was elected it does not make them duly qualified and entitled to assume the duties of his or her office, there are other requirements which must be met prior to them being titled to the office and entitled to perform the duties of the office.

69. County Law §400(5) further requires that the county clerk "on or before the fifteenth day of January in each year and thereafter within five days after any person is elected or appointed to any office within the county, the county clerk shall file in the office of the executive department of the state a certificate showing the name of each person so elected or appointed who has duly qualified and, within the same time periods".

70. The wording utilized in this statute is specific by using the word "within" instead of "in" showing that this provision is applicable to all offices within the county to mean the geographical constraints of the county and not only a county officer. Therefore by using the word "within" the meaning is to include but not be limited to the office of Town Justice for all towns within the county as these offices are within the county.

71. The Genesee County Clerk has provide a response to a public records access request made by Plaintiff that Defendant's name is not on a list that has not been filed in the office of the executive department of the state showing Defendant as one elected within the county who has duly qualified entitled to assume the duties of his or her office. (see Exhibit 1) Pursuant to County Law 400(5) the County clerk has been authorized to make a determination of if a public officer within the county is duly qualified and not Smith as she has affirmed under penalty of perjury in her April 13, 2011 Affidavit.

72. Without this certificate having been issued from the county clerk one elected is not titled to posses the office. The requirements of a Town Justice to file these documents with the county clerk are enumerated in Town Law §25 and UJCA §104.

73. Town Law §25 provides an exception that any neglect or omission to take and file such oath, or to execute and file such undertaking within the time prescribed herein, except in the case of justices of the peace, shall be deemed a refusal to serve and the office must be filled as in the case of vacancy.

> **Town Law §25** .A neglect or omission to take and file such oath, or to execute and file such undertaking within the time prescribed herein, except in the case of justices of the peace, shall be deemed a refusal to serve and the office must be filled as in the case of vacancy.

74. This exemption has been removed by the Laws of 1944.

75. The exemption referenced to the Town Law §25 pertaining to justice of the peace was removed by the Laws of 1944, c 748, Section 21, provides that sub. 8 now sub. 1, par. H of Public Officers Law §30, which shall supersede any inconsistent provisions of any other general or special law and shall be controlling.

76. In this particular instance the Defendant did not file his oath, bond, and undertaking as required by law within 30 days of his appointment with the county clerk. Defendant lacks a certificate from the county clerk that he is duly qualified, titled to posses the office, and

entitled to perform the duties of Bergen Town Justice. Therefore any office he may have been elected to is vacant and he was not titled to posses the office or perform any official duties of the office, therefore this impersonator does not have any judicial immunity, and all his actions are under color of law, color of office, and he are personally, individually, and in their capacities as men liable for. These actions by Defendant to usurp the office of Bergen Town Court Justice clearly amount to treason. (In the Matter of Longobardi v Oakley 51 Misc. 2d 424; 273 N.Y.S.2d 367.)

77. Defendant is attempting to utilize the document of Smith as an authority allowed to make a lawful determination of if one elected has abided by all the requirements in order to become duly elected and titled to the office.

78. These material facts in dispute upon which liability exists denies the court jurisdiction to grant summary judgment.

> "...The Governments are but trusts acting under derived authority and have no power to delegate what is not delegated to them. But the people, as the original fountain might take away what they have delegated and intrust to whom they please. ...The sovereignty in every state resides in the people of the state and they may alter and change their form of government at their pleasure." Luther v. Borden 48 U.S. 1 12 Led 581

> "The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve that high appellation, if the laws furnish no remedy [against a public official] for violation of a vested legal right." Marbury v. Madison 5 U.S. 137; 1 Cranch 137, 2 Led. 60

> "The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. They recognized the significance of man's spiritual nature, of his feelings and of his intellect. They knew that only a part of the pain, pleasure and satisfactions of life are to be found in material things. They sought to protect Americans in their beliefs, their thoughts, their emotions and their sensations. They conferred, as against the Government the right to be let alone – the most comprehensive of rights and the right most valued by civilized men." Olmstead v. United States, 277 U.S. 438, 478

> "The power to "legislate generally upon" life, liberty, and property, as opposed to the "power to provide modes of redress" against offensive state action, was "repugnant" to the Constitution." United States v. Reese, 92 U.S. 214, 218

## Conclusion

79. Defendant acted in total want of all jurisdiction in this matter. The original Plaintiff in the action at Bergen Town Court lacked standing to be the real party of interest entitled to invoke the court's jurisdiction in the first instance. The accusatory instruments failed to be jurisdictionally since they failed to allege each and every essential element of the charges and Plaintiffs commission thereof and be supported by oath or affirmation.

