FILED
JUL 30 2012
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
### through the
### Western District of New York

| | |
|---|---|
| Daniel J. Wik<br>c/o non-domestic<br>659 Averill Avenue; near:<br>Rochester, New York<br><br>                              **Plaintiff,**<br>v.<br><br>Richard Dollinger, in his individual and official capacity,<br>    207 Hall of Justice<br>    Rochester, New York 14614<br><br>                              **Defendants:** | **CONSTITUTIONAL<br>TORT<br>COMPLAINT**<br><br>First, Fourth, Fifth<br>Six, Eighth<br>Amendments and<br>Constitution of the<br>United States of<br>America<br><br>**CASE NO:**<br><br>12 CV 6399 |

## Introduction

1. I, Daniel J. Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am my self, and I bring this Complaint in, and by, my own proper self. I am a sui juris homo liber, a living, breathing man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, not a resident or citizen, or member of any corporation or body politic including but not limited the STATE OF NEW YORK, who has not voluntarily knowingly, willingly, or intentionally waived any rights nor appears in any diminished capacity, i.e. voluntary servant, but only appears as a sovereign American National man, a New Yorker, not a corporation, trustee, general partner, legal entity, fictitious entity, or as an agent but as a holder of due power bring forth this in Law Complaint for a order that Defendants has trespassed on and violated Plaintiffs rights as a man and to compel Defendants to refrain from any further trespass on and violation of rights against Plaintiff and for damages for such trespasses.

2. I have not knowingly, willingly, or intentionally waived ANY rights and will not unless if specifically waived in writing with full disclosure by way of my signature.
3. Plaintiff reserves the right to amend the Complaint

## Opening Statement

4. This is an action brought by Plaintiff against Defendants who was, at all relevant times, acting under color of State statutes, policies, and customs, violated due process of law, and subjected Plaintiff to deprivation of many inherent God given unalienable rights secured and guaranteed at least by the First, Fourth, Fifth, Sixth, and Eighth Amendments of the Constitution of the United States of America as set forth herein. Plaintiff brings this in Law action and is seeking relief and judgment based on the herein stated claims and causes of action.

## Jurisdiction and Venue

5. Plaintiff invokes this court's jurisdiction according to the First Article of Amendment of the Constitution of the United States of America.
6. Plaintiff further invokes this court's jurisdiction over the subject matter of this case according to Article III, § 2 of the Constitution of the United States of America, in accord with the First, Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution of the United States of America.
7. At all times relevant, the cause of action were committed within New York.
8. All of the events complained of herein occurred on or after July 28, 2010 therefore filed timely.
9. If this is not the correct court Plaintiff requests that this Court transfer this Complaint to the correct court and notify Plaintiff.

## Definitions

10. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined herein as a first person singular pronoun (like: I, me, my, mine, etc.), which pronouns always herein means: Daniel J. Wik, or his possessory interest.
11. "Daniel J. Wik" is both Plaintiffs name and Plaintiffs complete address.

12. Plaintiff's name was given to Plaintiff by Plaintiff's Father in a solemn religious ceremony and when Plaintiff came of competent age Plaintiff covenanted with God to keep Plaintiff's name sacred and free from perversions. Thus violating Plaintiff's name violates Plaintiff's rights to religious freedom.
13. Plaintiff's name is an English language proper noun.
    A. Therefore, according to the rules of the English language, said name must at all times be spelled with capital and lower case letters (as it is throughout this complaint).
    B. According to the English language rules Proper nouns not properly capitalized are misspelled; and, Implications at law indicate spellings in the nature of all capital letters can only indicate dead persons or some fictitious business name or corporate capacity; and, Plaintiff is neither dead nor in corporate capacity;
    C. Misspellings indicate some other person other than Plaintiff.
14. Plaintiff's exact mailing location is:
    "c/o non-domestic, 659 Averill Avenue; near: Rochester, New York".
15. Plaintiff does not utilize a zip code pursuant to Domestic Mail Manual 602 1.3(e).
16. Said mailing location is a *de jure* New York, Republic location, one of the several states, and as such is not part of the corporation known as: "THE STATE OF NEW YORK", and is not part of the corporation known as" "The UNITED STATES GOVERNMENT", and therefore said location cannot be represented by corporate state or federal zone locators like, zip codes, and/or corporate trademarks like "NY". Mail addressed with federal such zone locators will not be delivered to Plaintiff and if such are by mistake or any other means delivered, as a matter of law, such mail cannot be accepted or received without committing a crime and will therefore be refused.

