**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DANIEL J. WIK,

        Plaintiff(s),
  v.

DONALD R. KUNEGO,
in his personal and individual capacity,

        Defendant(s).
_____

**DECISION AND ORDER**
11-CV-6205



### Preliminary Statement

On April 18, 2011, *pro se* plaintiff commenced this action against defendant Donald R. Kunego, a Bergen Town Court Judge. See Complaint (Docket # 1). Plaintiff's claims arise out of the issuance of various vehicle and traffic citations he received in the Town of Bergen, New York and the subsequent dealings he had with the Bergen Town Court and defendant Bergen Town Court Judge Kunego. In his Complaint, plaintiff asserts thirteen causes of action for alleged violations of his constitutional rights. Id.

By Order of Judge Charles J. Siragusa, dated June 7, 2011, all pretrial motions excluding dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket # 8). Currently pending before the Court is plaintiff's motion for subpoenas and to enlarge the number of depositions to greater than ten (Docket # 13), and his motions to compel, for sanctions, and for an extension of time to complete discovery (Docket # 16).

**Discussion**

**A. Plaintiff's Motion for Subpoenas and to Enlarge the Number of Depositions**: In this motion, plaintiff seeks (i) an Order to issue subpoenas, and (ii) an enlargement of the number of depositions he is permitted to take to greater than ten. (Docket # 13). Plaintiff asserts that taking more than ten depositions is "necessary" here because there is a large "number of people having pertinent information to this case." See Affirmation of Daniel J. Wik annexed to Docket # 13 at ¶ 9. Plaintiff contends that the Court should enlarge the number of depositions "to approximately 20 (twenty) in order to allow me due process to investigate all the information necessary to prove my cause of action." Id. Plaintiff requests that the Court issue subpoenas for non-parties so he may "obtain the information necessary to prove the case." Id. at ¶ 11.

Ordinarily, parties are limited to taking ten depositions. Pursuant to Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure ("FRCP"), a party may apply for leave of court to take more than ten depositions. When determining whether to grant a request to take more than ten depositions, courts consider whether the proposed discovery is cumulative or duplicative, or available from some other source, whether the party seeking the proposed discovery has had ample opportunity to obtain the information by discovery and whether the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P.


26(b)(2)(C). Here, plaintiff has failed to make the required showing. Accordingly, plaintiff's request to take greater than ten depositions is **denied.**

Plaintiff's request for the Court to issue subpoenas on the non-parties is also **denied.** To secure the appearance of non-party witnesses at a deposition, plaintiff must make arrangements for the witness to be personally served with a subpoena that is accompanied by money orders for witness fees and, if applicable, travel expenses. Fed. R. Civ. P. 45; 28 U.S.C. § 1821.

**B. Plaintiff's Motion to Compel, for Sanctions, and for an Extension**: In this motion, plaintiff seeks (i) an Order compelling defendant to produce his Rule 26 mandatory disclosures, (ii) sanctions against defendant for failing to timely produce his Rule 26 mandatory disclosures, and (iii) a sixty day extension of the Scheduling Order deadlines. (Docket # 16).

Pursuant to the Court's July 13, 2011 Scheduling Order (Docket # 9), the parties' Rule 26 mandatory disclosures were due by August 15, 2011. On September 16, 2011, plaintiff filed the instant motion to compel, pointing out that defendant had missed the deadline to produce his Rule 26 disclosures and requesting that he be sanctioned for his failure to timely produce them. (Docket # 16). Three days later, on September 19, 2011, defendant filed his Rule 26 mandatory disclosures. (Docket # 15). Defense counsel, Robert H. Flynn, Esq., has submitted an affidavit, apologizing and

3

explaining his mistake. See Affidavit of Robert H. Flynn, Esq. (Docket # 19). Flynn avers that his "calendar/diary system was inaccurate" and he mistakenly confused the deadlines in this case with deadlines in another case in which Mr. Wik is the plaintiff. See id. at ¶¶ 7-11. As a result, he "mistakenly believed that the disclosures were due on September 30, 2011." See id. ¶ 11. Defense counsel further avers that he "had no intentions of purposely thwarting the discovery process." Id. at ¶ 12. The Court does not find that defendant's untimely production was made in bad faith or was motivated by improper purposes. Accordingly, plaintiff's motion to compel is **denied as moot** and his request for sanctions is **denied**.

Finally, plaintiff's request for an extension of the Scheduling Order deadlines is **denied without prejudice**. All of the deadlines in the Court's Scheduling Order (Docket # 9) have expired. On April 13, 2012, the defendant filed a motion for summary judgment on the basis that plaintiff's claims against the defendant are barred by judicial immunity. See Docket # 25. The motion is currently pending before Judge Siragusa.

Should Judge Siragusa deny the defendant's motion for summary judgment, defense counsel shall immediately notify this Court and a status conference with the Court will be convened for the purpose of establishing the need for further discovery and establishing a final scheduling order.

## Conclusion

Plaintiff's motion for subpoenas and for enlargement of the number of depositions (Docket # 13) is **denied**. Plaintiff's motion to compel (Docket # 16) is **denied as moot,** for sanctions (Docket # 16) is **denied,** and for an extension (Docket # 16) is **denied without prejudice.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  September 27, 2012
Rochester, New York