# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                Plaintiff,

-vs-

DONALD R. KUNEGO, in his personal and individual capacity,

                Defendant.

DECISION and ORDER

11-CV-6205-CJS

## APPEARANCES

For Plaintiff:                Daniel J. Wik, *pro se*
                                      659 Averill Avenue
                                      Rochester, NY 14607

For Defendant:              Robert H. Flynn, Esq.
                                      Lippman O'Connor
                                      300 Olympic Towers
                                      300 Pearl Street
                                      Buffalo, NY 14202

## INTRODUCTION

**Siragusa, J.** This is an action in which the *pro se* Plaintiff is suing Defendant, who is a Town Justice in the Town of Bergen, New York, because Defendant allegedly failed to provide him with certain documents pertaining to a prosecution against him. Now before the Court is Defendant's motion for summary judgment, filed April 13, 2012, ECF No. 25. The application is granted and this action is dismissed.

## BACKGROUND

The following facts are taken from the Complaint and from Defendant's summary judgment motion. Defendant is one of two town justices in the Town of Bergen. The other town justice is the Honorable Robert G. Swapcienski, against whom Plaintiff filed a

separate lawsuit in this Court. *See, Wik v. Swapcienski*, 11-CV-6220-CJS. Plaintiff alleges that on or about July 27, 2010, he was "unlawfully restrained in his liberty at Bergen Town, Genesee county [sic], New York under force of arms," and appeared before Defendant. Compl. ¶¶ 35–36. He alleges that although Defendant "holds himself out to be a New York public officer namely a Bergen Town Court Justice," he is "not titled to possess the office of Bergen Town Court Justice." Compl. ¶¶ 39–40. Plaintiff contends that Defendant is not a judicial officer because he does not have "certificates from the Genesee County Clerk" attesting to that fact, because the Town of Bergen has "never authorized the use of a blanket bond," and because Defendant has "refused to present his pocket commission."[1] Compl.¶¶ 40–46.

In or about July 2010, Plaintiff was prosecuted in Bergen Town Court in a case assigned to Defendant. The prosecution involved a number of traffic violations and a misdemeanor charge of Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree ("AUO2nd"). Plaintiff pleaded guilty to AUO2nd. Nevertheless, in this lawsuit, Plaintiff has various complaints about the manner in which Defendant handled his case. For example, Plaintiff maintains that Defendant violated his rights by referring to him, in a document, as "DANIEL J WIK" rather than "Daniel J. Wik." On this point, Plaintiff states:

> "Daniel J. Wik" is both Plaintiff's name and Plainitiff's complete address. Plaintiff's name was given to Plaintiff by Plaintiff's Father in a solemn religious ceremony and when Plaintiff came of competent age Plaintiff convenanted with God to keep Plaintiff's name sacred and free from

---

[1] A "pocket commission" is an identification credential carried by agents employed by the Internal Revenue Service. *See, Jewett v. U.S.*, No. 3:04CV7640, 2005 WL 1120316 at *2 (N.D. Ohio Feb. 18, 2005).

> perversions. Thus violating Plaintiff's name violates Plaintiff's rights to religious freedom. Plaintiff's name is an English language proper noun. Therefore, according to the rules of the English language, said name must at all times be spelled with capital and lower case letters. . . . According to English language rules Proper nouns not properly capitalized are misspelled; and, Implications at law indicate spellings in the nature of all capital letters can only indicate dead persons or some fictitious business name or corporate capacity; and, Plaintiff is neither dead nor in corporate capacity.

Compl. ¶¶ 10–12. The foregoing excerpt is fairly representative of the nature and quality of the grievances that Plaintiff has directed at Defendant. His complaint contains thirteen causes of action, all alleging constitutional violations.

On April 13, 2012, Defendant filed the subject motion for summary judgment.[2] Defendant contends that this action is barred by the doctrine of absolute judicial immunity. In response, Plaintiff has raised four arguments:

Point 1   Defendant acted in the complete absence of all jurisdiction;

Point 2   Judicial Immunity does not apply to Constitutional Tort Causes of Action.

Point 3   Smith lacks authority to certify any facts except as to documents she is in custody of or facts she has first hand knowledge of.

Point 4   Defendant not titled to the original jurisdiction office of Bergen Town Justice for Bergen, New York.

Compl. at 1, 11, 13 & 16. Defendant has not filed a reply.

---

[2] Defendant provided the *pro se* Plaintiff with the *Irby* notice required by the Local Rules of Civil Procedure. *See*, *Pro Se Notice*, Apr. 13, 2012, ECF No. 25.

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

***Civil Rights***

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, *e.g., Monroe v. Pape*, 365 U.S. 167 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> ***
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).[3]

---

[3] Following the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009), there is some disagreement among district courts in this Circuit as to whether all of the foregoing "*Colon* factors" still apply. *See, e.g., Dilworth v. Goldberg*, 2011 WL 3501869 at * 17 (2d Cir. Jul. 28, 2011) ("*Iqbal* has caused some courts to question whether all five of the personal involvement categories survive that decision.") (collecting cases). It is unclear whether *Iqbal* overrules or limits *Colon*, therefore, in the absence of contrary direction from the Second Circuit, the Court will continue to apply those factors. *See, Platt v. Incorporated Village of Southampton*, 391 Fed.Appx. 62, citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, which sets forth all five of the *Colon* bases for imposing supervisory liability.

