UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK,<br><br>                Plaintiff,<br><br>-vs-<br><br>DONALD R. KUNEGO,<br>in his personal and individual capacity,<br><br>                Defendant. | **AFFIRMATION OF COUNSEL**<br><br>Index No.: 11 CV 6205 CJS |

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF ERIE      )

Robert H. Flynn, Esq., being duly sworn deposes and says:

1.     I am an attorney duly licensed to practice in the State of New York, including the Western District of New York, and am affiliated with the law firm of Lippman O'Connor, attorneys for defendant, Hon. Donald R. Kunego, in the above-entitled action. As such, I am fully familiar with the facts and circumstances of this matter set forth herein.

2.     This Affirmation is submitted in opposition to plaintiff's Motion to Reconsider/Clarify/Objection [ECF 32]. This Affirmation is also submitted in support of Defendant's request for sanctions against the plaintiff, including attorneys' fees for having to oppose plaintiff's motion.

3.     As this Court is fully aware, plaintiff filed a similar Federal Court law suit against Bergen Town Court Justice Robert Swapcienski (*Wik v. Swapcienski, 11-CV-6220-CJS*). Within the context of that case, this Court had previously cautioned the plaintiff to forego any further frivolous conduct. The Order stated that continued frivolous conduct would result in "monetary damages and the dismissal of his actions with prejudice, as the Court, in its discretion, may deem

necessary to deter such frivolous and vexatious conduct". *See Wik v. Swapcienski, 11-CV-6220-CJS* (ECF 33).

4. Plaintiff's latest application before this Court can be considered nothing other than frivolous and vexatious. Within the confines of plaintiff's current motion he renews many of his prior complaints and nonsensical arguments. For example, plaintiff's penchant for over analyzing the use of certain pronouns and capital letters has resurfaced. However, this time plaintiff has gone way beyond those arguments and makes additional and more salacious accusations against this Court.

5. Mr. Wik has accused this Court of engaging in deceit and perpetrating a fraud against him. (See paragraph 48 of Mr. Wik's Affirmation.) Even more appalling is plaintiff's assertion that the actions of this Court have been "repugnant to the Constitution and that this Court is "treasonous" for finding the doctrine of Judicial Immunity to be applicable in this case. (See paragraph 27 of Mr. Wik's Affirmation.)

6. Plaintiff goes on to allege that he should be able to prosecute his case(s) "belligerently" and that he has been prevented from doing so. (See paragraph 46 of MR. WIK'S Affirmation.) Mr. Wik has also accused this Court of acting in a "direct conflict of interest" by finding the Judicial Immunity doctrine to be applicable. (See paragraph 63 of Mr. Wik's Affirmation.) In addition, plaintiff asserts that based on this Court's actions it is impossible for him to "obtain and fair and impartial decision". (See paragraph 64 of Mr. Wik's Affirmation.)

7. Essentially, Mr. Wik's current application is imbued with a plethora of other accusations, claims, indictments and various unsubstantiated insinuations which are derogatory to the Court as well as my client, the Honorable Donald R. Kunego.

8. Mr. Wik continues his rant that the "district court of the United States" is somehow separate and distinct from the "United States District Court". Plaintiff's was specifically cautioned in the above referenced Order to stop making nonsensical arguments "for why this Court is actually not this Court". Clearly, Mr. Wik has not heeded the Court's warning to refrain from this sort of conduct and your Affiant has been forced to endure and oppose yet another nonsensical application. Accordingly, an award of attorneys' fees as well as any other sanctions this Court deems just and proper is warranted.

9. Before getting to the merits, or lack thereof, of plaintiff's current motion, I must take this opportunity to address the format of plaintiff's motion papers. I am in receipt of an Affirmation with 95 numbered paragraphs. It appears that plaintiff attempts to make a total of ten (10) numbered "points". Plaintiff starts out with "Point 1" and continues to "Point 8" sequentially. The next numbered point is "Point 11" followed by a second "Point 8". I can only assume that the paragraphs were accidentally numbered incorrectly. However, if plaintiff has asserted additional points that I have not seen, I hereby reserve my right to address them after having the opportunity to review them.

10. Throughout the course of the case one thing has been abundantly clear, and that is the fact that the plaintiff does not believe that the laws of the State of New York apply to him. Plaintiff will not come right out and declare this in plain English, however his papers are replete with countless inferences to support it. At paragraph 30 of his Affirmation, plaintiff surmises that New York State is a "corporate body politic" and that only those who choose to participate in it can be bound by its laws.

11. Plaintiff also refers to the "republic of New York" and that he has not consented to the jurisdiction of the State of New York, ostensibly to avoid having to abide by the laws of

New York State. Regardless, the fact of the matter is that the laws of the State of New York do in fact apply to Mr. Wik.

12. It is ironic that the plaintiff has attempted to seek the protections of the United States Constitution yet simultaneously asserts that he has never consented to the jurisdiction of New York State. This is consistent with Mr. Wik's assertion that since he has never consented to the jurisdiction of New York State, state laws do not apply to him. Mr. Wik has been nothing short of evasive in this matter and it also appears that Mr. Wik chooses to recognize only those laws, rights or privileges that work to the benefit of Mr. Wik.

13. To accentuate this assertion, I will direct the Court's attention to sworn testimony given by the plaintiff. Attached hereto as *Exhibit B* are excerpts from plaintiff's 50-h Hearing:

> Q. Do you still live at 659 Averill Avenue?
> A. Since there's pending litigation, I'm going to choose not to be compelled to be a witness against myself by answering that. I will receive all correspondence there.
> Q. Where do you reside?
> A. Please define the word "reside"
> Q. Where do you live?
> A. Please define the word "live".
> Q. Where do you go to bed at night?
> A. Various locations.
> Q. Such as?
> A. Erie County, Monroe County, Genesee County.

(See **Exhibit H** at p. 4-5.)

> Q. Do you file New York State or Federal tax returns?
> A. I choose not to answer that question, and the fact – I choose not to testify against myself.
> Q. Did you file tax returns for the calendar year 2009?
> A. I choose not to give testimony against myself.
> Q. Did you file tax returns in 2008?
> A. I choose not to testify against myself.
> Q. I see. Do you have a valid New York State driver's license?
> A. I don't believe so.

>   Q. Have you ever applied for one from the New York State Department of Motor Vehicles?
>   A. I don't believe so.

(See **Exhibit H.** at p. 17-18.)

14. From this testimony one can safely infer that plaintiff has never had a driver's license yet he apparently operates motor vehicles on roads within the State of New York. Operating a motor vehicle in the State of New York without a license would be in contravention to the Vehicle & Traffic Laws of the State of New York. I have drawn my own conclusions and inferences relative to plaintiff's refusal to answer questions as to whether or not he files tax returns. However, those conclusions and inferences are not pertinent to the current application by the plaintiff.

15. As this Court is aware, plaintiff commenced this Federal Court lawsuit (as well as the action against Judge Swapcienski) after being stopped for various traffic violations in the Town of Bergen. Plaintiff eventually pled guilty, via an *Alford* plea, to one count of Aggravated Unlicensed Operation ("A.U.O.") of a motor vehicle (VTL §511-2(a)(4)) and one count of VTL §1110(a) for failure to obey a traffic control device. This plea was entered in satisfaction of all four of the tickets issued to Mr. Wik. (See Bergen Town Court Certificate of Disposition attached hereto as *Exhibit A*.)

16. In addition to Aggravated Unlicensed Operation of a Motor Vehicle, the plaintiff was also ticketed for speeding (VTL §1180), No Inspection Certificate (VTL 306-b) and Failing to Notify Address Change (VTL §509-8). According to the Certificate of Disposition, the plaintiff pled guilty to VTL §511-2(a)(4) and VTL §1110-a (reduction from original speeding ticket). Based on the guilty plea, the remaining two tickets were dismissed as part of the plea package.

17. Despite entering a *Alford* plea to charges outlined above, the plaintiff successfully appealed the A.U.O. conviction on the grounds that the accusatory instrument filed to support the Aggravated Unlicensed Operation charge was facially insufficient. As the Court is aware, plaintiff made reference to the successful Appeal in his motion papers and, in fact, attached a copy of the decision to his papers at Exhibit "3".

18. Also contained within that written decision, yet curiously not mentioned in plaintiff's motion papers, is the fact that plaintiff's conviction for failing to obey a traffic control device was "affirmed" by Justice Dadd. (See page "4" of Exhibit 3 of plaintiff's Affirmation.) It is interesting to note that Judge Dadd's decision on the Appeal was issued and subsequently filed on July 25, 2012, approximately 3 months before this Court granted defendant's motion for summary judgment. Yet plaintiff never brought this decision to this Court's attention until now. Any claim that the Appeal constitutes some form of new evidence is disingenuous.

19. In any event, Plaintiff argues that Judge Kunego never had "jurisdiction" over him because the accusatory instrument to support the A.U.O. charge was insufficient on its face. However, plaintiff made no similar motion or application to have the other three traffic offenses dismissed for lack of jurisdiction. Plaintiff's failure to do so in the local criminal court and on his Appeal, precludes him from now claiming that Judge Kunego never had jurisdiction.

20. Clearly, although there was a technical deficiency contained within the accusatory instrument, there is nothing more to suggest that there was a want of jurisdiction.

21. At paragraph "36" of plaintiff's Affirmation, Mr. Wik completely mischaracterizes the language of this Court's Decision and Order [ECF 32]. Mr. Wik claims that the Defendant herein somehow acquiesced to certain material facts. This claim is entirely false. In the Answer [ECF 7] to plaintiff's Complaint, the defendant either "denied" or "denied

knowledge or information sufficient to form a belief" as to paragraphs 1, 11, 13 and 16 of plaintiff's Complaint.

22. The wording within the Decision and Order which states "Defendant has not filed a reply" is a reference to the fact that your Affiant did not file a reply to plaintiff's opposition papers. This mischaracterization harkens back to this Court's previous reference to the "well known maxim that anyone who acts as his own lawyer has a fool for a client".

23. The remainder of plaintiff's arguments are grounded in his fundamental disagreement with the principles of Judicial Immunity. On the issue of Judicial Immunity, the Defendant hereby rests on the arguments set forth in our original moving papers and nothing proffered by the plaintiff now would necessitate any further discussion.

24. Finally, in another strange and bizarre twist of irony, the plaintiff alleges that unless the defendant is in compliance with the laws of the State of New York he is not entitled to act as a Town Justice for the Town of Bergen. (See paragraph 50 of plaintiff's Affirmation.) The plaintiff would have this Court reverse itself because of an unsubstantiated claim that Judge Kunego and/or the Town of Bergen failed to follow some vague reference to the "laws of the state". One can only assume that whatever New York State law plaintiff is referring to is applicable to individuals like Judge Kunego but not applicable to the plaintiff because he has not consented to jurisdiction.

25. It is clear that the instant motion is frivolous and fraught with disparaging and incendiary remarks. Based on the prior admonition to the plaintiff to avoid this type of conduct, your Affiant respectfully requests and award of attorneys fees and the imposition of any other sanction that this court deems just and proper.

**WHEREFORE**, it is respectfully requested that this Court issue an Order denying plaintiff's motion to reconsider/clarify/objection in its entirety together with costs, attorneys fees and other sanctions as the Court deems just and proper.

Dated: Buffalo, New York
December 20, 2012

/s/ Robert H. Flynn
Robert H. Flynn

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012 I electronically filed the foregoing Affirmation of Counsel with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following DM/ECF participants on this case and *via United States Mail*:

*Plaintiff*:

Daniel J. Wik
*Pro Se Plaintiff*
c/o non-domestic
659 Averill Avenue
Rochester, NY  14416


/s/ Robert H. Flynn
Robert H. Flynn