

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

**Plaintiff,**

v.

Donald R. Kunego.

**REPLY
AFFIDAVIT OF
Daniel Joseph Wik**

**CASE NO:6:11–cv–06205-CJS**

**Defendant:**

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affidavit in Reply to my Motion to Reconsider/Clarify/Objection in response to Defendants Affirmation of Counsel.

2. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action, and are true and correct to the best of my knowledge.

3. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined as a first person singular pronouns (like: I. me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the Man, or his possessory interest.

# Point 1
# Defendants Response is off point and fails to address all the issues

4. Defendants Affirmation of Counsel in response to Plaintiff's Motion to Reconsider/Clarify/Objection is off point and fails to address all the issues raised by Plaintiff in his motion. Defendant's affirmation contains a mirage of statements that have no nexus or stated link to the issues raised by Plaintiff. Defendant's affirmation contains

statements which are very misleading, and an attack on Plaintiff character and litigation motivations. Defendant attempts to infer facts and draw conclusions which lack logic and are outright incorrect. Plaintiff has a right to a finding of fact and conclusion of Law based on facts and reasoning. Nothing that Plaintiff has done is with the intent of bad faith or to waste anyone's time. Plaintiff has a Right to redress of grievance for the violations of his Rights secured by the Constitution of the United States of America including but not limited to his restraint in Liberty within the state. Defendant is not entitled to judicial immunity for non judicial functions and/or from declaratory relief. Plaintiff belief the application of judicial immunity as a doctrine in this particular case is repugnant to the concepts of the Constitution and therefore null and void. If Plaintiff has no remedy against Defendant for his actions in the conspiracy to trespass of Plaintiffs' Rights then Plaintiff has been placed in involuntarily servitude against his will and has no remedy.

## Point 2
### The state of New York (the state) and the State of New York (this state) are not the same entities.

5. While the Defendant does not want to concede to the fact that there exist a differences between the "state of New York", "State of New York", New York state, "New York State, "the state" and/or "this state" a analysis of the language of the laws demonstrates otherwise.

6. The laws are very clear and utilize specific words to indicate that there exist differences and specifically differentiates between these entities. In fact some law specifically differentiates between the two in the same sentence such as New York Real Property Law § 274-a which specifically states "…under the insurance law of **this state** and the **state of New York**…" This excerpt clearly differentiates between "**this state**" and the "**state of New York**."

> *New York Real Property Law § 274-a "…duly organized or licensed to do business in **this state** under the insurance law of **this state** and the **state of New York**, or an agency thereof and a political subdivision of the **state of New York** or an agency thereof may, in lieu of the said certificate, furnish a letter signed by a duly authorized officer, or employee or agent."*

7. An analysis of Real Property Law §16 and §17 shows a differentiation between citizens of

**"this state"** and **"the state"**.

> *New York Real Property Law § 16. Every alien holding real property in **this state**
> is subject to duties, assessments, taxes and burdens as if he were a citizen of **the**
> **state**.*

> *New York Real Property Law § 17. The heirs of an Indian to whom real property
> was granted for military services rendered during the war of the Revolution may
> take and hold such real property by descent as if they were **citizens of the state** at
> the time of the death of their ancestors. A conveyance of such real property to a
> **citizen of this state**, executed by such Indian or his heirs after March seventh,
> eighteen hundred and nine, is valid, if executed with the approval of the surveyor-
> general or state engineer and surveyor prior to January first, nineteen hundred
> and twenty-seven, and thereafter with the approval of the commissioner of
> transportation indorsed thereon.*

8. State Law § 1-a states that the capitol of the **"state of New York"** to be the city of

Albany and § 73 describes the great seal of **the state** to have the text "The great seal of

**the state of New York.**" It must be noted that the text is "the state of New York" and not

"The State of New York" or "THE STATE OF NEW YORK" which is a separate seal for

a different entity.

> *New York State Law § 1-a. The capital city of **the state of New York** is hereby
> designated to be the city of Albany.*

> *New York State Law § 73. Great seal of **the state**. The secretary of state shall
> cause to be engraved upon metal two and one-half inches in diameter the device
> of arms of this state, accurately conformed to the description thereof given in
> this article, surrounded with the legend, "The great seal of **the state of New**
> **York.**" It alone shall be used as the great seal of **the state**, and the secretary of
> state shall have the custody thereof.*

9. Judiciary Law *§ 3* prohibit the use of the word "court" by any entity except if it "…is

vested with judicial power or is a part of the judicial system of **the state…**"

> *New York Judiciary Law § 3. Use of term "court" prohibited. No person, firm,
> association or corporation shall hereafter use or employ the term "court" as part
> of or in connection with the name of any body, board, bureau, association,
> organization or corporation, or in referring to any body, board, bureau,*

association, organization or corporation, in such manner as to be calculated reasonably to lead to the belief that the body, board, bureau, association, organization or corporation is vested with judicial power or is a part of the judicial system of *the state*; the use of such term being expressly limited by this section for reference to a court of record or a court not of record, duly organized and existing under the laws of the state as a part of the judicial system of the state.

Any violation of this section shall be a misdemeanor.

10.  Penal Law § 10.00(1) defines a "offense" as conduct under the laws of **this state**

*New York Penal Law § 10.00(1) "Offense" means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of **this** state or by any law, local law or ordinance of a political subdivision of **this state**, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.*

11. Criminal Procedure Law §10.10 enumerates the criminal courts of **this state.**

*New York Criminal Procedure Law § 10.10 The criminal courts; enumeration and definitions.*
*The "criminal courts" of **this state** are comprised of the superior courts and the local criminal courts.*
*"Superior court" means:*
*The supreme court; or*
*A county court.*
*"Local criminal court" means:*
*A district court; or*
*The New York City criminal court; or*
*A city court; or*
*A town court; or*
*A village court; or*

12. Civil Practice Law and Rules § 7002(a) and § 7004 states a Habeas Corpus is issued on

behalf of behalf of **the state** when someone is restrained in the liberty within **the state,**

*New York CPLR § 7002(a) "A person illegally imprisoned or otherwise restrained in his liberty within **the state**, ... "*

*New York CPLR § 7004. Content of writ. (a) For whom issued. The writ shall be issued on behalf of **the state**, and where issued upon the petition of a private person, it shall show that it was issued upon his relation.*

13. Criminal Procedure Law §1.20(1) requires every accusatory instrument constitute an accusation on behalf of the state and entitled "**the people of the state of New York**" against a designated person

> *New York Criminal Procedure Law §1.20(1). "Accusatory instrument" means an indictment, an indictment ordered reduced pursuant to subdivision one-a of section 210.20 of this chapter,an information, a simplified information, a prosecutor's information, a superior court information, a misdemeanor complaint or a felony complaint. Every accusatory instrument, regardless of the person designated therein as accuser, constitutes an accusation on behalf of **the state** as plaintiff and must be entitled "**the people of the state of New York**" against a designated person, known as the Defendant.*

14.

15. Public Officers Law § 2 states that officers are elected by electors of **the state.**

> *New York Public Officer Law § 2. Definitions. The term "state officer" includes every officer for whom all the electors of **the state** are entitled to vote, members of the legislature, justices of the supreme court, regents of the university, and every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of **the state**, except United States senators, members of congress, and electors for president and vice-president of the United States. The term "local officer" includes every other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of **the state**, and every officer limited in the execution of his official functions to a portion only of **the state**. The office of a state officer is a state office. The office of a local officer is a local office.*

16. The 1821 "state of New York" Constitution starts with the text "We, **the people of the state of New York,** acknowledging with gratitude the grace and beneficence of God, in permitting us to make choice of our form of government, do establish this constitution …" It must be noted that it is not "The People of the State of New York".

17. This 1821 Constitution further includes the following oath that its officers must take which is to **"the state of New York".** It must be noted that it is not the "State of New York".

> *I do solemnly swear (or affirm, as the case may be) that I will support the Constitution of the United States, and the Constitution of the **state of New York**;*

> and that I will faithfully discharge the duties of the office of _____
> according to the best of my ability.

18. The 1894 "State of New York" Constitution starts with the text "WE, THE PEOPLE of the State of New York"

19. This 1894 Constitution further includes the following oath that its officers must take which is to **"State of New York"** It must be noted that it is not the "state of New York".

> Section 1. [Oath of office.]-Members of the Legislature, and all officers, executive and judicial, except such inferior officers as shall be by law exempted shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation: "I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the **State of New York,** and that I will faithfully discharge the duties of the office of _____, according to the best of my ability;" and all such officers who shall have been chosen at any election shall, before they enter on the duties of their respective offices, take and subscribe the oath or affirmation above prescribed, together with the following addition thereto, as part thereof:

20. The Constitutions and laws specifically reference differences between "the state of New York", "State of New York", "this state" and "the state" therefore these entities must be different. While one may think the two Constitutions are just revision of the same Constitution for the same entity it is apparent that the Constitutions are for two separate and unique entities. Possibly for on entity that operates under common law and another which operates under statutory or equity. Additionally the laws of the entities are different and even apply to different people and/or entities.

21. Furthermore this would be logical conclusion and apply to interpreting Real Property Law § 274-a which specifically states "...under the insurance law of **this state** and the **state of New York**..." where this state is the "State of New York" and the state is the "state of New York".

22. Therefore in summary:
    a. A crime is defined as against the laws of **this state** not **the state**
    b. The Town of Bergen Court is a "court" of **this state**
    c. The Town of Bergen Court has not been vest with judicial power of **the state**
    d. State and local officers are elected by elector of **the state**.

e.  It is prohibited for any entity to use the word "court" that has not been vested with judicial power of **the state**

f.  An accusatory instrument is an accusation on behalf of **the state**

g.  An accusatory instrument must be entitled "**the people of the state of New York**" against a designated person, known as the Defendant

23.  In this particular case Plaintiff was not in "**this state**" or had any nexus to this state at the time Defendant trespassed on his Rights. Plaintiff is not a resident or citizen of **this state**. Plaintiff was involved in commerce. All Plaintiff, the Man, was doing was exercising his Constitutionally secured Right to Liberty within **the state**.

24.  Furthermore the Plaintiff in the Town of Bergen Court action was not "**the people of the state of New York**" as is required by New York CPL 1.20(1). The Plaintiff was "THE PEOPLE OF THE STATE OF NEW YORK" or "The People of the State of New York". Plaintiff has stated numerous times that he did not know or understand who the Plaintiff was in the action against him in the Town of Bergen Court .While the prosecutor has stated words to the effect that Plaintiff knows who the Plaintiff is Plaintiff does not know who it was and does not believe there is any nexus to him for it to state a valid cause of action to invoke the court jurisdiction.

25.  Plaintiff, the Man, Daniel Joseph Wik demanded that the Defendant show any nexus to him with regard to **this state** and/or **the State of New York** when he is going about his private affairs.

26.  Plaintiff believes that persons have mutated the language and used trickery to attempt to obtain control over Plaintiff and others by changing words and acting in excess of their delegate jurisdiction. Plaintiff has a duty to make sure others do not trespass on his Rights. Plaintiff believe he may be being forced into involuntarily servitude by people like Defendant using the words "court" when it is a "court" of "this state" and is actually an entity that has not been vested judicial power and is not the a part of the judicial system of **the state.**

27.  Plaintiff denies being a registered voter, citizen or member of the State of New York.

28.  Plaintiffs name is "Daniel Joseph Wik not DANIEL JOSPEH WIK

29. Plaintiffs' Law is the Bible

30. I am who I say I am not who the Defendant or this court says I am.

## Point 3

## Direct Response to Defendant Affirmation

31. In Response to ¶ 3 and ¶4 Defendant shows no nexus or stated relevance to this particular case and that of a previous and different case. Defendant has simply made a general allegation but fails to enumerate facts that would demonstrate all the necessary criteria to elevate to the level of a frivolous and vexatious claim. Furthermore this court has failed to address the issues with a finding of fact and conclusion of Law which Plaintiff is entitled to.

32. Defendant has made the statement that Plaintiff has made "…more salacious accusations against the court." Plaintiff is not an English major but the Merriam-Webster dictionary defines salacious as *arousing or appealing to sexual desire or imagination.* Plaintiff has never made any "salacious" accusations against the court.

33. Defendant's accusations without substantiating them with facts and his use of emotional words and statements are nothing more than an emotional attempt to persuade the court to side with Defendant and lacks any stated relevance. Many of Defendants points are themselves frivolous since they are off point and have no state relevance to the issues to be addressed in the context of this motion and are most probably made to divert attention from the real issue which Defendant cannot address nor has any valid defenses for.

34. Mr. Flynn represented Robert Swapcienski in *Wik v Swapceinski 11-CV-6220-CJS.* Counsel has affirmed in documents in that case that he is fully familiar with the facts and circumstances of that matter. In that case Counsel for Defendant provided an oath of office for Robert G. Swapceinski that stated that his office title was Town of Bergen Town Justice. Now Mr. Flynn is attesting that Mr. Swapceinski is the Bergen Town Court Justice. Counsel has not made any allegations or provided any evidence in admissible form that would demonstrate that a "Bergen Town Court Justice" is the identical office for the same entity as is a "Town of Bergen Court Justice". Plaintiff believes that these are not the same positions within the same entity. Plaintiff further

believes that these statements made by Counsel may have intentionally made known false material representations to mislead this court and that Counsel is committing perjury. (See Exhibit 1)

35. In Response to ¶ 5 if Plaintiff cannot petition for redress of grievance, state his beliefs, make his claims, and have them heard in a court of Law then why do courts even exist. Plaintiff has Rights secured by the Constitution of the United States of America to petition for redress and Defendant is attempting to appeal to the emotions of the court that Plaintiff should not be allowed to petition due to his personal beliefs and the fact that he is not an attorney and/or lacks representation.

36. The Constitution of the United States of America clearly does not exempt a class from its limitation. It does not state that it applies to all except those with the alleged title of Judge. In fact the Fourth Amendment states that no warrants shall issue but upon probable cause support by oath or affirmation. Judges are who almost exclusively issue warrants. The intent of the Constitution could not possibly have been to allow a Judge to issue so called warrants that violate Men's Rights and then be allowed to claim absolute judicial immunity for their malicious acts committed with malice and be allowed to repeat their malicious and malice actions over and over again with no recourse to them or to the injured party by claiming to have the title Judge thereby placing them above the Law. Any such interpretation suggests that a title of nobility has been conferred which would be a direct violation of the Constitution.

37. Plaintiff believes that it is probable that if he is not granted relief by this court that Defendant will again maliciously go after him again or have other go after him and Plaintiff will have no remedy. Plaintiff has been restrained in Liberty against his will within the state without problem cause supported by oath or affirmation, denied a probable cause hearing for approximately seven (7) months and additionally denied the issuance of two writs of Habeas Corpus when it was apparent that Plaintiff was being unlawfully restrained in his liberty within the state.

38. Defendant's actions have the appearance that Defendant has a personal prejudice against Plaintiff and his emotions have allowed him to ignore all logic and his better judgment.

Plaintiff has had unknown uniformed New York State Police talk to him at the Bergen elementary school and state words to the effect that the officer feared for Plaintiffs life if Plaintiff was caught by the police over the matter relating to Defendant. Plaintiff was further told words to the effect that he better be very careful and should fear for his life. Plaintiffs' has had a hard time coming to the realizing that his life is being threatened over him exercising his Rights, and insisting that others act within their limitations.

39. In Response to ¶ 6 Defendant is taking selective and extra-contextual extracts in an attempt to make it mean more than what has been stated. The selective and extra-contextual extracts that Defendant is taking do not lead to the logical conclusion that Defendant is attempting to make.

40. In Response to ¶ 7 Defendant makes a general accusation but fails to enumerate the specifics which make the statements relative to this motion.

41. In Response to ¶ 8 Defendant has failed to demonstrate that the "district court of the United States" and the "United States District Court" are not the same. Plaintiff is attempting to make sure that there exists no question that Plaintiff wants to be heard in the "district court of the United States" and no one has shown Plaintiff in writing that the two are one in the same and until such time Plaintiff must insist that he be heard in the "district court of the United State". Plaintiff is looking for validation that the court that he is in is the court that he petitioned for redress of grievance. Plaintiff wanting verification that he is in the correct court that he petitioned is not a valid cause for awarding sanctions and/or attorney fees.

42. In Response to ¶ 9 Plaintiff made unintentional typographical error in numbering the Points of Law however all the pages are consecutively numbered. As long as the court and Defendant have all the numbered pages and exhibits they have all the content. Plaintiff apologizes for any confusion that he may have accidentally created.

43. In Response to ¶ 10 and 11 the question of if the laws of the "state of New York", "State of New York", New York state, and New York State are the same and are applicable to the Man Daniel Joseph Wik whom is not involved in commerce, not a registered voter,

and has not voluntarily consented to the State of New York is a matter for a court of competent jurisdiction to determine.

44. In Response to ¶ 12 the Declaration of Independence states that Governments are instituted among Men to secure Men's Rights. Rights do not originate from the government. Rights originate from Men. Governments are legal entities that lack consciousness and physical capacity. Men have created governments and some Men have delegated some of their Rights to the government. The Declaration of Independence further states that whenever any form of Government becomes destructive of these ends it is the Right of the People to alter or to abolish it.

45. The Constitution of the United States of America secures the Right's of Men to contract. The Right to contract includes but is not limited to the Right not to contract. Plaintiff has chosen not to contract with various corporate entities and until Defendant can produce evidence in an admissible form creating a nexus to the Plaintiff there is no nexus and its laws, statues, codes, rules, ordinances, etc are not applicable to the Man.

46. It is a privilege and/or benefit to work for the government. When there exist benefits, duties are tied to such benefits. Defendant has accepted the benefit of employment with a government and has voluntarily accepted any associated duties. One of these duties prior to employment is to take and file an oath and acquire a bond. Defendant allegedly has taken an oath to obey the limitations of the Constitutions. Defendant is required to have a bond in the event that he trespasses on Private Men's Rights. The bond is not to protect Defendant. The bond is to protect private Men like Plaintiff. Defendant has violated his alleged oath, by acting outside of his delegated authority and by trespassing on Plaintiff's Rights. This action is to stop Defendant from further violations of Defendant operating outside of his delegated authority and to make Plaintiff whole again for Defendant trespass of his Rights. Plaintiff has not taken an oath. Plaintiff is not a government employee. Plaintiff does not have the privilege and/or benefit of working for the government. Therefore Plaintiff is not required to abide by all requirements of government employees. Defendant must realize that not all laws apply to all Men, nor do all codes, statutes, rules, ordinances, etc.

47. In Response to ¶ 13 and 14 Defendant has flawed logic and is attempting to use selective excerpts to obtain a conclusion to his benefit. Defendant has taken the answer of "I don't believe so" to the question "Do you have a valid New York State drivers license" and "Have you ever applied for one from the New York State Department of Motor Vehicle" to make the conclusion that "Plaintiff has never has a drivers license yet he apparently operator motor vehicle on the roads within the State of New York."

48. Since the Defendant is going to attempt to twist the meaning of words in the transcript to made conclusion that lack facts to support the conclusion and are illogical Plaintiff demands that Defendant include a complete certified copy of the transcript as an exhibit so all the content is available so he may not just use excerpts that he can twist to make emotional appeals to the court.

49. Defendant's conclusion is flawed and he has failed to consider many different conclusions including but not limited to:

   a. Does Plaintiff have a driver license from Maine, Pennsylvania, Ontario, Canada or any other places that issues driver licenses?
   
   b. Did Plaintiff apply for a driver license from Maine, Pennsylvania, or Ontario Canada or any other places that issue driver licenses?
   
   c. Was Plaintiff on the roads within the State of New York or the state of New York?
   
   d. Was Plaintiff engaged in any commercial activity?
   
   e. Was Plaintiff operating or driving? The courts and laws are very specific with the definition of these words which do not mean or include traveling and Liberty of movement.

50. Defendants' conclusion that Plaintiff was operating in the State of New York without a license is flawed and lacks any evidence to support the accusation and is an illogical conclusion.

51. Defendant has failed to provide any admissible evidence that Plaintiff was operating a motor vehicle in the State of New York.

52. Furthermore Defendant has Ignored Plaintiffs arguments which are supported by Affidavit that he was not involved in commerce or traffic within the State of New York but was merely exercising his Right of Liberty of movement within the state therefore the laws for commerce and trafficking do not apply to him at that time in this particular instance.

53. In Response to ¶ 15-17 in New York a court's jurisdiction cannot be invoked until there exists a jurisdictionally sufficient accusatory instrument. To be jurisdictionally sufficient the instrument must allege each and every essential element of the alleged crime and the defendant's commission thereof. Jurisdiction cannot be waived (People v Alejandro, 70 N.Y.2d 133). Absent these essential elements the court lacks jurisdiction to proceed with this matter in this case.

54. In the particular case that lead to this action Plaintiffs' Liberty was restrained within the state based on an accusatory instrument that was insufficient to invoke the court jurisdiction. The accusatory instrument not only failed to invoke the court jurisdiction pursuant to state law but also is insufficient to meet the level required by the Fourth Amendment to the Constitution of the United States of America. Therefore it is impossible that the Defendant was performing a judicial function.

55. If this case was about Defendant acting in excess of his limitations by errors for something such as issuing a fine in excess of the statutory limit Plaintiff might agree with Defendants claims and arguments for judicial immunity. In this particular case however there existed an accusatory instrument that was jurisdictionally insufficient. The key difference in the two situations is that in the example the court had a jurisdictionally sufficient accusatory instrument to invoke the jurisdiction of the court and in this particular case there is not an accusatory instrument that is jurisdictionally sufficient to invoke the court's jurisdiction. Furthermore Plaintiff informed the Defendant that the accusatory instrument was insufficient and that he did not understand the charges. Therefore it was impossible for the court to obtain jurisdiction to restrain Plaintiff of his Liberty within the state and furthermore it is impossible for Defendant to have been acting in a judicial capacity. When Defendant is not acting in a judicial capacity with

jurisdiction he cannot invoke judicial immunity and is liable for the acts of trespass against Plaintiff's Rights. Furthermore judicial immunity is not a valid affirmative defense against declaratory relief.

56. In Response to ¶ 18 Plaintiff filed his Reply to Defendants Motion for Summary Judgment on or about the 29th of June 2012. The appellate court issued its Decision and Order on or about July 25, 2012. The Decision and Order of the appellate court was not available to Plaintiff at the time that Plaintiff prepared his Reply to the Motion for Summary Judgment therefore the Decision and Order constitutes new evidence and Plaintiffs motion cannot be disingenuous.

57. In Response to ¶19 Plaintiff was restrained in his Liberty within the state at the Genesee County Jail for no other reasons than alleged violations of Vehicle and Traffic Law §511 2(A) 2 and §511 2(A) 2. These are the only crimes that Plaintiff was alleged to have committee relative to this action. The appellate court has determined that the accusatory instrument were jurisdictionally insufficient to invoke the court's jurisdiction therefore Defendants actions could not have been judicial and were in the complete want of all jurisdiction relative to the alleged crime that resulted in Plaintiffs extended restraint in Liberty.

58. In Response to ¶20 a jurisdictionally insufficient accusatory instrument is not a "technical deficiency" as Defendant would like to believe. A jurisdictionally insufficient accusatory instrument is incapable of invoking a court's jurisdiction.

59. In Response to¶ 21 and 22 Plaintiff may have misinterpret the court's reference to what the Defendant has failed to answer but yet again when given the opportunity to respond to Plaintiffs claims another time the Defendant again has failed to address all the issues presented by Plaintiff. Defendant has a habit of ranting about the character of Plaintiff and what Plaintiff does or does not do and fails to show any specific link that would make it relative to this case rather than address the issues which have been raised. Even though Plaintiff's claims have validity, Defendants Counsel is promoting non-attorney prejudice since Plaintiff is not trained in the Law, is not a lawyer, and does not have a lawyer or representation.

60. In Response to ¶23-25 again Counsel's conclusion is illogical and he fails to take into account certain circumstances. Mr. Flynn seems to want to ignore that not all laws appl to all people, persons, entities, and Men.

61. The Plaintiff is a Man who was exercising his Right to Liberty within the state not the State of New York (this state) who was not involved in commerce or traffic and therefore the commerce and vehicle and traffic laws were inapplicable to him. More importantly Plaintiff was restrained in his Liberty within the state for a alleged crime that lacked a accusatory instrument that alleged each and every essential element of the crime and the Plaintiff commission therefore and he was systemically denied due process by the Defendant at every turn in order to keep him restrained in his Liberty. The court's jurisdiction could not have been invoked for the charged crime and therefore Defendant acted in the complete want of all jurisdiction.

62. Furthermore Defendant ignores the fact that Defendant took an oath to obey the Constitutions and holds himself out to be a public officer of the state even though Plaintiff believes him to be an "officer" i.e. employee of this state. By Defendant receiving the privilege and/or benefit of being a government employee, being a resident, and being a voter he has voluntarily submitted himself to the laws of that body politic.

63. Defendant has failed to show specific examples meeting the criteria which would establish a frivolous action. Instead Defendant made a broad brush of accusations lacking specifics. The Plaintiff has not committed any willful frivolous acts but has only provided genuine pleadings with merits. Therefore the Defendant cannot be entitled to sanctions or attorney fees.

## Conclusion

64. Defendant has failed to address the issues raised by Plaintiff. Plaintiff stands on all points previously raised in his motion, and incorporated herein. Clearly, Defendant lacked jurisdiction yet deprived Plaintiff of Rights and protections secured by the Constitution and the statutes. The intent of judicial immunity is not to create a class which can trespass on Men's Rights. Plaintiff is entitled to relief in the form of a declaratory determination,

based upon the facts of this matter, and to not do so places the Plaintiff in involuntary servitude with no remedy.

Dated January 11, 2013
Rochester, New York
United States of America

Daniel J. Wik

*[signature]*

Plaintiff without representation,
in propria persona
c/o non-domestic
659 Averill Avenue; near:
Rochester, New York
(585)-957-5902

# Verification

New York state )
    ) solemnly affirming and subscribing
Monroe county )

I, Daniel J. Wik, Your Affiant, in my own proper natural self do solemnly affirming,

according to law that the contents herein are true, correct and complete, and I affirm and verify

that:

1. Your Affiant is over twenty–one years of age and is competent to testify.

2. Your Affiant has specific and personal knowledge of each of these events and of the
   facts as noted in said Reply Affidavit of Daniel Joseph Wik in Support of Motion to
   Reconsider/Clarify/Objection.

3. The contents of this Reply Affidavit of Daniel Joseph Wik in Support of Motion to
   Reconsider/Clarify/Objection are true and correct to the best of Your Affiant's ability.

Respectfully Presented on January 11, 2013

Daniel J. Wik

Affirmed to before me this
/_1_ day of January, 2013.

VICTORIA L. ROWLAND
Notary Public, State of New York
Reg. # 01RO6050376
Qualified in Monroe County
Exp. Date November 6, 20_14_

*Wik v. Kunego*                    *Page 17 of 17*                    *1/11/2013*
*Reply to Motion to Reconsider*

# Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL J. WIK,<br><br>              Plaintiff,<br><br>    -vs-<br><br>ROBERT G. SWAPCEINSKI,<br>in his personal and individual capacity,<br><br>              Defendant. | **AFFIDAVIT**<br><br>Index No.: 11 CV 6220 CJS |

STATE OF NEW YORK  )
              ) ss.:
COUNTY OF GENESEE  )

MICHELE M. SMITH, TOWN CLERK/TAX COLLECTOR for the Town of Bergen, affirms the following under penalty of perjury:

1.     That I am employed as the Bergen Town Clerk and Tax Collector in Bergen, New York.

2.     That the Honorable Robert G. Swapceinski is a duly elected Town Court Justice for the Town of Bergen, New York.

3.     That attached hereto as **Exhibit A** is a true and accurate copy of the Oath of Office executed by Judge Swapceinski and filed in the Bergen Town Clerk's Office, The Genesee County Clerk's Office and the New York State Office of Court Administration.

4.     Judge Swapceinski was last elected as Town Justice for the Bergen Town Court on November 5, 2008.

5.     Judge Swapceinski was initially appointed to the position of Bergen Town Court Justice on January 8, 2008. He has been a Bergen Town Court Justice from his initial

appointment uninterrupted until the present.

6. Judge Swapceinski was a Bergen Town Court Justice on October 28, 2008 when the plaintiff in this action alleges that Judge Swapceinski notified the New York State . Department of Motor Vehicles that the plaintiff had failed to appear and answer a traffic ticket that was issued to him.

7. That fellow Bergen Town Court Justice Donald R. Kunego has been a Bergen Town Court Justice since first being elected on November 5, 1985 uninterrupted until the present.

8. That Judge Kunego presided over a criminal court matter involving the plaintiff and arising out of certain traffic citations issued to the plaintiff on July 27, 2010.

9. That at all times referenced in the plaintiff's Complaint Judge Swapceinski and Judge Kunego were duly elected Town Court Justices for the Town of Bergen, New York.

Michele M. Smith
Bergen Town Clerk/Tax Collector

Sworn to before me this
_18th_ day of November, 2011

Notary Public

ANNE M. SAPIENZA
Notary Pub.           York
Qualifier
Re.
Commission Exp. .

ANNE M. SAPIENZA
Notary Public, State of New York
Qualified in Genesee County
Reg. # 4957216
Commission Expires Oct. 10, 20__

NAME: ROBERT G. SWAPCEINSKI

ADDRESS: 7567 DUBLIN RD
BERGEN NY 14416

**OFFICE TITLE** TOWN OF BERGEN TOWN JUSTICE

**EXPIRATION-TERM OF OFFICE** 12 /31 /12 MUNICIPALITY TOWN OF BERGEN

OATH OF OFFICE

STATE OF NEW YORK } ss:
COUNTY OF GENESEE

I do solemnly swear (affirm) that I will support the Constitution of the United States and the Constitution of the State of New York, and that I will faithfully discharge the duties of the office of

TOWN JUSTICE

according to the best of my ability.

Authorized Signature

Subscribed and sworn to before me this 7th day of

January 2009

NAME: Michele M. Smith

NOTARY PUBLIC:
MICHELE M. SMITH R. 01SM6187712
Notary Public, State of New York
Term Ex Qualified in Genesee County
My Commission Expires May 27, 20 12

Qualified by Certificate

from Genesee County

**TO BE FILED IN THE OFFICE OF THE GENESEE COUNTY CLERK**

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

Daniel J. Wik

                    **Plaintiff,**

v.                                                    **PROOF OF SERVICE**

Donald R. Kunego

                                                      **CASE NO:6:11–cv-06205-CJS**

                    Defendant:

---

## PROOF OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

**Affidavit of Daniel Joseph Wik in Support of Motion to Reconsider/Clarify/Objection**
by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 11th of January 2013, with first class postage prepaid and properly addressed to each of the following:

> Lippman O'Connor
> 300 Olympic Towers
> 300 Pearl Street
> Buffalo, NY 14202

Att: Robert H. Flynn

Daniel J. Wik,

*[signature]*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York
(585)-957-5902