UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                            Plaintiff,

-vs-

DONALD R. KUNEGO,

                            Defendant.

DECISION & ORDER

11-CV-6205-CJS

**Siragusa, J.** Plaintiff Daniel J. Wik ("Plaintiff"), appearing *pro se*, commenced this action by filing a complaint on April 18, 2011, against Town Court Justice Donald R. Kunego ("Town Justice Kunego"), under 42 U.S.C. § 1983 and other federal statutes. Plaintiff alleged that certain criminal charges are pending against him in the Bergen (New York) Town Court, that Town Justice Kunego purports to be a Bergen Town Court justice, and that Town Justice Kunego in fact is not qualified to act as a justice of the Bergen Town Court.

In its Decision and Order, *Wik v. Kunego*, No. 11-CV-6205-CJS, 2012 U.S. Dist. LEXIS 145455 (W.D.N.Y. Oct. 9, 2012), the Court granted Town Justice Kunego's motion for summary judgment[1] and dismissing the case. Now before the Court is Plaintiff's motion for reconsideration of that decision, and Town Justice Kunego's cross-motion for sanction. For the reasons stated below, Plaintiff's motion is denied, and he is directed to show cause why he should not be sanctioned.

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d

---

[1]Plaintiff was notified of the requirement to submit a response by the Scheduling Order, Jul. 13, 2011, ECF No. 9, and by Town Justice Kunego's original motion, Apr. 13, 2012, ECF No. 25, as required by *Irby v. N.Y. City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001).

367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days[2] of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider, such a motion may be construed as an application to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court understands that Plaintiff's primary argument is that Town Justice Kunego was without jurisdiction to restrain Plaintiff's liberty, since the accusatory instrument Town Justice Kunego used as the basis for his jurisdiction over Plaintiff was eventually found facially insufficient and dismissed by an appellate court. Plaintiff argues that Town Justice Kunego, having been trained in the law, knew he was acting in clear absence of all jurisdiction. Plaintiff concludes this portion of his argument by pointing out the lack of any bond filed by Town Justice Kunego with the County, and arguing as follows:

> If this court is asserting in its Decision and Order dated on or about October 9, 2012 that anyone with the alleged title of Judge or Justice is above the Law and can trespass on any man's Rights and this court will not allow a man any form of remedy for the trespass and the alleged judge is allowed to continue and repeatedly trespass on any Mans [sic] Rights with no consequences. [sic] Then this court is effectively creating a policy that said

---

[2] Plaintiff's motion was filed 28 days after the Clerk entered judgment. Plaintiff filed a notice of appeal on November 8, 2012. This Court retains jurisdiction to decide the motion. Fed. R. App. P. 4(a)(4)(A)(vi).

>persons have an alleged title of nobility and are not subject to the Law and this alleged immunity is being unconstitutional [sic] applied to Plaintiffs [sic] Complaint and it is treasonous.

Wik Aff. 20, Nov. 7, 2012, ECF No. 35. Plaintiff also argues that Town Justice Kunego was acting merely as an administrator of the New York Vehicle and Traffic Law, that he was not presiding over either a civil or criminal court, and that the Eleventh Amendment "removed all 'judicial power' in law, equity, treaties, contract law." *Id*. ¶ 22. Citing to *Federal Radio Comm. v. General Electric Co.*, 281 U.S. 464 (1930), and *Keller v. Potomac Electric Power Co.*, 261 U.S. 428 (1923), Plaintiff further contends that, "'There are no judicial courts in America and there has [sic] not been since 1789.…'" *Id*. ¶ 23. Plaintiff does not provide the source for the quoted language, and the Court does not find the quote in either of the two Supreme Court cases on which Plaintiff apparently relies, which discussed the need for a case or controversy as a necessary element for Article III jurisdiction. *Federal Radio Com.*, 281 U.S. at 469 ("this Court cannot be invested with jurisdiction of that character, whether for purposes of review or otherwise. It was brought into being by the judiciary article of the Constitution, is invested with judicial power only and can have no jurisdiction other than of cases and controversies falling within the classes enumerated in that article. It cannot give decisions which are merely advisory; nor can it exercise or participate in the exercise of functions which are essentially legislative or administrative."); *Keller*, 261 U.S. at 444 ("the jurisdiction of this Court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this Court without real parties or a real case, or to administrative or legislative issues or controversies.").

It appears Plaintiff is arguing that since Town Justice Kunego was performing merely an administrative function, he was not acting as a court, therefore he should not be the beneficiary of absolute judicial immunity. This argument was already rejected by the United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349 (1978), where Justice White wrote for the majority:

> A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." FN7 13 Wall., at 351.
>
> FN7. In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune. *Id.*, at 352.

*Id*. at 356–57. The *Bradley* case referred to in Justice White's opinion was *Bradley v. Fisher*, 80 U.S. 335, 336 (1872) ("Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction as to their liability made between acts done by them in excess of their jurisdiction and acts done by them in the clear absence of all jurisdiction over the subject-matter."). Absolute judicial immunity is clearly a well established policy in United States jurisprudence.

Therefore, the Court finds Plaintiff's arguments to be without merit, and finds no need to consider Plaintiff's philosophy on the "body politics" in the later pages of his affirmation, or his arguments, such as the differences between, "the 'state of New York,'

'State of New York,' New York state, 'New York State,' 'the state' and/or 'this state….'" Wik Aff. ¶ 5, Jan. 11, 2013, ECF No. 39. Plaintiff has presented no new evidence that shows Town Justice Kunego acted outside his jurisdiction. Consequently, he has failed to provide a basis for reconsideration, and his motion to do so is denied.

Turning to Town Justice Kunego's cross-motion for sanctions, he contends that Plaintiff's motion for reconsideration is frivolous and vexatious and violates the cautionary language the Court included in its prior Decision and Order to stop making nonsensical arguments for why this Court is actually not this Court. Flynn Aff. ¶ 8, Dec. 21, 2012, ECF No. 38. Counsel is referring to this Court's decision in the companion case, *Wik v. Swapcienski*, No. 11-CV-6220-CJS (W.D.N.Y. Feb. 17, 2012). In that Decision, the Court wrote as follows:

> Now before the Court is an application by Plaintiff entitled "Motion to Challenge Constitutional Standing." Essentially, Plaintiff maintains that this Court is not a "Constitutional Article 3 Court," and that the undersigned is not "a Judge that ha[s] valid Constitutional standing." There is well-known maxim that anyone who acts as his own lawyer has a fool for a client. Another maxim is that a little learning is a dangerous thing. Superbly illustrating both of these points, Plaintiff makes a number of nonsensical arguments for why this Court is not actually this Court. Plaintiff maintains, for example, that he is entitled to proceed "in the district court of the United States and not the United States District Court."
>
> Plaintiff's application [#28] has no basis in fact or law, and is DENIED. Plaintiff is a *pro se* litigant who has brought several actions in this Court over the past several years, and who should therefore be familiar with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is hereby cautioned, with regard to this action and the other actions that he is currently litigating in this Court, that if he continues to file frivolous applications he may be sanctioned pursuant to Rule 11, after notice and an opportunity to be heard. Such sanctions may include monetary penalties and the dismissal of his actions with prejudice, as the Court, in its discretion, may deem necessary to deter such frivolous and vexatious conduct.

*Id*. Federal Rule of Civil Procedure 11[3] provides in pertinent part as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an…unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Plaintiff's motion for reconsideration and the two supporting affidavits he submitted in support appear to the Court to have been presented for the purpose of harassment, or to needlessly increase the cost of this litigation. Further, he made no legal arguments warranted by existing law, and has provided no factual contentions refuting that Town Justice Kunego was acting in his judicial capacity. It is, therefore, hereby

ORDERED, that Daniel J. Wik's motion for reconsideration, Nov. 7, 2012, ECF No. 35, is denied, and it is further

---

[3]An alternative authority for the imposition of an opposing party's attorney's fees as a sanction, 28 U.S.C. § 1927, is unavailable here since Plaintiff is proceeding *pro se*. See *Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (holding that § 1927 sanctions do not apply to non-lawyers, but that a district court has inherent authority to award attorney's fees as a sanction for parties who appear before it acting in bad faith, vexatiously, wantonly, or for oppressive reasons, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).).

ORDERED, that Daniel J. Wik show cause by March 29, 2013, why sanctions should not be imposed against him pursuant to Federal Rule of Civil Procedure 11, or this Court's inherent authority, for submitting to the Court a frivolous application for reconsideration; and it is further

ORDERED, that Daniel J. Wik's failure to respond will result in sanctions being imposed without further notice to him.

IT IS SO ORDERED.

Dated: February 28, 2013
       Rochester, New York

ENTER:

<u>/s/ Charles J. Siragusa</u>
CHARLES J. SIRAGUSA
United States District Judge