# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DANIEL J. WIK,

                    Plaintiff,

           -vs-

DONALD R. KUNEGO,

                    Defendant.

DECISION & ORDER

11-CV-6205-CJS

**Siragusa, J.** In his reply to Plaintiff Daniel J. Wik's ("Wik") Notice of Motion to Reconsider/Clarify/Objection, docketed on November 7, 2012, ECF No. 35, defendant Donald R. Kunego, a Town Court Justice, requested sanctions be granted against Wik for having filed a frivolous motion for reconsideration. In its subsequent Decision and Order docketed on March 1, 2013, Plaintiff Daniel J. Wik ("Wik"), appearing *pro se*, was ordered by this Court to show cause why sanctions should not be imposed against him pursuant to Federal Rule of Civil Procedure 11, or this Court's inherent authority, for submitting to the Court a frivolous application for reconsideration. Decision and Order, ECF No. 41. Further, the Court warned Wik that his failure to respond would result in sanctions being imposed without further notice to him. *Id*. at 7. To date, Wik has not filed a response, nor has he requested additional time to do so.

In *Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000), the Second Circuit outlined the law regarding the imposition of sanctions on a litigant:

> Fed. R. Civ. P. 11, which confers on a district court the sanctioning authority exercised in this case, provides in relevant part:

>> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the
circumstances,—

(1) it is not being presented for any improper purpose, such as
to harass or to cause unnecessary delay or needless increase
in the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions therein
are warranted by existing law or by a nonfrivolous argument
for the extension, modification, or reversal of existing law or
the establishment of new law[.]

Fed. R. Civ. P. 11(b). As we pointed out in *Simon DeBartolo Group v.
Richard E. Jacobs Group*, 186 F.3d 157, 166 (2d Cir. 1999), the 1993
Advisory Committee Note explains that Rule 11(b)(2) "establishes an
objective standard, intended to eliminate any 'empty-head pure-heart'
justification for patently frivolous arguments." Fed. R. Civ. P. 11 advisory
committee note to 1993 amendments. "Although arguments for a change of
law are not required to be specifically so identified, a contention that is so
identified should be viewed with greater tolerance under the rule." *Id*. Once
a court determines that Rule 11(b) has been violated, it may in its discretion
impose sanctions limited to what is "sufficient to deter repetition of such
conduct." Fed. R. Civ. P. 11(c)(2); see also Fed. R. Civ. P. 11 advisory
committee note to 1993 amendments. The court may impose, among other
things, monetary sanctions. See Fed. R. Civ. P. 11(c)(2).

*Margo*, 213 F.3d at 64–65.

In *Wik v. Swapcienski*, No. 11-CV-6220-CJS, 2012 U.S. Dist. LEXIS 27218

(W.D.N.Y. Mar. 1, 2012), this Court granted summary judgment to the defendant, a judicial

officer, and wrote: "[i]t is well settled that judges generally have absolute immunity from

being sued for actions arising out of their judicial activities…." *Wik v. Swapceinski*, 2012

U.S. Dist. LEXIS 27218, *11. On October 9, 2012, the Court issued its decision in this

case, again finding that the defendant was entitled to summary judgment based on

absolute judicial immunity. *Wik v. Kunego*, No. 11-CV-6205-CJS, 2012 U.S. Dist. LEXIS

145455 (W.D.N.Y. Oct. 9, 2012). On November 7, 2012, Wik filed a motion for

reconsideration, ECF No. 35, and on November 8, 2012, Wik filed a Notice of Appeal, ECF No. 34.

Wik was twice informed of the baselessness of his claims against the judicial officers involved in his traffic offense in one of the Town Courts. Further, the Court in an earlier decision in *Swapceinski* challenging this Court's authority, specifically warned Wik against vexatious conduct:

> Plaintiff is a *pro se* litigant who has brought several actions in this Court over the past several years, and who should therefore be familiar with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is hereby cautioned, with regard to this action and the other actions that he is currently litigating in this Court, that if he continues to file frivolous applications he may be sanctioned pursuant to Rule 11, after notice and an opportunity to be heard. Such sanctions may include monetary penalties and the dismissal of his actions with prejudice, as the Court, in its discretion, may deem necessary to deter such frivolous and vexatious conduct.

Decision and Order at 1–2, *Wik v. Swapceinski*, No. 11-CV-6220-CJS, ECF No. 33 (W.D.N.Y. Feb. 17, 2012).

Wik's motion for reconsideration was just such a frivolous application warranting sanctions. Among the vexatious arguments in his papers is an accusation that the Court is acting in a manner "repugnant to the Constitution" and "treasonous" by applying the doctrine of judicial immunity. *See* Wik Affirmation in Support of Motion to Reconsider/Clarify/Objection ¶ 27, Nov. 7, 2012, ECF No. 35. Further, his failure to respond to the Court's order to show cause why he should not be sanctioned, is another basis for sanctioning him. The Court finds that Wik's motion for reconsideration and the two supporting affidavits he submitted in support were presented for the purpose of harassment, or to needlessly increase the cost of this litigation. Further, Wik made no legal

arguments warranted by existing law, and has provided no factual contentions refuting that Town Justice Kunego was acting in his judicial capacity.

Defendant has requested that the Court award attorney's fees for opposing the frivolous motion for reconsideration. The Court has authority to impose attorney's fees as a sanction. *See Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (district court has inherent authority to award attorney's fees as a sanction for parties who appear before it acting in bad faith, vexatiously, wantonly, or for oppressive reasons, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). In light of the circumstances here, the award of attorney's fees is an appropriate sanction. Therefore, it is hereby

ORDERED, that defense counsel file a motion for reasonable attorney's fees by July 26, 2013; and it is further

ORDERED, that Wik file any response to the motion by August 9, 2013; and it is further

ORDERED, that the Court will decide the motion on papers.

IT IS SO ORDERED.

Dated:   July 15, 2013
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge