In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## district court of the United States
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Daniel J. Wik | **Plaintiff,** | AFFIRMATION IN SUPPORT OF OBJECTION |
| v. | | |
| Donald R. Kunego, | | |
| | | CASE NO: 6:11-cv-06205 CJS |
| | **Defendant:** | |

Daniel J. Wik respectfully presents and affirms the following under penalty of perjury, under the laws of the United States of America without the "United States" (federal government):

1. I submit this Affirmation in support of my Objections. The information set forth in this Affirmation is based upon my personal knowledge and review of the proceedings in this action and are true and correct to the best of my knowledge.

2. I, Daniel Joseph Wik, am the aggrieved party. I am not representing (re-presenting) myself, I am myself, I am **not** pro se, and I bring this Objection in, and by, my own proper self. I am a sui juris homo liber, a living, breathing human man of the soil domiciled in the republic known as New York, not a federal territory or enclave of the United States, aka federal government. I am not a resident, citizen, or member of the body politic, who has never voluntarily waived any Rights nor appears in any diminished capacity, nor volunteered into servitude but only appears as a sovereign American National man, a New Yorker under the state of New York, not a corporation, re-presented, partner, trustee, surety, legal entity, any fictitious entity, or as an agent but as a holder of due power.

3. I reserve all Rights and waive none unless expressly done so in writing with full knowledge and disclosure. The terms "Plaintiff" and "Plaintiff's", as used in this action, when in specific relation to this action, are defined as a first person singular pronouns

(like: I, me, mine, etc.), which pronouns always with regard to this action mean: Daniel J. Wik, the man, or his possessory interest.

4. This objection is to the Order issued by the United States District Court on or about July 15, 2013 signed by Charles J. Siragusa as United States District Judge. A copy of said order is attached to and made a part of this Affidavit, as if fully set forth herein, under Exhibit "1".

5. I am not pro se, I am not representing (re-presenting) myself I am myself, without representation and bring this action in my capacity as a man and not as a natural person giving consciousness and physical capacity to any legal entity.

6. The facts relative to this action occurred in the state of New York not the State of New York.

7. I did not file the Motion to Reconsider/Clarify/Object in order to harass or to needlessly increase the cost of this litigation or for any improper purpose.

8. I specifically claim the issues involved in said motion are valid legal arguments which have been brief for the court.

9. This court has twice summarily ignoring my issues and arguments by referring to them as frivolous without any further explanation.

10. As a matter of Right I am entitled to a finding of fact and conclusion of law.

11. Whether the issues in said motion are correct or incorrect I am entitled to a finding of fact and conclusion of Law so I may make a proper determination of if the court's Decision and Order is valid, void, or voidable to be able to research and determine the proper cause of action and remedy to obtain relief my the trespass of my Rights.

12. No court to my knowledge has ever ruled this matter to be frivolous and based on the facts in the brief supplied to this court they have addressed the differences that I have questioned.

13. The doctrine of judicial immunity is being unconstitutionally and/or nonconstitutionally applied to me as a man who has not voluntarily waived Rights.

14. The court is attempting to use the decision in Wik v Swapcenski # 11-CV-6220-CJS against me as standing for judicial immunity.

15. I believe the court decision the Wik v Swapcenski # 11-CV-6220-CJS is incorrect and would have appeal the Decision and Order had Charles Siragusa not threaten to dismiss all my cases for questing the court's jurisdiction.
16. The issues I brought up are based on law, the Constitution of the United States of American, and the laws and constitution of the state of New York.
17. I have briefed out many of the issues for the court and included decisions from courts higher than this court.
18. This decision has the effect of denying me Rights which I have been guaranteed by the Constitution of the United States of America.
19. If this court refuses to hear my arguments and uphold the Rights when are constitutionally guaranteed then it is effectively placing me in involuntarily servitude against my will.
20. If my Rights will not be acknowledged by the courts I effectively have no Rights or remedies.
21. This court has refused to allow me discovery to overcome Defendants Motion for Dismiss.
22. This court has denied me the opportunity to obtain the evidence necessary to show that Defendant was merely an employee and not an officer entitled to immunity.
23. Furthermore this court had previously closed this case and now is attempted to ignore the issues I had raised again and sanction me for issues it refuses to address and for me belligerently prosecuting the cause of action for a violation of my Constitutionally secured Rights.

## Conclusion

24. The Court is expected to be fair and impartial; the refusal of this court has the appearance of bias, prejudice and denies me due process and equal protection of the law and trespasses on my Constitutionally secured Rights. If this court refused to

acknowledge and uphold my Rights then it has the effect of not have any Rights at all and place me in involuntarily servitude against my will.

July 29, 2013

Daniel J. Wik

*[signature]*

Plaintiff without representation
in propria persona
c/o non-domestic
659 Averill Avenue
Rochester, New York 14607
(585)-957-5902

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the foregoing is true and correct to the best of my knowledge and belief.

Daniel J. Wik

*[signature]*

Affirmed to before me this
29 day of July, 2013
*[notary signature]*

JANICE L. VANHOUTER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN LIVINGSTON COUNTY
REG. #01VA6048548
MY COMM. EXP. SEPT. 25, 2017

# Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL J. WIK,

                              Plaintiff,

                                                      DECISION & ORDER

-vs-

                                                       11-CV-6205-CJS

DONALD R. KUNEGO,

                              Defendant.

---

**Siragusa, J.** In his reply to Plaintiff Daniel J. Wik's ("Wik") Notice of Motion to Reconsider/Clarify/Objection, docketed on November 7, 2012, ECF No. 35, defendant Donald R. Kunego, a Town Court Justice, requested sanctions be granted against Wik for having filed a frivolous motion for reconsideration. In its subsequent Decision and Order docketed on March 1, 2013, Plaintiff Daniel J. Wik ("Wik"), appearing *pro se*, was ordered by this Court to show cause why sanctions should not be imposed against him pursuant to Federal Rule of Civil Procedure 11, or this Court's inherent authority, for submitting to the Court a frivolous application for reconsideration. Decision and Order, ECF No. 41. Further, the Court warned Wik that his failure to respond would result in sanctions being imposed without further notice to him. *Id.* at 7. To date, Wik has not filed a response, nor has he requested additional time to do so.

In *Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000), the Second Circuit outlined the law regarding the imposition of sanctions on a litigant:

> Fed. R. Civ. P. 11, which confers on a district court the sanctioning authority exercised in this case, provides in relevant part:
>
> > By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and

> belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Fed. R. Civ. P. 11(b). As we pointed out in *Simon DeBartolo Group v. Richard E. Jacobs Group*, 186 F.3d 157, 166 (2d Cir. 1999), the 1993 Advisory Committee Note explains that Rule 11(b)(2) "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Fed. R. Civ. P. 11 advisory committee note to 1993 amendments. "Although arguments for a change of law are not required to be specifically so identified, a contention that is so identified should be viewed with greater tolerance under the rule." *Id.* Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is "sufficient to deter repetition of such conduct." Fed. R. Civ. P. 11(c)(2); see also Fed. R. Civ. P. 11 advisory committee note to 1993 amendments. The court may impose, among other things, monetary sanctions. See Fed. R. Civ. P. 11(c)(2).

*Margo*, 213 F.3d at 64–65.

In *Wik v. Swapcienski*, No. 11-CV-6220-CJS, 2012 U.S. Dist. LEXIS 27218 (W.D.N.Y. Mar. 1, 2012), this Court granted summary judgment to the defendant, a judicial officer, and wrote: "[i]t is well settled that judges generally have absolute immunity from being sued for actions arising out of their judicial activities...." *Wik v. Swapceinski*, 2012 U.S. Dist. LEXIS 27218, *11. On October 9, 2012, the Court issued its decision in this case, again finding that the defendant was entitled to summary judgment based on absolute judicial immunity. *Wik v. Kunego*, No. 11-CV-6205-CJS, 2012 U.S. Dist. LEXIS 145455 (W.D.N.Y. Oct. 9, 2012). On November 7, 2012, Wik filed a motion for

reconsideration, ECF No. 35, and on November 8, 2012, Wik filed a Notice of Appeal, ECF No. 34.

Wik was twice informed of the baselessness of his claims against the judicial officers involved in his traffic offense in one of the Town Courts. Further, the Court in an earlier decision in *Swapceinski* challenging this Court's authority, specifically warned Wik against vexatious conduct:

> Plaintiff is a *pro se* litigant who has brought several actions in this Court over the past several years, and who should therefore be familiar with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is hereby cautioned, with regard to this action and the other actions that he is currently litigating in this Court, that if he continues to file frivolous applications he may be sanctioned pursuant to Rule 11, after notice and an opportunity to be heard. Such sanctions may include monetary penalties and the dismissal of his actions with prejudice, as the Court, in its discretion, may deem necessary to deter such frivolous and vexatious conduct.

Decision and Order at 1–2, *Wik v. Swapceinski*, No. 11-CV-6220-CJS, ECF No. 33 (W.D.N.Y. Feb. 17, 2012).

Wik's motion for reconsideration was just such a frivolous application warranting sanctions. Among the vexatious arguments in his papers is an accusation that the Court is acting in a manner "repugnant to the Constitution" and "treasonous" by applying the doctrine of judicial immunity. *See* Wik Affirmation in Support of Motion to Reconsider/Clarify/Objection ¶ 27, Nov. 7, 2012, ECF No. 35. Further, his failure to respond to the Court's order to show cause why he should not be sanctioned, is another basis for sanctioning him. The Court finds that Wik's motion for reconsideration and the two supporting affidavits he submitted in support were presented for the purpose of harassment, or to needlessly increase the cost of this litigation. Further, Wik made no legal

arguments warranted by existing law, and has provided no factual contentions refuting that Town Justice Kunego was acting in his judicial capacity.

Defendant has requested that the Court award attorney's fees for opposing the frivolous motion for reconsideration. The Court has authority to impose attorney's fees as a sanction. *See Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (district court has inherent authority to award attorney's fees as a sanction for parties who appear before it acting in bad faith, vexatiously, wantonly, or for oppressive reasons, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). In light of the circumstances here, the award of attorney's fees is an appropriate sanction. Therefore, it is hereby

ORDERED, that defense counsel file a motion for reasonable attorney's fees by July 26, 2013; and it is further

ORDERED, that Wik file any response to the motion by August 9, 2013; and it is further

ORDERED, that the Court will decide the motion on papers.

IT IS SO ORDERED.

Dated:  July 15, 2013
        Rochester, New York

ENTER:

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge

-4-

In the Court as set by Article 3 of the Constitution for the United States of America which court is set for:

## Court of Appeals
## Second Circuit

| | | |
|---|---|---|
| Daniel J. Wik | **Plaintiff,** | |
| v. | | **CERTIFICATE OF SERVICE** |
| Donald R. Kunego | | |
| | | **CASE NO: 12-4518** |
| | **Defendant:** | |

## CERTIFICATE OF SERVICE

I, Daniel J. Wik, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, and that I personally served the following document(s):

### Objection

by depositing the same properly and securely enclosed in a sealed wrapper one true and correct copy of said document(s) in a post-office box regularly maintained by the United States, and under the care of the post office at Rochester, New York on the 29th of July 2013, with first class postage prepaid and properly addressed to each of the following:

> Lippman O'Connor
> 300 Olympic Towers
> 300 Pearl Street
> Buffalo, NY 14202

Att: Robert H. Flynn

                          Daniel J. Wik,

                          */s/ Daniel J. Wik*

                          Plaintiff without representation
                          in propria persona
                          c/o non-domestic
                          659 Averill Avenue
                          Rochester, New York
                          (585)-957-5902