80. Plaintiff has not only alleged a cause action pursuant to 42 USC §1983 but has alleged violations of his constitutionally secured rights (Constitution Torts). Plaintiff has additionally requested declaratory and injunctive relief. Judicial immunity only applies to 1983 actions for money and not to declaratory, injunctive relief, nor to Constitutional torts therefore Defendant cannot invoke said immunity.

81. Smith's document which is the only document allegedly affirmed document in support of Defendants Motion for Summary Judgment is nothing more than hearsay, unqualified, unauthorized conclusionary opinions that have no relevance to the Defendants motion. Smith lacks standing to certify the documents as she is not the keeper of the records. Additionally Smith is not authorized to make legal determinations. Plaintiff demands that Smith document be stricken from the record as it is misleading and being used to attempt to mislead others and be relied upon that Smiths statement are official records from the keeper of the records.

82. Defendant is not titled to the original jurisdiction office of Bergen Town Court Justice and not entitled to perform the official duties of the office. In order to apply judicial immunity one first must be entitled to office, otherwise anyone could under color of law and color of office could trespass on the office and violate men's rights like Plaintiff. If this be the case it would leave men with no timely adequate remedy to the trespass of their rights. Men have never delegated the right to offices of public trust to trespass on their constitutionally secured rights. While immunity may apply to actions filed by persons said immunity does not apply to actions file by men such as Plaintiff.

83. Defendant is not entitled to Summary Judgment and there are material facts in dispute upon which liability exists.

## Material facts in Dispute

84. Did the Bergen Town Board authorize the use of a blanket bond for Justice of Bergen Town Court?

85. Is the policy from Tompkins Insurance a Bond or insurance policy?

86. Did Defendant take and file an oath and bond with 30 days of the commencement of the term of office with the Genesee County Clerk?

87. Was Defendant titled to the office of Bergen Town Court Justice?

88. Did Plaintiff have a contract creating a nexus with the corporation THE TOWN OF BERGEN or its affiliates?

89. Was Plaintiff exercising his right to liberty of movement within the state?

90. Was Plaintiff within the state or this state?

91. Was Plaintiff involved in driving or operating?

92. Was defendant in complete want of all jurisdiction?

93. Did Defendant violate plaintiff's unalienable constitutionally secured rights?

94. Was the Bergen Town Courts jurisdiction invoked by a jurisdictionally sufficient accusatory instrument alleging each and every essential element of the charges alleged and the Plaintiffs commission therefore supported by oath and affirmation?

95. Did the Plaintiff, in the Bergen Town Court action, "The People of the State of New York" have standing to invoke the court jurisdiction or was Defendant in complete want of all jurisdiction?

Dated June 29, 2012
Rochester, New York
United States of America

Daniel J. Wik

Plaintiff without representation,
in propria persona
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York
(585)-957-5902

# Verification

New York State    )
                  ) solemnly affirming and subscribing
Monroe County     )

     I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirming,

according to law that the contents herein are true, correct and complete, and I affirm and verify

that:

1. Your Affiant is over twenty–one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the
   facts as noted in said Memorandum/Reply to Motion for Summary Judgment.

3. The contents of this Memorandum/Reply to Motion for Summary Judgment are true
   and correct to the best of Your Affiant's ability.

Respectfully Presented on June 29, 2012

Daniel J. Wik

Affirmed to before me this

$2\ 9$ day of June, 2012.

State of New York
County of Monroe
Subscribed and sworn to
before me this $29$ day
of June, 2012.

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048548
MY COMM. EXP. SEPT. 25, 2014

# Exhibit 1

# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK, | **AFFIDAVIT** |
| Plaintiff, | Index No.: 11 CV 6205 CJS |
| -vs- | |
| DONALD R. KUNEGO, in his personal and individual capacity, | |
| Defendant. | |

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF GENESEE )

MICHELLE M. SMITH, TOWN CLERK/TAX COLLECTOR for the Town of Bergen, affirms the following under penalty of perjury:

1.     That I am employed as the Bergen Town Clerk and Tax Collector in Bergen, New York.

2.     That the Honorable Donald R. Kunego is a duly elected Town Court Justice for the Town of Bergen, New York.

3.     That attached hereto as **Exhibit A** is a true and accurate copy of the Oath of Office executed by Judge Kunego and filed in the Bergen Town Clerk's Office, The Genesee County Clerk's Office and the New York State Office of Court Administration.

4.     Judge Kunego has been a Town Justice for the Bergen Town Court since he was first elected in 1985.

5.     Judge Kunego is covered by the Town of Bergen's public officials blanket bond. Based on the fact the Town of Bergen maintains a blanket undertaking covering officers, clerks

and employees, including Town Justices, Judge Kunego does not have to file a bond or undertaking individually. See Public Officers Law §11(2).

6.      Judge Kunego was a Bergen Town Court Justice at all times referenced in plaintiff's Complaint.

7.      That Judge Kunego presided over a criminal court matter involving the plaintiff and arising out of certain traffic citations issued to the plaintiff on July 27, 2010.

Michele M. Smith
Bergen Town Clerk/Tax Collector

Sworn to before me this
_13ᵗʰ_ day of April, 2012

Notary Public

ANNE M. SAPIENZA
Notary Public, State of New York
Qualified in Genesee County
Reg. # 4957216
Commission Expires Oct. 10, 20_13_

# Exhibit 2

# Exhibit 2

# GENESEE COUNTY CLERK
## Don M. Read

## ~ FREEDOM OF INFORMATION RESPONSE ~

To:    James E. Richardson
        15938 Roosevelt Hwy
        Kendall New York 14476

From:   Don M. Read

Re:     FOIL Request

Date:   August 18, 2010

In response to your Freedom of Information Request, dated 08-09-10 and received by this office on 08-17-10, please be advised that we do not have the document that you are requesting. [Justice Donald R. Kunego; Justice Robert Swapceinski & Justice William E. Kolmetz, Undertaking/Bond, bond amount, bond number, the bond holders name and address and the name and address of the claims adjuster.]   However, if you wish to receive a certified copy of this information from the County Clerk there would be a charge of $5.00.

Name of Agency Responding:   Genesee County Clerk
Mailing Address:                P.O. Box 379
                                  Batavia, New York 14021-0379



Genesee County Clerk's Office
STATE OF NEW YORK

I, Don M. Read, Clerk of the County of Genesee, of the County Court of said County and The Supreme Court, both being Courts of record, having a common Seal, do hereby certify that I have compared the copy of the_____ FREEDOM OF INFORMATION RESPONSE

_____ hereunto annexed with the original

___ FILED ___ _____ in this office indexex ON AUGUST 18, 2010 ___

_____ XRapp _____ and that the same is correct

transcript therefrom and of the whole of said original __ FREEDOM OF INFORMATION
RESPONSE

In Witness Whereof, I have hereunto set my hand and affixed the offical seal of said county at Batavia, this ___31ST_____ day of ____ AUGUST / 2010

_____ Clerk

_____ Deputy Clerk

# GENESEE COUNTY CLERK
## Don M. Read

## ~ FREEDOM OF INFORMATION RESPONSE ~

To:     James E. Richardson
          15938 Roosevelt Hwy
          Kendall New York 14476

From:   Don M. Read

Re:     FOIL Request

Date:   August 18, 2010

       In response to your Freedom of Information Request, dated 08-09-10 and received by this office on 08-17-10, please be advised that we do not have the document that you are requesting. [Justice Donald R. Kunego; Justice Robert Swapceinski & Justice William E. Kolmetz, Undertaking/Bond, bond amount, bond number, the bond holders name and address and the name and address of the claims adjuster.] However, if you wish to receive a certified copy of this information from the County Clerk there would be a charge of $5.00.

Name of Agency Responding:   Genesee County Clerk
Mailing Address:             P.O. Box 379
                             Batavia, New York 14021-0379

Signature                Don M. Read
                           Genesee County Clerk       08-18-10

     You have a right to appeal a denial of your application to the Genesee County Attorney, who must fully explain the reasons for such denial in writing seven business days within receipt of an appeal.

Telephone: 585-344-2550, Ext. 2244    E-Mail: dread@co.genesee.ny.us    FAX: 585-344-8521
    Genesee County Clerk, 15 Main Street, Post Office Box 379, Batavia, New York 14021-0379

# Exhibit 3

**Exhibit 3**

# GENESEE COUNTY CLERK
## DON M. READ

## ~ FREEDOM OF INFORMATION RESPONSE ~

To:      Daniel Joseph Wik

From:    *Don M. Read*

Re:      FOIL Request

Date:    September 24, 2010

In response to your Freedom of Information Request for:

"A copy of the records, documents, and/or certificate issued by the Genesee County Clerk and filed in the office of the executive department of the state showing the name each person so elected or appointed within the county who has duly qualified as is required by County Law 400(5) for the years 2005 to present."

Please be advised that this office has not filed any such record, document or certificate with the Executive Department of the State of New York for the years of 2005 to present."

Name of Agency Responding:   Genesee County Clerk
Mailing Address:             P.O. Box 379, Batavia, New York 14021-0379

Respectfully submitted,

*Don M. Read*
Genesee County Clerk

You have a right to appeal a denial of your application to the Genesee County Attorney, who must fully explain the reasons for such denial in writing seven business days within receipt of an appeal.

Telephone: 585-344-2550, Ext. 2244     E-Mail: dread@co.genesee.ny.us     FAX: 585-344-8521
Genesee County Clerk, 15 Main Street, Post Office Box 379, Batavia, New York 14021-0379

# Exhibit 4

**Exhibit 4**

# TOWN OF BERGEN

\* **ESTABLISHED APRIL 2, 1813** \*

**PO BOX 249**

**10 HUNTER STREET**
**BERGEN, NY 14416**
**PHONE: (585) 494-1121 \* FAX: (585) 494-1372**



SUPERVISOR
  DONALD S. CUNNINGHAM
COUNCILMEN
  BARRY MILLER, DEPUTY SUPERVISOR
  HUGH F. MCCARTNEY
  JOSEPH NENNI
  BRIAN STONE

SUPERINTENDENT OF HIGHWAYS
  DAVID C. ROGGOW

TOWN CLERK/TAX COLLECTOR
  MICHELE M. SMITH
JUSTICES
  DONALD KUNEGO
  ROBERT SWAPCEINSKI

ZONING & CODE ENFORCEMENT OFFICER
  DAVID MASON
ASSESSOR
  ANNE M. SAPIENZA

MARCH 2, 2011

DANIEL JOSEPH WIK
C/O 659 AVERILL AVENUE
ROCHESTER, NY 14607

DEAR MR. WIK:

IN RESPONSE TO YOUR APPEAL OF FOIL REQUESTS OF FEBRUARY 4, 2011 & DECEMBER 19, 2010; I HAVE ALREADY SENT YOU COPIES OF THE BLANKET BONDS THAT COVER ALL TOWN OFFICIALS INCLUDING THE JUSTICES FOR 2005 TO PRESENT AND BY LAW I DON'T HAVE TO SEND THEM TO YOU A SECOND TIME. I HAVE ALSO SENT YOU OATH CARDS THAT EXIST FOR THE JUSTICES AND WILL NOT SENT THEM A SECOND TIME. THERE IS NOT A RESOLUTION, ORDINANCE, LAW OR STATUTE ON RECORD AFFECTING THE BONDING OF THE JUSTICES. AS FOR THE OATH AND BONDING OF THE TOWN CLERK AND TOWN SUPERVISOR THEY HAVE ALSO BEEN SENT TO YOU AND WILL NOT BE SENT A SECOND TIME. I HAVE ALSO SENT YOU THE CORRESPONDENCE REGARDING JAMES RICHARDSON. GENESEE COUNTY DOES NOT EXECUTE CERTIFICATES OF ELECTION.

BY LAW I DO NOT HAVE TO RESPOND TO QUESTIONS I ONLY HAVE TO PROVIDE EXISTING RECORDS ON FILE. THE QUESTIONS ABOUT AUDIT DATES AND EXECUTIVE SESSION DO NOT HAVE TO BE ANSWERED. THERE IS NOT A CONTRACT, AGREEMENT OR RESOLUTION REGARDING PROSECUTION OF ACTIONS OCCURRING WITHIN THE VILLAGE SINCE IT IS A TOWN COURT WHICH INCLUDES THE VILLAGE.

SINCERELY,

*Michele M. Smith*

MICHELE M. SMITH,
TOWN CLERK

THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
COPY OF A RECORD ON FILE IN THE TOWN CLERK'S
OFFICE, TOWN OF BERGEN, BERGEN, NY.

DATE 4/1/11   *Michele M. Smith* REGISTRAR
DO NOT ACCEPT THIS COPY UNLESS THE RAISED SEAL
OF THE ISSUING LOCALITY IS AFFIXED THEREON.

# Exhibit 5

# Exhibit 5

# Affidavit of Daniel Joseph Wik

Daniel Joseph Wik affirms, deposes and says:

1. I am man not a person.
2. I am not a corporation, trust, person, or any form of legal entity.
3. My nationality is New York.
4. I do not believe I am a United States citizen but is a New Yorker.
5. At all times relative to this action I was not in the capacity as trustee, general partner, or involved with any legal entities.
6. My rights are unalienable and come from his creator.
7. I have not waived any of my rights knowingly, willing, or intentionally.
8. I have never knowingly, willing, or intentionally volunteered into servitude.
9. I was not involved in any commercial activity, commerce, traffic or activity that was regulated or operating a motor vehicle within this state at all times relative to this action.
10. I was exercising my liberty of movement within the state at all times relative to this action.
11. I was going about his private affairs at all times relative to this action.
12. I have a right to be left alone and to exercise my private affiants without interference.
13. I was seized in my liberty without a warrant against my will in the state.
14. I have not entered in any contract or agreement with the corporation's the Town of Bergen, the County of Genesee, or the State of New York knowingly, willingly, or intentionally.
15. Defendant has not provided any contracts that involve me.
16. I am not a resident or registered voter, member of the body politic of the corporation the Town of Bergen, the County of Genesee, or the State of New York, the United States.
17. I have never knowingly, willingly, or intentionally entered into a contract with corporation the Town of Bergen, the County of Genesee, the State of New York, or the United States creating a nexus to Plaintiffs private affairs.
18. I am not a member of the body politic THE TOWN OF BERGEN, THE COUNTY OF GENESEE, THE STATE OF NEW YORK, THE UNITED STATES.

19. I was denied a timely probable cause hearing on two occasions relative to this action.

20. I had my papers seized without a warrant supported by oath or affirmation against my will relative to this action.

21. I did not enter a plea in the Bergen Town Court until the day of trial relative to this action.

22. I did not provide a waiver pursuant to CPL §170.65 relative to this action.

Respectfully Presented on June 29, 2012

Daniel Joseph Wik

Affirmed to before me this

$\underline{29}$ day of June, 2012.

State of New York
County of Monroe
Subscribed and sworn to
before me this ...day
of ...

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048548
MY COMM. EXP. SEPT. 25, 2014

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.                                                                          **PROOF OF SERVICE**

Donald R. Kunego

**CASE NO:6:11–cv-06205-CJS**

Defendant:

## PROOF OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

### Memorandum/Reply to Motion for Summary Judgment

by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 29th of June 2012, with first class postage prepaid and properly addressed to each of the following:

> Lippman O'Connor
> 300 Olympic Towers
> 300 Pearl Street
> Buffalo, NY 14202

*Wik v Kunego*                    *Page 1 of 2*                    *6/29/2012*

Att: Robert H. Flynn

Daniel J. Wik,

*signature*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York
(585)-957-5902