## Parties

**Daniel J. Wik**

17. I, Daniel J. Wik, am the aggrieved party. I am a sui juris homo liber, a man. I am not representing (re-presenting) myself, I am my self, and I bring this case in, and by, my own proper self and not in any corporate, re-presented, agent, general partner, legal, or fictitious capacity.

   A. Plaintiff can be contacted only in person, or through Plaintiff's mailing location.
   B. Plaintiff is required by the Law of Gospel, as recorded in the Bible, to stand as himself at law and defend his stewardship, which Law is the Law of the Land as declared in Public Law at 97-280, and which law Plaintiff has covenanted to obey and therefore this serves as lawful Notice of Foreign Law upon all who enter into this action.
18. Plaintiff at all times relevant to this Complaint is living in New York, and has done so for several years.

**Richard Dollinger**

19. Richard Dollinger (hereinafter "Dollinger"), is the Defendants, and was at all times relevant, a person present within the geographical area of New York.
20. Dollinger is a person who under color of law committed acts which resulted in unreasonably deprived Plaintiff of liberty and happiness and depriving Plaintiff's God given inherent Constitutionally secured rights, deprived Plaintiff of due process of law, and so directly caused, and conspired with others to cause the suffering and damages to Plaintiff and Plaintiff's family have undergone in this matter.
21. Dollinger knew or should have known that his actions were under color of law were in violation of law and his alleged oath of office, and deprived Plaintiff of Constitutionally secured rights and unalienable rights.
22. Dollinger is the direct or proximate cause of great suffering and damage to Plaintiff and Plaintiff's family.
23. Dollinger is being sued in his individual and in his official capacity.

## Notice of Protest

24. I specifically protest having to tender a money order fee to have this in Law Petition for Redress of Grievance in the Nature of a Complaint for Constitutional Torts. I do not waive any right or bring this action into equity by tendering said fee. I additionally specifically object to the use of Federal Reserve Notes and money orders as the species of tender required under threat, duress, and coercion in that if I did not tender said "fees" and "notes" the clerk would deny me my right to petition for redress of grievance in violation of my natural inherent rights secured by the First Amendment to the Constitution of the United

States of America. If allowed, Plaintiff would make payment in lawful money being gold and/or silver coin of the United States of America.

## Material facts

25. Paragraphs 1 through 24 are incorporated as though fully stated herein.
26. Dollinger holds himself out to be a State of New York Supreme Court Justice.
27. The State of New York is a corporation which trades in private commercial paper and securities (Federal Reserve Notes).
28. Pursuant to the Clearfield Doctrine the State of New York descends to the level of a mere private citizen in this particular instance.
29. The State of New York is different and not the same as the state of New York.
30. The Declaration of Independence and Constitution of the United States of America recognizes and acknowledges Plaintiffs' unalienable right to Life, Liberty, and the pursuit of Happiness.
31. Dollinger's actions of rescinding Plaintiffs' Writ of Habeas Corpus trespassed and violated Plaintiffs' unalienable right to Life, Liberty, and the pursuit of Happiness.
32. Pursuant to the Declaration of Independence Governments are instituted to secure Men's rights not to violate or trespass upon them.
33. On or about July 27, 2010 Plaintiff was unlawfully restrained in his liberty within the state at Genesee County, New York for a violation of New York State Vehicle and Traffic Laws.
34. Violations of New York State Vehicle and Traffic Laws are civil offense not criminal.
35. Plaintiff was incarcerated with persons who were under arrest for criminal violations.
36. Plaintiff was restrained in his liberty within the state for a total of approximately five (5) days.
37. On or about July 29, 2010 a Petition for a Common Law Writ of Habeas corpus was filed with the Monroe County Clerk on behalf of Plaintiff.
38. On or about July 30, 2010 Judge Alex R. Renzi issued Plaintiffs Writ of Habeas Corpus.
39. Said Writ ordered Gary T. Maha to produce the Plaintiff and a Return to the Writ.
40. Plaintiff was not ever brought to a hearing on the Petition for a Writ of Habeas Corpus.

41. Respondent never served and filed a Return to the Writ.
42. On or about July 30, 201 Dollinger allegedly rescinded the Writ of Habeas Corpus issued by Judge Alex R. Renzi.
43. Dollingers actions had the effect of the Writ of Habeas Corpus not issuing to review Plaintiffs unlawful restraint in liberty.
44. Dollinger did not issue any related Decision or Order regarding the Petition for a Writ of Habeas Corpus.
45. Issuing the Writ of Habeas Corpus is a ministerial duty.
46. Plaintiff has a clear and established right to the issuance of a Writ of Habeas Corpus when unlawfully restrained in liberty within the state.
47. Dollinger has no immunity for ministerial acts.
48. The Laws of New York make a judge who refuses to issue a Writ of Habeas Corpus personally liable for penalties.
49. The Laws of New York authorizes an action to be brought against a judge personally that does not issue the Writ of Habeas Corpus.
50. Dollinger has no immunity for violating Plaintiffs' Constitutionally secured rights.
51. Dollinger trespassed on Plaintiffs' unalienable right to Life, Liberty, and the pursuit of happiness by rescinding the Writ of Habeas Corpus to inquire into Plaintiffs' unlawful restraint in liberty within the state.
52. Plaintiff has not consented to be unlawfully restrained in his liberty within the state.
53. Plaintiff has a Constitutionally secured right to Liberty pursuant to the Constitution of the state of New York, Constitution of the State of New York, and the Constitution of the United states of America.
54. Dollinger's acts were not discretionary.
55. Dollinger conspired with others including but not limited to Donald R. Kunego, Robert Noonan to deprive Plaintiff of his Liberty, Happiness, due process, and equal protection of the law.
56. Dollinger's acts are not reasonable and shock the conscience of a reasonable man.

57. Dollinger's conduct violated clearly established inherent and Constitutionally secured rights of which a reasonable person would have known.
58. Dollinger knew or should have known his acts violated Plaintiff's rights.
59. Dollinger has obstructed the issuance of Plaintiff Writ of Habeas Corpus.
60. Dollinger acts are arbitrary and conscience shocking in a Constitutional sense.
61. Dollinger's acts were so obviously wrong pursuant to preexisting laws that only a plainly incompetent officer or one who was knowingly violating the law would have done such acts.
62. Dollinger's acts demonstrate a policy and custom of the Monroe County Supreme Court and State of New York to violate Constitutionally secured rights.
63. The system of the State of New York, Office of Court Administration, and Monroe County Supreme Court failed to adequately protect Plaintiff's Constitutionally secured rights.
64. Plaintiff and Plaintiff's family have suffered and continue to suffer mental anguish due to this issue.
65. Plaintiff suffered a loss of time and opportunity of his life.
66. Others in similar situation have had the Writ of Habeas Corpus issued.

## Federal Causes of Action

### *As and for the first cause of Action*

67. Paragraphs 1 through 66 are incorporated as though fully stated herein.
68. Defendants violated Plaintiff's unalienable right secured by the First Amendment to the Constitution of the United States of America to petition the Government for a redress of grievance by rescinding the Writ of Habeas Corpus which effectively was not performing the ministerial duty of issuing Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the second cause of Action*

69. Paragraphs 1 through 69 are incorporated as though fully stated herein.

70. Defendants violated Plaintiff's unalienable right secured by the Fourth Amendment to the Constitution of the United States of America to be secure in his person against unreasonable seizures was violated by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the third cause of Action*

71. Paragraphs 1 through 69 are incorporated as though fully stated herein.
72. Defendants violated Plaintiff's unalienable right secured by the Fourth Amendment to the Constitution of the United States of America to not have a warrant issue except based upon probable cause supported by oath or affirmation by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the fourth cause of Action*

73. Paragraphs 1 through 69 are incorporated as though fully stated herein.
74. Defendants violated Plaintiff's right secured by the Fifth Amendment to the Constitution of the United States of America to not be deprived of liberty without due process of law by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the fifth cause of Action*

75. Paragraphs 1 through 69 are incorporated as though fully stated herein.
76. Defendants violated Plaintiff's right secured by the Six Amendment to the Constitution of the United States of America to be informed of the nature and cause of the accusation by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the sixth cause of Action*

77. Paragraphs 1 through 69 are incorporated as though fully stated herein.
78. Defendants violated Plaintiff's right secured by the Six Amendment to the Constitution of the United States of America to be confronted with the witnesses against him by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the seventh cause of Action*

79. Paragraphs 1 through 69 are incorporated as though fully stated herein.
80. Defendants violated Plaintiff's right secured by the Eighth Amendment to the Constitution of the United States of America to excessive bail was violated by recinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the eighth cause of Action*

81. Paragraphs 1 through 69 are incorporated as though fully stated herein.
82. Defendants violated Plaintiff's right secured by the Eighth Amendment to the Constitution of the United States of America to cruel and unusual punishment inflicted by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the ninth cause of Action*

83. Paragraphs 1 through 69 are incorporated as though fully stated herein.
84. Defendants violated Plaintiff's privilege secured by the Constitution of the United States of America to the Writ of Habeas Corpus when not in rebellion or invasion, the public safety required its suspension by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the tenth cause of Action*

85. Paragraphs 1 through 69 are incorporated as though fully stated herein.
86. Defendants violated Plaintiff's privilege secured by the Constitution of the state of New York to the Writ of Habeas Corpus when not in rebellion or invasion, the public safety required its suspension by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the eleventh cause of Action*

87. Paragraphs 1 through 69 are incorporated as though fully stated herein.
88. Defendants violated Plaintiff's privilege secured by the Constitution of the State of New York to the Writ of Habeas Corpus when not in rebellion or invasion, the public safety required its suspension by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the twelfth cause of Action*

89. Paragraphs 1 through 69 are incorporated as though fully stated herein.
90. Defendants violated Plaintiff's right to equal protection of the laws secured by the laws of the United States of America by rescinding Plaintiff's Writ of Habeas Corpus to review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

### *As and for the thirteenth cause of Action*

91. Paragraphs 1 through 69 are incorporated as though fully stated herein.
92. Defendants violated Plaintiff's right to liberty secured by the Constitution of the state of New York, Constitution of the State of New York , and the laws and constitution of the United States of America by effectively placing Plaintiff in involuntary servitude against his will without being convicted of a crime by rescinding Plaintiff's Writ of Habeas Corpus to

review Plaintiff's unlawful restraint in liberty within the state which resulted in Plaintiff's continued unlawful restraint in liberty within the state.

## Request for Relief

93. Plaintiff requests injunctive relief barring any continuing and future trespass on and violation of rights against Plaintiff and a declaratory judgment and order that Plaintiff's rights were trespassed on and violated by Defendants in that:
    a. Defendants violated Plaintiff's right secured by the First Amendment to the Constitution of the United States of America to petition the Government for a redress of grievance by rescinding Plaintiff's Writ of Habeas Corpus.
    b. Defendants violated Plaintiff's right secured by the Fourth Amendment to the Constitution of the United States of America to be secure in his person against unreasonable seizures rescinding Plaintiff's Writ of Habeas Corpus.
    c. Defendants violated Plaintiff's right secured by the Fourth Amendment to the Constitution of the United States of America to not have a warrant issued but upon probable cause supported by oath or affirmation by rescinding Plaintiff's Writ of Habeas Corpus.
    d. Defendants violated Plaintiff's right secured by the Fifth Amendment to the Constitution of the United States of America to not be deprived of liberty without due process of law by rescinding Plaintiff's Writ of Habeas Corpus.
    e. Defendants violated Plaintiff's right secured by the Six Amendment to the Constitution of the United States of America to be informed of the nature and cause of the accusation by rescinding Plaintiff's Writ of Habeas Corpus.
    f. Defendants violated Plaintiff's right secured by the Six Amendment to the Constitution of the United States of America to be confronted with the witnesses against him by rescinding Plaintiff's Writ of Habeas Corpus.
    g. Defendants violated Plaintiff's right secured by the Eighth Amendment to the Constitution of the United States of America to excessive bail by rescinding Plaintiff's

   Writ of Habeas Corpus since there was no authority to restrain Plaintiff in his liberty nor require bail.

   h. Defendants violated Plaintiff's right secured by the Eighth Amendment to the Constitution of the United States of America to cruel and unusual punishment being inflicted by rescinding Plaintiff's Writ of Habeas Corpus since there was no authority to restrain Plaintiff in his liberty nor require bail.
   i. Defendants violated Plaintiff's privilege secured by the Constitution of the United States of America to the Writ of Habeas Corpus when not in rebellion or invasion the public safety required it by rescinding Plaintiff's Writ of Habeas Corpus.
   j. Defendants violated Plaintiff's privilege secured by the Constitution of the state of New York to the Writ of Habeas Corpus when not in rebellion or invasion, the public safety may require its suspension by rescinding Plaintiff's Writ of Habeas Corpus.
   k. Defendants violated Plaintiff's privilege secured by the Constitution of the State of New York to the Writ of Habeas Corpus when not in rebellion or invasion, the public safety may require its suspension by rescinding Plaintiff's Writ of Habeas Corpus.
   l. Defendants violated Plaintiff's right to equal protection of the law guaranteed by the laws and Constitution of the United States of America by rescinding Plaintiff's Writ of Habeas Corpus.
   m. Defendants have effectively placed Plaintiff in involuntary servitude against his will by rescinding Plaintiff's Writ of Habeas Corpus;
   n. Defendants did not secure Plaintiffs rights by rescinding Plaintiff's Writ of Habeas Corpus; and

94. Plaintiff reserves the right to amend this Complaint; and
95. Plaintiff requests a Order for all penalties allowed by laws of the state of New York, State of New York, and the United States of America for the trespass on Plaintiffs' Constitutionally secured right ; and
96. Plaintiff requests a Order for all compensation deemed just and fair by a Jury of Plaintiffs peers; and
97. Plaintiff requests a Order making him and his family whole again; and

98. Plaintiff requests that if there are any errors, omission, that Plaintiff be allowed to amend this Complaint.

Respectfully Presented on July 30, 2012

                        In Fact,

                        Daniel J. Wik

                        *[signature]*

                        Plaintiff without representation, in propria persona
                        c/o non-domestic
                        659 Averill Avenue
                        Rochester, New York 14607
                        (585)-957-5902

## Verification

New York State  )
                ) solemnly affirming and subscribing
Monroe County   )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirm, according to law that the contents herein are true, correct and complete, and I affirm and verify that:

1. Your Affiant is over twenty-one years of age and is competent to testify.
2. Your Affiant has specific and personal knowledge of each of these events and of the facts as noted in said Complaint.
3. The contents of this Complaint are true and correct to the best of Your Affiant's ability.

Respectfully Presented on July 30, 2012.                      In Fact,
                                                              Daniel J. Wik

Affirmed before me this
30 day of July, 2012.

New York       )
               ) ss.:
Monroe County  )

On the _30_ day of _July_ in the year _2012_, before me, the undersigned, personally appeared _Daniel J Wik_ personally known to me or proved to me on the same basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledge to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public, State of New York/Commissioner of Deeds
Commission Expires:_____

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048546
MY COMM. EXP. SEPT. 25, 2014

*"Wik v. Dollinger"*                                          7/30/2012
*Complaint*