5

*Judicial Immunity*

It is well settled that judges generally have absolute immunity from being sued for actions arising out of their judicial activities:

> [J]udges generally have absolute immunity from suits for money damages for their judicial actions. Such judicial immunity is conferred in order to insure that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Thus, even allegations of bad faith or malice cannot overcome judicial immunity. In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.
>
> Judges are not, however, absolutely immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. In determining whether an act by a judge is 'judicial,' thereby warranting absolute immunity, we are to take a functional approach, for such immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches. The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.
>
> In employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature.

*Bliven v. Hunt*, 579 F.3d 204, 209-210 (2d Cir. 2009) (citations and internal quotation marks omitted).

## ANALYSIS

In this case, Plaintiff's complaints against Judge Kunego arise from actions that he took in his judicial capacity. As stated in Defendant's Memorandum of Law at 4, April 13, 2012, ECF No. 25-11, "It is clear that all of the allegations as against Judge Kunego took

place between the date of his arrest (July 27, 2010) and the date of his guilty plea (April 27, 2011). Any interactions between the plaintiff and Judge Kunego amounted to nothing more than than [sic] routine court proceedings." Nothing submitted by Plaintiff shows that Defendant acted in other than a judicial capacity in his various interactions with Plaintiff. Plaintiff also states that Defendant is not a duly elected Town Court Justice for the Town of Bergen, New York. However, that issue was put to rest in the affidavit of Michelle M. Smith, Town Clerk and Tax Collector for the Town of Bergen, who stated, "the Honorable Donald R. Kunego is a duly elected Town Court Justice for the town of Bergen, New York." Smith Aff. ¶ 2, Apr. 13, 2012, ECF No. 25-12. Included in Defendant's papers is his oath of office, notarized by Ms. Smith on December 15, 2009. Plaintiff has submitted no evidence in admissible form to contradict the Genesee County records showing that Judge Kunego is a duly appointed town justice. Other than disputing the Town Clerk's legal capability to attest that Defendant is a town justice, Plaintiff has submitted no evidence in admissible form to raise a material issue of fact with regard to Defendant's position as a town justice.

Plaintiff's argument, that, "While absolute judicial immunity may apply for money damages pursuant to a § 1983 claim no judicial immunity may be applied when the causes of action is pursuant to Constitutional Torts," is without authority and misstates the present state of the law. *See Butz v. Economou*, 438 U.S. 478, 503 (1978) ("This Court nevertheless ascertained and announced what it deemed to be the appropriate type of immunity from § 1983 liability in a variety of contexts.… The federal courts are equally competent to determine the appropriate level of immunity where the suit is a direct claim

under the Federal Constitution against a federal officer."); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, n.30 (1982) ("This case involves no issue concerning the elements of the immunity available to state officials sued for constitutional violations under 42 U.S.C. § 1983. We have found previously, however, that it would be 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials.' *Butz v. Economou*, 438 U.S., at 504.").

The appropriate level of immunity in a lawsuit against a judicial officer for having exercised his judicial duties is absolute immunity. From reading Plaintiff's memorandum of law, it appears he is under the mistaken belief that immunity does not apply when a lawsuit is brought directly under the Constitution, as opposed to bringing it under 42 U.S.C. § 1983. *See* Pl.'s Mem. of Law ¶ 28. However, Defendant's right to absolute immunity does not turn on whether Plaintiff's lawsuit here was brought under § 1983, or somehow directly under the Constitution. *See Ferranti v. Heinemann*, 468 Fed. App'x 85, 86 (2d Cir. 2012)

Further, Plaintiff's request to transfer his lawsuit to the "correct" court is denied. Federal district court is a correct court for bringing constitutional claims against State actors, such as a State judge. Even in State court, though, this claim would be dismissed for the same reason this Court is dismissing it here. Moreover, the Court rejects Plaintiff's contention that the Town of Bergen has lost "all sovereignty and must provide a contract or agreement they seeks [sic] to enforce with Plaintiff in order to have standing to invoke the Court['s] jurisdiction." Pl.'s Mem. of Law ¶¶ 31–32. Finally, to the extent that Plaintiff disputes whether the Town of Bergen has properly filed a blanket bond, instead of an

insurance policy, and whether the Town's actions meet the requirements of State law, the Court, having dismissed the Federal causes of action, declines to exercise jurisdiction over the remaining potential State causes of action. 28 U.S.C. § 1367(c).

Accordingly, Defendant is entitled to summary judgment on the basis of absolute judicial immunity.

## CONCLUSION

Defendant's motion for summary judgment, ECF 25, is granted, and this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: October 9, 2012
      Rochester, New York

               ENTER:        /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge